# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption:        Rumbin v. Bessent et al

District Court Number:        1:26-cv-10247-ADB

Fee:     Paid?   Yes _____   No _x__     Government filer _____   *In Forma Pauperis* Yes _____   No _x___

| | | | |
|---|---|---|---|
| Motions Pending | Yes ____ No _x__ | Sealed documents | Yes ____ No _x__ |
| *If yes, document #* | _____ | *If yes, document #* | _____ |
| *Ex parte* documents | Yes ____ No _x__ | Transcripts | Yes ____ No _x__ |
| *If yes, document #* | _____ | *If yes, document #* | _____ |

Notice of Appeal filed by: Plaintiff/Petitioner _x___   Defendant/Respondent _____   Other: _____

Appeal from:

## 27 Memorandum & ORDER, 28 Order Dismissing Case
Other information:

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

## 27 Memorandum & ORDER, 28 Order Dismissing Case, 30 NOA
with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # _30_____ filed on 8/3/2026_____.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on 8/12/2026_____.

**ROBERT M. FARRELL**
Clerk of Court

/s/ Caetlin McManus_____
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:26-cv-10247-ADB

Rumbin v. Bessent et al
Assigned to: Judge Allison D. Burroughs
Case in other court: Massachusetts Superior Court, Essex County,
2577CV00816
Cause: 28:1442 Notice of Removal

Date Filed: 01/21/2026
Date Terminated: 07/22/2026
Jury Demand: None
Nature of Suit: 370 Other Fraud
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Peter R. Rumbin**

represented by **Peter R. Rumbin**
87 Second St.
Hamden, CT 06514
Email: marcanthony@cdr-ct.org
PRO SE

V.

**Defendant**

**Scott Bessent**
*in his official capacity as Secretary of the Treasury*

represented by **Michael Fitzgerald**
United States Attorney's Office MA
1 Courthouse Way
Suite 9200
Boston, MA 02210
617-748-3266
Email: Michael.fitzgerald2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Department of Education**

represented by **Michael Fitzgerald**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sheri Cann**

represented by **Joseph Murphy**
Nelson Mullins Riley & Scarborough LLP
One Financial Center
Suite 3500
Boston, MA 02111
617-217-4717
Email: joe@jpmurphylaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ellen R. Patterson**

represented by **Judah H. Rome**
Troutman Pepper Locke LLP
2800 Financial Plaza
Providence, RI 02903
401-276-6433
Email: judah.rome@troutman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Elizabeth Shanin**                                        represented by   **Alexandra Arnold**
                                                                             Cloherty & Steinberg LLP
                                                                             One Financial Center
                                                                             Ste 1120
                                                                             Boston, MA 02111
                                                                             617-481-0160
                                                                             Email: aarnold@clohertysteinberg.com
                                                                             *LEAD ATTORNEY*
                                                                             *ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 01/21/2026 | 1 | NOTICE OF REMOVAL by Scott Bessent, U.S. Department of Education ( Fee Status: US Government) (Attachments: # 1 Exhibit State Court Complaint, # 2 Exhibit State Court Docket, # 3 Civil Cover Sheet and Category Form)(Fitzgerald, Michael) Modified on 1/21/2026 (JKK). (Entered: 01/21/2026) |
| 01/21/2026 | 2 | ELECTRONIC NOTICE of Case Assignment. Judge Allison D. Burroughs assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Paul G. Levenson. (LBO) (Entered: 01/21/2026) |
| 01/21/2026 | 3 | **ELECTRONIC NOTICE TO COUNSEL:** The Category form filed with the Notice of Removal indicates there are pending motions that need this court's attention. Please re-file any pending motions from State Court into this District Court Record. (CAM) (Entered: 01/21/2026) |
| 01/21/2026 | 4 | Certified Copy of Notice of Removal Provided to Defense Counsel by Email. Counsel who filed an appearance in this case prior to its removal must refer to Local Rule 83.5.3(f) Practice by Persons Not Members of the Bar on how to proceed as an attorney in this court. General Information for Attorneys can be found here. (CAM) (Entered: 01/21/2026) |
| 01/21/2026 | 5 | NOTICE of Appearance by Alexandra Arnold on behalf of Elizabeth Shanin (Arnold, Alexandra) (Entered: 01/21/2026) |
| 01/22/2026 | 6 | NOTICE of Appearance by Judah H. Rome on behalf of Ellen R. Patterson (Rome, Judah) (Entered: 01/22/2026) |
| 01/24/2026 | 7 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *previously filed in State Court and fully briefed* by Ellen R. Patterson. (Attachments: # 1 Memo in support of motion filed in state court, # 2 Opposition to motion filed in state court, # 3 Reply in support of motion filed in state court, # 4 9A Notice filed in State Court)(Rome, Judah) (Entered: 01/24/2026) |
| 01/26/2026 | 8 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *previously filed in state court (Essex Superior Court) and fully briefed* by Elizabeth Shanin. (Attachments: # 1 Memo in Support of Motion to Dismiss (filed in state court), # 2 Opposition to Motion to Dismiss (filed in state court), # 3 Reply in Support of Motion to Dismiss (filed in state court), # 4 Notice of Filing (filed in state court)) (Arnold, Alexandra) (Entered: 01/26/2026) |
| 01/28/2026 | 9 | MOTION to Dismiss for Lack of Jurisdiction *and for Failure to State a Claim* by Scott Bessent, U.S. Department of Education.(Fitzgerald, Michael) (Entered: 01/28/2026) |
| 01/28/2026 | 10 | MEMORANDUM in Support re 9 MOTION to Dismiss for Lack of Jurisdiction *and for Failure to State a Claim* filed by Scott Bessent, U.S. Department of Education. (Fitzgerald, Michael) (Entered: 01/28/2026) |
| 01/30/2026 | 11 | Objection to the Notice of Removal by Peter R. Rumbin. (MAC) (Entered: 01/30/2026) |
| 02/06/2026 | 12 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered. The Court has reviewed Plaintiff's objection to the notice of removal. [ECF No. 11 ]. In light of Plaintiff's pro se status, the Court construes his submission liberally and deems it to be a motion to remand the case to the state court. |

| | | |
|---|---|---|
| | | 28 U.S.C. § 1442 authorizes the United States, any agency thereof, or any officer of the United States or any agency thereof, to remove a civil action that was commenced in a State court against it. 28 U.S.C. § 1442. Plaintiff does not allege that either the United States Department of Education or Secretary Treasury Scott Bessent are not agencies or officers of the United States such that they are unable to remove this action to this Court pursuant to § 1442. Plaintiff provides no other statutory basis or alternative explanation as to why this case should be remanded to the Massachusetts Superior Court, and it is not clear that he can. Accordingly, Plaintiff's motion, [ECF No. 11 ], is **DENIED**, and Plaintiff is ordered to respond to the motion to dismiss filed by the United States Department of Education and Scott Bessent, [ECF No. 9 ], by February 11, 2026, in accordance with the Local Rules of the District of Massachusetts.(CAM) (Entered: 02/06/2026) |
| 02/18/2026 | 13 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered. On January 28, 2026, defendants Scott Bessent and the U.S. Department of Education moved to dismiss Plaintiff's claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [ECF No. 9 ]. Plaintiff's response to this motion was due on February 11, 2026. Plaintiff is hereby ordered to show cause, in writing by **March 4, 2026**, why his claims against defendants Scott Bessent and the U.S. Department of Education should not be dismissed for the reasons articulated in Defendants' motion. [ECF No. 9 ]. (CAM) (Entered: 02/18/2026) |
| 02/18/2026 | 14 | NOTICE by Scott Bessent, U.S. Department of Education *of Filing of State Court Records* (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit)(Fitzgerald, Michael) (Entered: 02/18/2026) |
| 02/19/2026 | 15 | NOTICE of Appearance by Joseph Murphy on behalf of Sheri Cann (Murphy, Joseph) (Entered: 02/19/2026) |
| 02/19/2026 | 16 | MOTION to Dismiss , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Previously filed and fully briefed in Essex Superior Court* ( Responses due by 3/5/2026) by Sheri Cann. (Attachments: # 1 Memo in Support of Motion to Dismiss (previously filed in State Court and fully briefed by Antonio Calvagno, Esq.), # 2 Objection 1 to Motion to Dismiss (previously filed in state court), # 3 Objection 2 to Motion to Dismiss (previously filed in state court), # 4 Reply in Support of Motion to Dismiss (previously filed in State Court), # 5 Notice of Filing (previously filed in State Court))(Murphy, Joseph) (Entered: 02/19/2026) |
| 03/05/2026 | 17 | MOTION to Appoint Counsel, Letter regarding illness by Peter R. Rumbin. (Attachments: # 1 Attachment)(CAM) Docket text modified on 3/5/2026 (CAM). (Entered: 03/05/2026) |
| 03/06/2026 | 18 | Judge Allison D. Burroughs: ELECTRONIC ORDER entered. The Court is in receipt of Plaintiff's letter dated February 24, 2026, in which he requests that the Court appoint him counsel and states that he cannot currently respond to any pleadings due to illness. [ECF No. 17 ].<br><br>Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), however, a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The appointment of counsel for an indigent party is only required when exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See id. In considering whether the appointment of counsel is necessary, the Court considers the "total situation," including "the merits of the case, the complexity of the legal issues,... the litigant's ability to represent himself," id. at 24, and the efforts the litigant has made to obtain legal representation. It is not clear from the current record whether Plaintiff is indigent, and he has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel. Accordingly, Plaintiff's motion for appointment of pro bono counsel, ECF No. 17 , is **DENIED** without prejudice. Plaintiff is ordered to respond to the motion to dismiss filed by the United States Department of Education and Scott Bessent, [ECF No. 9 ], by **March 27, 2026**.<br><br>(CAM) (Entered: 03/06/2026) |
| 03/06/2026 | 19 | Copy re 18 Order mailed to Peter R. Rumbin 87 Second St. Hamden, CT 06514 on 3/6/2026. (CAM) (Entered: 03/06/2026) |

| | | |
|---|---|---|
| 03/10/2026 | 20 | Letter/request (non-motion) from Peter Rumbin. (Attachments: # 1 Copy of Envelope)(CAM) (Entered: 03/10/2026) |
| 03/23/2026 | 21 | Objection to Motion to Dismiss filed by Peter R. Rumbin. (CAM) (Entered: 03/23/2026) |
| 05/21/2026 | 22 | Letter/request (non-motion) from Peter Rumbin. (CAM) (Entered: 05/21/2026) |
| 05/26/2026 | 23 | Letter/request (non-motion) from Peter Rumbin. (CAM) (Entered: 05/27/2026) |
| 06/09/2026 | 24 | Letter / Request for Hearing filed by Peter R. Rumbin.(CAM) (Entered: 06/09/2026) |
| 06/10/2026 | 25 | Judge Allison D. Burroughs: ELECTRONIC. Plaintiffs' motion for a hearing, [ECF No. 24 ], is **DENIED**. Should the Court determine that a hearing would be helpful, it will schedule a hearing. (CAM) (Entered: 06/10/2026) |
| 06/10/2026 | 26 | Copy re 25 Order on Motion for Hearing mailed to Peter R. Rumbin 87 Second St. Hamden, CT 06514 on 6/10/2026. (CAM) (Entered: 06/10/2026) |
| 07/22/2026 | 27 | Judge Allison D. Burroughs: MEMORANDUM AND ORDER entered. For the foregoing reasons, the Federal Defendants' motion to dismiss, [ECF No. 9 ], Cann's motion to dismiss, [ECF No. 16 ], Patterson's motion to dismiss, [ECF No. 7 ], and Shanin's motion to dismiss, [ECF No. 8 ], are **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED.**<br><br>**SO ORDERED.**<br><br>(CAM) (Entered: 07/22/2026) |
| 07/22/2026 | 28 | Judge Allison D. Burroughs: ORDER entered. ORDER DISMISSING CASE(CAM) (Entered: 07/22/2026) |
| 07/22/2026 | 29 | Copy re 28 Order Dismissing Case, 27 Memorandum & ORDER, mailed to Peter R. Rumbin 87 Second St. Hamden, CT 06514 on 7/22/2026. (CAM) (Entered: 07/22/2026) |
| 08/03/2026 | 30 | NOTICE OF APPEAL as to 27 Memorandum & ORDER, 28 Order Dismissing Case by Peter R. Rumbin.<br><br>NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** US District Court Clerk to deliver official record to Court of Appeals by 8/24/2026. (Attachments: # 1 Misdirected NOA Letter from COA)(CAM) (Entered: 08/12/2026) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER R. RUMBIN, | * |
| | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 26-cv-10247-ADB |
| | * |
| SCOTT BESSENT, in his official capacity | * |
| as Secretary of the Treasury, et al., | * |
| | * |
| Defendants. | * |
| | * |

**<u>MEMORANDUM AND ORDER</u>**

BURROUGHS, D.J.

Plaintiff Peter Rumbin ("Plaintiff") brings suit against multiple defendants, including the

United States Department of Education (the "Department of Education"); Scott Bessent,

Secretary of the United States Department of the Treasury ("Bessent") (together with the

Department of Education, the "Federal Defendants"); Sheri Cann, CEO and President of F.H.

Cann & Associates ("Cann"); Ellen R. Patterson, Senior Executive Vice President and General

Counsel of Wells Fargo & Co. ("Patterson"); and Elizabeth Shanin, Interim Vice President and

General Counsel of the University of Chicago ("Shanin") (collectively, "Defendants"), alleging

unlawful conduct associated with student loans that he obtained approximately fifty years ago.

[ECF No. 1-1 ("Complaint" or "Compl.")].  Currently pending before the Court are motions to

dismiss by Patterson, [ECF No. 7], Shanin, [ECF No. 8], Cann, [ECF No. 16], and the Federal

Defendants, [ECF No. 9].  For the reasons discussed below, the Defendants' motions to dismiss are **<u>GRANTED</u>**.

I.       **BACKGROUND**

        **A.**       **Factual Background**

The following facts are based on Plaintiff's Complaint unless otherwise noted.  Although the Court accepts all well-pleaded factual allegations as true, it need not credit Plaintiff's conclusory legal assertions.  <u>See</u> <u>A.G. ex rel. Maddox v. Elsevier, Inc.</u>, <u>732 F.3d 77, 80</u> (1st Cir. 2013).  In addition to "the facts alleged in the complaint," the Court may also consider "documents incorporated by reference therein and facts susceptible to judicial notice."  <u>MIT Fed. Credit Union v. Cordisco</u>, <u>470 F. Supp. 3d 81, 84</u> (D. Mass. 2020) (citing <u>Haley v. City of Bos.</u>, <u>657 F.3d 39, 46</u> (1st Cir. 2011)).

Plaintiff attended the University of Chicago for one year from 1977 to 1978.  [<u>ECF No. 8-1 at 2</u>]; <u>see</u> [Compl. at 1].  While at the University of Chicago, Plaintiff received what is now referred to as a Pell grant.[1]  [<u>Compl. at 2</u>]; [<u>ECF No. 8-1 at 2</u>].  He also received a National Direct Student Loan ("NDSL") in the amount of $1,650 and two Guaranteed Student Loans ("GSLs") for $2,500 each.  [<u>ECF No. 8-1 at 2</u>–3]; [<u>ECF No. 14-1 at 53</u>].  Plaintiff obtained the GSLs through the Connecticut Savings Bank.  [<u>ECF No. 8-1 at 2</u>]; [Compl. at 2].  Plaintiff claims that after his first year at the University of Chicago, he was unable to secure additional funding and, as a result, was forced to withdraw and transfer to Harvard University.  [Compl. at 2–3, 8].

---

[1] Specifically, Plaintiff received a Basic Educational Opportunity Grant (BEOG), which is now referred to as a Pell grant.  [ECF No. 8-1 at 2]; [Compl. at 2].

Plaintiff alleges that the University of Chicago did not credit the PELL grant funds towards his education bill, and instead, "pocketed the funds," which required him to obtain student loans. [Compl. at 2]. Plaintiff also alleges that the Department of Education investigated the University of Chicago for "predatory lending" and embezzlement, and that the University of Chicago "returned" the PELL grant funds that it had purportedly embezzled but did not return the loan funds. [Id.]. Further, Plaintiff alleges that the University of Chicago requested that Plaintiff's parents obtain a second mortgage in order to secure additional funds, presumably for his education, but that the Connecticut Savings Bank denied this request. [Id.].

Plaintiff alleges that in 1989, the United States Department of the Treasury ("Treasury") and the Department of Education sued him in federal court for nonpayment of his NDSL and another student loan in the amount of $890. Id. at *2; [Compl. at 3]. Plaintiff says that the matter was resolved by a stipulated agreement to dismiss with prejudice (the "Stipulation") and that all of his student loans from the University of Chicago were included in the settlement.[2] [Id.]. According to Plaintiff, despite this agreement, in 2011, the Treasury began offsetting his income, which caused him significant hardships. [Id.].

In 2011, Plaintiff sued the Treasury, the Department of Education, and the University of Chicago in the United States District Court for the District of Connecticut. See generally Rumbin v. Duncan, No. 11-cv-00904, 2014 WL 2881397 (D. Conn. June 25, 2014). On June 25, 2014, the court granted summary judgment to the University of Chicago, see [id.], and on February 17, 2016, granted the Department of Education and the Treasury's renewed motion to

---

[2] In subsequent litigation, the government represented that as a result of the Stipulation, the Department of Education wrote-off only the underlying NDSL in the original principal amount of $1,650 and a second student loan in the amount of $890, and that those two loan accounts were closed. Rumbin, 2016 WL 632440, at *2.

3

dismiss and dismissed Plaintiff's complaint with prejudice, <u>Rumbin v. Duncan</u>, No. 11-cv-00904, <u>2016 WL 632440</u>, at *5 (D. Conn. Feb. 17, 2016).  Plaintiff filed an appeal with the United States Court of Appeals for the Second Circuit, [Compl. at 3], which was dismissed due to "lack[] [of] arguable basis either in law or fact," <u>Rumbin v. Duncan</u>, No. 18-3488, <u>2019 WL 11689797</u>, at *1 (2d Cir. July 8, 2019).  He then sought certiorari from the Supreme Court, [Compl. at 3], which was also denied, <u>Rumbin v. DeVos</u>, <u>590 U.S. 905</u> (2020).

On March 24, 2025, Plaintiff received a letter from the Department of Education (the "March 2025 Letter") notifying him that in connection with the class action settlement in <u>Sweet v. Cardona</u>, No. 19-cv-03674 (N.D. Cal. filed June 25, 2019), the Department of Education had approved his Borrower Defense to Repayment application.  [Compl. at 7].  The letter stated that other than confirming his address with his loan servicer, he did not need to take any further action to receive his discharge.  [<u>Id.</u> at 7].[3]

Plaintiff now claims that the stipulation of dismissal from the 1989 action, together with the March 2025 Letter, operates as a judgment requiring that the Court discharge all his student loan debts and that the Court absolve him "of any financial liability whatsoever now and in the future."  [Compl. at 4].  He also alleges that Defendants' predatory lending disrupted his education, career development, creditworthiness, and lifetime earnings, and seeks damages for harm he suffered due to Defendants' lending practices.  [<u>Id.</u> at 8].  In support of these allegations, he claims that the University of Chicago has grown its endowment, saddled students with debt, and increased costs, and that F.H. Cann & Associates, Wells Fargo, and the Department of

---

[3] The March 2025 Letter also includes the telephone number for the Department of Education's borrower defense hotline and a website with the relevant hours of operation.  [Compl. at 7]. Plaintiff does not state in his Complaint whether he has attempted to engage directly with the Department of Education regarding the March 2025 Letter.

Education have paid fines for "unjust and unfair credit behavior." [Id.]. Plaintiff contends that the Court is empowered to grant the relief he requests pursuant to the FCPA[4] or the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"), Pub. L. No. 111-203, 124 Stat. 1376 (2010) (codified as amended in scattered sections of the U.S. Code). [Compl. at 5].

### B. Procedural History

Plaintiff filed his Complaint in the Essex County Superior Court on July 29, 2025. [ECF No. 1-2 at 2]. Cann moved to dismiss all claims against her on November 19, 2025. [Id.]. Patterson moved to dismiss all claims against her on November 24, 2025. [Id. at 3]. Shanin moved to dismiss all claims against her on December 10, 2026. [Id.]. Cann, Patterson, and Shanin's motions to dismiss were fully briefed in the state court. [Id. at 3–4].

On January 21, 2026, the Federal Defendants removed the case to this Court, [ECF No. 1], and on January 28, 2026, they filed a motion to dismiss all claims against them, [ECF No. 9]. Plaintiff opposed the motion on March 23, 2026. [ECF No. 21].

## II. LEGAL STANDARD

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." Maddox, 732 F.3d at 80 (quoting Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011)). A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 80 (quoting

---

[4] The Plaintiff does not define "FCPA," and the Court will assume that the Plaintiff is referring to either the Foreign Corrupt Practices Act of 1977 (the "FCPA"), Pub. L. No. 95-213, 91 Stat. 1494 (codified as amended in scattered sections of 15 U.S.C.), or the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692-1692p.

Fed. R. Civ. P. 8(a)(2)).  While detailed factual allegations are not required, the complaint must "contain 'enough facts to state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Consequently, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

Determining whether a complaint is facially plausible "invites a two-step pavane." Maddox, 732 F.3d at 80 (citing Grajales v. P.R. Ports Auth., 682 F.3d 40, 45 (1st Cir. 2012)). First, courts "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)).  Second, "the court must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. (quoting Morales-Cruz, 676 F.3d at 224).  "Conducting a plausibility inquiry is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  Id. (quoting Iqbal, 556 U.S. at 679).  "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 14 (1st Cir. 2011)).

Further, a pro se complaint must be "liberally construed" by a court and "'however inartfully pleaded,' [it] must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520–21 (1972)).  "However, pro se status does not insulate a party from complying with procedural and

6

substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (citing Eagle Eye

Fishing Corp. v. U.S. Dep't of Com., 20 F.3d 503, 506 (1st Cir. 1994)). Additionally, "[w]here

the court cannot ascertain the nature and basis of any legitimate claims, it is under no obligation

to rewrite the pleadings on the plaintiff's behalf." Sanborn v. Bowers, 788 F. Supp. 3d 153, 158

(D. Mass. 2025) (citing D.S. v. Kijakazi, No. 22-cv-12001, 2024 WL 22858, at *1 (D. Mass. Jan.

2, 2024)).

## III.    DISCUSSION

Construed liberally, Plaintiff brings claims of embezzlement and fraud against the

University of Chicago, and for predatory lending and "unfair credit behavior" against Wells

Fargo, F.H. Cann & Associates, and the Federal Defendants. [Compl. at 8]. Although Plaintiff

states that he is entitled to relief under the Dodd-Frank Act and either the FCPA or the FDCPA,

he does not specify which defendants violated which of these acts, or how they did so.[5] See [id.

at 5]. Plaintiff also requests the Court's assistance in executing a "judgment upon the defendants

for all outstanding debts claimed by them" and that "all debts be settled immediately by the

defendants." [Id. at 4].

### A.    Pleading Requirements

Defendants Cann, Shanin, and Patterson contend that Plaintiff's Complaint should be

dismissed because it does not contain a short and plain statement showing that he is entitled to

relief. See [ECF No. 7 at 1]; [ECF No. 16-1 at 1]; [ECF No. 8-1 at 11]. Cann argues that the

Complaint does not connect its factual assertions to any coherent legal theory against her or F.H.

Cann, or distinguish which Defendants breached which obligations to him, and that Plaintiff's

---

[5] If Plaintiff intended to bring a claim under the FDCPA, he failed to identify which defendant
violated the FDCPA, what provision of the FDCPA was violated, or how. See [Compl. at 5].

fraud and embezzlement allegations are entirely conclusory and lack particularity. [ECF No. 16-1 at 4]. Shanin similarly claims that the Complaint does not identify any recognized legal cause of action against the University, tie its factual assertions to any specific legal theory, differentiate between Defendants, or assert the who, what, when, where, and how details that are necessary to satisfy the heightened pleading standard for fraud. [ECF No. 8-1 at 11]. Likewise, Patterson argues that it is unclear from the Complaint what claims Plaintiff intends to assert against Patterson, that the Complaint includes no allegations as to how Patterson was involved in the events that Plaintiff describes, and that the allegations against Wells Fargo are wholly conclusory. [ECF No. 7-1 at 4]. The Court agrees that Plaintiff's pleadings are deficient.

Plaintiff's Complaint is insufficiently pleaded under the basic requirements laid out in Iqbal and Twombly. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)–(3). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), to afford the defendants a "meaningful opportunity to mount a defense," Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortg. Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). The "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004). The claims must be "state[d] . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). For purposes of clarity,

"each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Id.  In essence, the complaint must succinctly set forth as to each defendant what he claims they did (or failed to do), where it occurred, when it occurred, and the relief he seeks from each defendant.  Put another way, a complaint must clearly identify the claims and relief Plaintiff seeks as to each Defendant, and provide sufficient factual bases for each of the elements of the claims that he asserts.

Plaintiff's Complaint is written in narrative form[6] and fails to identify any specific claims against any of the named Defendants.  See generally [Compl.].  Plaintiff does not set forth individual counts describing the legal causes of action he seeks to assert or the factual grounds that he alleges support those causes of action.  See generally [Id.].  While Plaintiff alleges that the University of Chicago committed fraud and embezzlement by keeping "PELL/BEOG grant funds for itself," [Compl. at 8], these vague assertions—particularly concerning conduct that presumably took place 50 years ago—are insufficient to meet the heightened pleading requirements applicable to all claims of fraud, which require that Plaintiff "state with particularity" the circumstances constituting fraud, see Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). With respect to the other Defendants, as well as Shanin, Plaintiff alleges that they engaged in "predatory lending," but he does not specify under what actionable legal theory he seeks relief, state how that legal theory applies to Defendants' conduct generally, or distinguish the alleged actions of each Defendant that he contends amounted to predatory lending.  See [Compl. at 2].

---

[6] The Court notes that while Plaintiff's allegations are written in narrative style, his account of relevant events is discombobulated to the point where it is difficult to ascertain his past or present factual situation or how exactly the Defendants, particularly Defendants Cann and Patterson, are involved.

9

While sympathetic to Plaintiff's circumstances, the Court cannot rewrite Plaintiff's pleadings or ferret out potential legal theories under which he might be able to proceed.

Accordingly, Plaintiff's failure to comply with the pleading requirements warrants dismissal of his Complaint insofar as he brings claims against Defendants Shanin, Cann, and Patterson. While the Court also finds that Plaintiff's allegations against the Federal Defendants do not meet the pleading requirements, for completeness, the Court will also address the Federal Defendants' sovereign immunity argument as well as Shanin's argument regarding Plaintiff's foreign judgment claim.

### B.    Sovereign Immunity and Private Rights of Action

The Federal Defendants assert that the doctrine of sovereign immunity bars Plaintiff's claims against them because Plaintiff has not shown that the United States has waived its sovereign immunity with respect to the types of claims he attempts to bring.[7] [ECF No. 10 at 4]. They further assert that certain statutes that Plaintiff references in his Complaint do not provide private rights of action. [Id.]. The Court agrees that Plaintiff's claims against the Federal Defendants are barred, both by the doctrine of sovereign immunity and by the lack of a private right of action.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Therefore, without an express statutory waiver of that sovereign immunity, the Court lacks subject matter jurisdiction over a plaintiff's claims. See United States v. Mitchell, 445 U.S. 535, 538 (1980) ("A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" (quoting United States v.

---

[7] In his opposition to the Federal Defendants' motion to dismiss, Plaintiff does not address the sovereign immunity issue. [ECF No. 21].

King, 395 U.S. 1, 4 (1969))). Plaintiff "has the burden of proving sovereign immunity has been waived." Mahon v. United States, 742 F.3d 11, 14 (1st Cir. 2014); see also Soares v. Mass. Dep't of Youth Servs., No. 12-cv-10573, 2013 WL 5211556, at *4 (D. Mass. Sep. 12, 2013) ("It is the plaintiff's burden to identify a waiver of sovereign immunity, and if he is unable to do so, his claim must be dismissed on jurisdictional grounds.").

There are many statutes that grant agency-specific waivers of sovereign immunity, but the majority of cases involve one of three statutes: (1) the Administrative Procedure Act ("APA"), which waives sovereign immunity in federal court for actions against agencies or their officers that seek relief "other than money damages," 5 U.S.C. § 702; see also id. § 706 (addressing scope of judicial review and remedies); Bowen v. Massachusetts, 487 U.S. 879, 901 (1988) (holding that lawsuit by plaintiff "seeking funds to which a statute allegedly entitles it, rather than money in compensation for the losses . . . [the plaintiff] will suffer or has suffered" falls within scope of waiver under § 702); (2) the Federal Tort Claims Act ("FTCA"), which waives sovereign immunity for claims for money damages caused by tortious acts of federal employees acting within the scope of their employment, 28 U.S.C. § 1346(b)(1); or (3) the Tucker Act, which waives sovereign immunity for actions seeking money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort" and requires such actions to be brought in the United States Court of Federal Claims, 28 U.S.C. § 1491(a)(1).

Here, it is not entirely clear under which statutory scheme Plaintiff seeks relief; however, to the extent he intends to bring claims against the Federal Defendants pursuant to the FCPA, the FDCPA, or the Dodd-Frank Act, he cannot proceed against the federal government under any of

11

these statutes. "The FCPA does not provide a private right of action," <u>Abdelalim Mostafa v. SEC</u>, No. 24-cv-00164, <u>2024 WL 1701551</u>, at *2 (D.D.C. Ap<u>r. 15</u>, <u>2024)</u>, and, because Plaintiff has not alleged that he is a whistleblower, the same is true for the Dodd-Frank Consumer Financial Protection Act,[8] <u>Flynn v. Berkley Vacation Resorts, Inc.</u>, No. 25-cv-60028, <u>2025 WL 3091000</u>, at *3 (S.D. Fla. Aug. 4, 2025). Insofar as Plaintiff attempts to bring a claim under the FDCPA, Congress has not waived the government's sovereign immunity with respect to the FDCPA, and the act excludes from its definition of a debt collector "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." <u>Wagstaff v. U.S. Dep't of Educ.</u>, <u>509 F.3d 661, 663</u>–64 (5th Ci<u>r. 2007</u>) (quoting <u>15 U.S.C. § 1692a(6)(C))</u>. Finally, to the extent Plaintiff seeks to bring a contract claim against the Federal Defendants for allegedly violating an agreement made in connection with earlier litigation, any lawsuit based on a contract with the United States that exceeds $10,000 in value (as would be the case here, because Plaintiff asserts that he is owed $12,000 to $14,000 from the Federal Defendants, [Compl. at 10]) must be brought in the United States Court of Federal Claims. <u>Massachusetts v. Nat'l Insts. of Health</u>, <u>770 F. Supp. 3d 277, 291</u> (D. Mass. 2025) (citing <u>28 U.S.C. § 1491(a)(1))</u>. Accordingly, the Court does not have jurisdiction over any claims that Plaintiff has brought against the Federal Defendants, and his claims against them must be dismissed.

---

[8] There is also "no private right of action to bring a direct claim under the Consumer Financial Protection Act." <u>Trivedi v. Gen. Elec. Co.</u>, No. 19-cv-11862, <u>2020 WL 9744754</u>, at *10 n.11 (D. Mass. Aug. 13, 2020), <u>report and recommendation adopted</u>, No. 19-cv-11862, <u>2021 WL 2229088</u> (D. Mass. May 27, 2021), <u>aff'd</u>, No. 21-1434, <u>2022 WL 1769136</u> (1st Cir. May 3, 2022)

Because the Court finds that the doctrine of sovereign immunity and the lack of private rights of action in the FCPA and the Consumer Protection Act bar Plaintiff's claims against the Federal Defendants, the Court will not reach the Federal Defendants' res judicata argument, see [ECF No. 10 at 2–4].

### C.    Enforcement of Judgment

In his Complaint, Plaintiff asserts that the letter he received regarding the Sweet v. Cardona settlement agreement is a "foreign judgment" that the Court must enforce against Defendants.[9] [Compl. at 4]. Shanin contends that the Sweet v. Cardona settlement "represents an agreement and administrative process solely between [the Department of Education] and individual borrowers" and does not impose any duties on the University of Chicago or authorize any enforceable relief against the University of Chicago. [ECF No. 8-1 at 7]. Further, Shanin argues that Plaintiff does not identify any contractual provision, regulation, or other legal avenue to transform the notice he received about the Sweet v. Cardona settlement into a judgment or obligation against Defendants. [Id.].

Article IV of the United States Constitution provides that

> Full Faith and Credit shall be given in each State to . . . judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. art. IV, § 1. Further, 28 U.S.C. § 1963 "authorizes federal courts to register certain judgments entered by certain other courts," Woo v. Spackman, 988 F.3d 47, 50 (1st Cir. 2021), and the statute states that "[a] judgment in an action for the recovery of money or property

---

[9] At various points in the Complaint, Plaintiff also alludes to a stipulation of dismissal from past litigation in which he was involved, see, e.g., [Compl. at 3]; however, he does not appear to seek enforcement of this "judgment," nor is it clear that he could before this Court.

13

entered in any court of appeals, district court . . . may be registered by filing a certified copy of

the judgment in any other district," id. (citing 28 U.S.C. § 1963).  Under 28 U.S.C. § 1738,

> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738.  Where another court's order meets the requirements of § 1783, that order is

given preclusive effect, and the court hearing the issue may order the payment of any proceeds

from that judgment.  See United States v. One Assortment of 93 NFA Regulated Weapons, 897

F.3d 961, 970 (8th Cir. 2018) ("The district court did not err in relying on [another court's] civil

judgment . . . in [ordering that] the proceeds from [that judgment be paid to plaintiff.]").

Here, to the extent Plaintiff seeks enforcement of a "foreign judgment," including in

relation to the Sweet v. Cardona settlement, he has submitted a notice he received from the

Department of Education regarding his entitlement to settlement relief for certain relevant federal

student loans, but has not filed a copy of any judicial record with a clerk attestation and

certificate of a judge of the court that the attestation is in proper form.  [Compl. at 7].  Because

the notice does not include the requisite attestation or judicial certificate, [id.], the Court cannot

enforce it as a foreign judgment.[10]

---

[10] To the extent that Plaintiff seeks to move the Court to enforce his claim or otherwise obtain relief from the Sweet v. Cardona settlement, he has not shown that this Court has jurisdiction to order such relief.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

## IV.       CONCLUSION

For the foregoing reasons, the Federal Defendants' motion to dismiss, [ECF No. 9],

Cann's motion to dismiss, [ECF No. 16], Patterson's motion to dismiss, [ECF No. 7], and

Shanin's motion to dismiss, [ECF No. 8], are **GRANTED**.  Plaintiff's Complaint is hereby

**DISMISSED**.

SO ORDERED.

July 22, 2026                                                     */s/ Allison D. Burroughs*
                                                                      ALLISON D. BURROUGHS
                                                                      U.S. DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**


**Peter R. Rumbin**
    Plaintiff

       V.

**Scott Bessent et al**
    Defendants

CIVIL ACTION

NO  1:26-cv-10247-ADB


## ORDER OF DISMISSAL


Burroughs, D. J.


    In accordance with the Court's electronic Order dated July 22, 2026, it is hereby ORDERED that the above-entitled action be and hereby is DISMISSED.


By the Court,


July 22, 2026
Date

/s/ Caetlin McManus
Deputy Clerk

UNITED STATES APPEALS COURT
FIRST CIRCUIT COURT OF APPEALS

RECEIVED FOR FILING
IN CLERK'S OFFICE

2026 AUG -3 P 12 30

US COURT OF APPEALS
FOR THE FIRST CIRCUIT

**Peter R. Rumbin**
Plaintiff
V.

**Scott Bessent et al**
Defendants

CIVIL ACTION

NO. 1:26-cv-10247-ADB

## NOTICE TO THE COURT NOTICE TO APPEAL ORDER OF DISMISSAL

In accordance with Rule 4 Appeal in a Civil Case, the plaintiff hereby notices the US Appeals Court that the plaintiff will file an appeal of Honorable Judge Allison D. Burroughs memorandum and order of dismissal to follow within 30 days.

Respectfully submitted:

Peter R. Rumbin, Plaintiff, Pro Se
87 Second Street, Hamden, CT 06514

## CERTIFICATION

It is hereby certified that a copy of the notice to appeal was filed with the US First Circuit Court of Appeals by US Mail and a copy was sent to all defendants on July 31st, 292026 by US mail.

Judah H. Rome, Troutman, Pepper, & Locke, One Financial Plaza, Westminster Street, Suite 2800, Providence, RI 02903

Michael L. Fitzgerald, Assistant U.S. Attorney, U>S>Attorney's Office, Courthouse Way, Ste. 9200, Boston, Mass. 02210

Alexandra Arnold, Cloherty & Steinberg, 33 Arch Street, Suite 3105, Boston, Mass. 02110

Joseph Murphy, JP Murphy Law, 101 Federal Street, Suite 1900, Boston, Mass. 02110



Peter R Rumbin
87 Second St
Hamden, CT 06514

9589 0710 5270 3641 2971 40

US Appeals Court - First Circui
Clerk of the Court
US Courthouse
1 Courthouse Way
Boston, Mass 02210

USMS Screened

U.S. POSTAGE PAID
FCM LETTER
MILFORD, CT 06460
JUL 31, 2026

$21.02

Retail

UNITED STATES
POSTAL SERVICE

02210063016 C079

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

OFFICE OF THE CLERK
# UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

ANASTASIA DUBROVSKY
CLERK

JOHN JOSEPH MOAKLEY
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2500
BOSTON, MA 02210
(617) 748-9057

August 11, 2026

Robert M. Farrell, Clerk
U.S. District Court for the District of Massachusetts
1 Courthouse Way, Ste 2300
Boston, MA  02210

Re:  Rumbin v. Bessent, et al.
Civil No. 26-10247-ADB

Dear Clerk Farrell:

Enclosed please find a Notice of Appeal, filed in the court of appeals on August 3, 2026, by Peter R. Rumbin. I am transmitting the notice of appeal to you for docketing as of the date it was received in this court pursuant to Fed. R. App. P. 4(d) and Fed. R. App. P. 24(a)(1).  Please treat this notice as a duplicate if this pleading has already been filed in your court.

Sincerely,

Anastasia Dubrovsky, Clerk