**Case Number 26-1910**

**UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT**

**Peter Rumbin** **Case Number 26-1910**

**Plaintiff-Appellant**

**V.**

**Bessent et al** **August 17, 2026**

RECEIVED FOR FILING IN CLERK'S OFFICE
2026 AUG 20 P 1:27
US COURT OF APPEALS FOR THE FIRST CIRCUIT

**Appeal from United States District Court of the District of Massachusetts**

**Order of Dismissal of Plaintff's Case**

**Brief for the Appellant Peter R. Rumbin**

**Peter R. Rumbin, Pro Se**

**87 Second Street**

**Hamden, Connecticut 06514**

**(203) 494-5229**

Blue Cover Sheet

The Appellant, Peter R. Rumbin, Po Se*, requests that the Court reverse the decision of Judge Allison D. Burroughs to grant the Federal Defendants' Motions to dismiss 1:26 -cv-1024 – ADB and represents the following in support:

1) The District Court Dismissed my action for "Failure to State a Clear Claim."

As a Pro Se Plaintiff/Appellant the proper legal language and format may have been missing. However, he Judge's decision to dismiss contains evidence that she understood the Plaintiff's claims in at least two important areas: one, that Wells Fargo, as successor to Connecticut Savings Bank, et al engaged in predatory lending causing great economic and emotional harm to the Plaintiff/Appellant who was unable to continue his education or pursue his career. And two, that in going against the order of The US District Court in 1990 which accepted a stipulated agreement discharging the Plaintiff's Student Loan Debt, and failing to live up to the stipulated agreement; but instead, causing negative credit reports to be shared to the credit agencies, and failing to notify the US Department of Education that the debt was discharged and thereby causing further collection efforts and garnishments that caused significant harm to the Plaintiff/Appellant. Wells Fargo, as the successor Bank had a duty to fulfill the obligations of Connecticut Savings Bank and live up to the stipulated agreement.

These are just two examples where the Judge cites facts that are grounds for a cause of action against Wells Fargo as successor to Connecticut Savings Bank. In the Memorandum and Order dated July 22, 2026, Judge Burroughs states on page 2 "Plaintiff obtained the GSLs through the Connecticut Savings Bank" and "Plaintiff claims that after his first year at the University of Chicago, he was unable to secure additional funding, and as a result, was forced to withdraw and transfer to Harvard University."

- Plaintiff/Appellant Peter R. Rumbin was represented by Attorney Ira Grunberg, Pro Bono ( who was recruited by District of Connecticut Judge Warren Edgerton) up to 2025 when he passed away. Since then, Plaintiff/Appellant has been forced to act Pro Se.

And as to a claim of action against the University of Chicago, Judge Burroughs states on page 3 of the Memorandum and Order that "Plaintiff alleges that the University of Chicago did not credit the Pell grant funds toward his education bill, and instead, "pocketed the funds".

Finally, as to a claim of action against the Federal Government, Judge Burroughs states on Page 3 of her Memorandum and Order the "US Department of Treasury and Department of Education sued him in federal court for non-payment of his NDSL and another student loan." (in contradiction of an Order of the US District Court in 1990 accepting a stipulated agreement dismissing the government's case with prejudice). Judge Burroughs further notes on page 3 that "according to Plaintiff, despite this agreement, in 2011, the Treasury began offsetting his income, which caused him significant harm.

If the Judge can understand these claims, and articulate them, then there isn't a failure to state a cause of action that is fatal enough to dismiss this case. At the least, Plaintiff/Appellant should have been given an opportunity to take leave of court to amend his complaint to more clearly state his claims. Plaintiff was never afforded such an opportunity.

Federal Rule 15(a) Amended and Supplemental Pleadings states in (2) Other Amendments: In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires.

**Forman v. Davis** **USSC 371 US 178 (1962)** held that "after a complaint is dismissed for failure to state a claim, a plaintiff can move to vacate the judgement and amend the complaint. Outright refusal to grant leave without a justifying reason (such as undue delay, bad faith, or futility) is an abuse of discretion.

**<u>Silva v. Bieluch</u> 351 F. 3rd 1045 USCA 11th Circuit 2003** holds that a District Court must grant a plaintiff at least one opportunity to amend his claim before dismissing them if it appears that a more carefully drafted complaint might state a claim upon which relief can be granted, even if the plaintiff never seeks leave to amend.

2) The District Court dismissed the Plaintiff's case against the federal government on grounds that a waiver was not obtained. Judge Burrough's stated on page 10 of her Memorandum and Order, "The Federal Defendants assert that the doctrine of sovereign immunity bars the Plaintiffs claims against them because Plaintiff has not shown that the United States has waived its sovereign immunity with respect to the type of claims he attempts to bring … The Court agrees that the Plaintiff's claims against the Federal Government are barred, both by the doctrine of sovereign immunity…"

Plaintiff/Appellant respectfully disagrees with the courts finding and order. This case is one which has evolved over many years since 1989. It was the Federal Government which brought this matter to court with its attempt to collect a student loan debt alleged to be owed by the Plaintiff/Appellant. The Plaintiff merely defended himself. He did not need a waiver of sovereign immunity to defend this case, or to make any counter claims or appeals from the original case as the Federal Government subjected itself to the jurisdiction of the Court by initiating suit. At no time during the evolution of this case did the Federal Government assert a sovereign immunity defense, and it cannot do so now.

It was the federal government (through the Treasury and Education) that initiated a offset against the Plaintiff's income, and the subsequent court actions by the Plaintiff were merely in defense of the suit brought by the federal government. No waiver of immunity is needed for the Plaintiff to defend himself, and nor did the federal government assert one for itself.

In addition, Plaintiff's suit filed with the Essex Superior Court, alleged that the Departments of Treasury and Education wrongfully offset the Plaintiff's

income in contradiction to a Federal District Court Ordered Settlement, and specifically asked for equitable relief in the form of a cease and desist order to prevent this from continuing, and for the government to pay back all amounts wrongfully collected. **Bowen v. Massachusetts, 487 U.S. 879 (1988)**, was a case in which the Commonwealth of Massachusetts sued the Federal Department of Health & Human Services seeking declaratory and injunctive relief, and asking it to set aside the Grants Appeals Board of HHS's decision to withhold Medicaid reimbursements. Like in this Plaintiff's case, the Federal government claimed sovereign immunity, and that the District Court is not the place for money damages. The US Supreme Court held that although Section 702 of the Administrative Procedures Act denies the District Court's review jurisdiction in actions against federal agencies seeking "money damages", the plain meaning of the language does not foreclose review of the Secretary's disallowance decisions in such cases as the present"… here the State's suit is in the nature of equitable action for specific relief rather than money in compensation for losses suffered as a result of disallowance".

In this present case, Plaintiff/Appellant Peter R. Rumbin specifically sought equitable relief. The complaint states as follows on Page 3

"Relief Sought:

1. To cease and desist the unlawful seizure of property and monies; ignoring a prior judge's prior dismissal with prejudice against the defendants by stipulated agreement of the parties; Plaut v. Spendthrift Farms, res judicata, United Student Aid Funds, Inc. v. Espinsosa, No appeal of modification of 1990 ruling was ever sought by defendants for over 30 years;
2. Return of what monies have been seized; total sum, with interest, of all payments, tax returns, fees, penalties, interest etc…;
3. A Court order stopping any further taking of any funds of property from the plaintiff, Peter R. Rumbin;
4. Reimbursement of all legal counsel fees and expenses as a result of defendants' actions."

Related to that, the Federal Consumer Protection Act empowers a District Court to grant any appropriate relief with respect to violations of federal consumer financial law or the Dodd Frank Act, and provides for the refund of monies, paid restitution, disengagement, or compensation for unjust enrichment, and civil money penalties. 12 U.S.C. Sec. 5565 (A) (1). The complaint of Plantiff/Appellant Peter R. Rumbin also raised claims that the federal consumer protection and the Dodd Frank were violated.

Thus, the District Judge erred in ruling that the case can be dismissed against the Federal Defendant because of sovereign immunity.

Further, the Judge ignores the simple fact that this suit was brought in Essex County Superior Court, and at no time did the Federal defendants assert a sovereign immunity defense. In fact, this case was started with a defendant that is a Massachusetts corporation, and it did not involve the federal government as a defendant. This case was transferred to the Federal District Court against the Plaintiff's objections, and now that the Defendants have successfully transferred the case to Federal Court, they assert sovereign immunity. This sovereign immunity defense is untimely, and in any event, the federal government's participation in the original case and the many succeeding cases thereafter without raising any issue with sovereign immunity estops them from claiming it now.

Thus, Judge Burrough's Memorandum and Order which dismissed the Plaintiff/Appellant's suit based up on lack of waiver of sovereign immunity and the Judge's dictum that perhaps this case is properly before the Federal Court of Claims, is in error.

Finally, even if a waiver is required, and even if, as Judge Burroughs states, this matter raises claims that seem to belong in the Federal Court of Claims, and not with this Court, the Plaintiff/Appellant as Pro Se - and not having the training and expertise of a lawyer practicing in federal courts - should be granted leave to amend the complaint and allow a motion to transfer this case and file it with the Federal Court of Claims in Washington, DC. or, in the

alternative, grant the Plaintiff/Appellant leave to request a waiver from the federal government.

Wherefore, the Plaintiff/Appellant Peter R. Rubin requests this court to overrule the District Court's order of Dismissal, and to remand this case back to the District Court with instructions to allow the Plaintiff leave to amend the complaint and or leave to transfer the case to the Federal Court of Claims in Washington, DC.

Respectfully Submitted via Paper and Mail:

August 17, 2026

Peter R. Rumbin, Pro Se

Date

Plaintiff/Appellant

87 Second Street

Hamden, Connecticut 06514

(203) 494-5229

## Certification

I hereby certify that a copy of the foregoing was mailed by US Mail to all counsel of record on August 19, 2026 including the following:

Judah H. Rome, Troutman, Pepper, & Locke
One Financial Plaza
Westminster Street, Suite 2800
Providence, RI 02903

Michael L. Fitzgerald, Assistant U.S. Attorney
U.S. Attorney's Office
Courthouse Way, Ste. 9200
Boston, Massachusetts 02210

Alexandra Arnold, Cloherty & Steinberg,

33 Arch Street, Suite 3150, Boston, MA 02110

Joseph Murphy, JP Murphy Law
101 Federal Street, Suite 1900
Boston, Massachusetts 02110

AUG 19, 2026

Peter R. Rumbin | Date

**Peter R. Rumbin**

**87 School Street**

**Hamden, Connecticut 06614**

August 19, 2026

RECEIVED FOR FILING
2026 AUG 20 P 1:27

U.S. Court of Appeals, First Circuit
ATTN: Clerk of the Court
1 Court House Way
Boston, Massachusetts 02210

**RE: Pro Se Brief in Support of Appeal. – Case Number 26-1910**

Dear Clerk of the Court:

Enclosed please find ten (10) copies of my Plaintiff/Appellant Brief in support of my appeal covered by blue sheets.

Peter R. Rumbin

Peter R. Rumbin
87 Second St
Hamden, CT 06514
(203) 4945229

U.S Court of Appeals
Clerk of Court, First Circuit
1 Court House Way
Boston, Mass 02210
(617) 748-9057

TO REUSE: Mark through all previous shipping labels and barcodes

ORIGIN ID:EFBA (203) 494-5229
PETER R. RUMBIN

87 SECOND ST

HAMDEN, CT 06514
UNITED STATES US

SHIP DATE: 19AUG26
ACTWGT: 0.25 LB
CAD: 6570114/ROSA2710

TO U.S. COURT OF APPEALS
CLERK OF COURT, FIRST CIRCUIT
1 COURTHOUSE WAY

BOSTON MA 02210
(617) 748 - 9057 REF:
DEPT:

SCREENED

FedEx
Express

E

e Enve

ne.

TRK# 0201 8760 1356 7272

THU – 20 AUG 10:30A
PRIORITY OVERNIGHT
DSR
02210
MA-US BOS

EM BVYA

Align bottom of peel-and-stick airbill or pouch here.