# 26-1910

**In The**

## United States Court of Appeals
## First Circuit

**Peter R. Rumbin** **Plaintiff – Appellant**

**Scott Bessent, in the official capacity as Secretary of the Treasury; US Department of Education, Office of the General Counsel; Sheri Cann, in the official capacity as CEO and President of F.H. Cann & Associates; Ellen R. Patterson, in the official capacity as Senior Executive Vice President and General Counsel of Wells Fargo & Company; Robert Hochman, in the official capacity as Vice President and General Counsel of the University of Chicago.**

RECEIVED FOR FILING
IN CLERK'S OFFICE
2026 SEP 29 P 12:03

**Defendants/Appellees**

On Appeal from the United States District Court
for the District of Massachusetts

# Appellant's Appendix

**Peter R. Rumbin**
**Plaintiff-Appellant Pro se**
**87 Second Street**
**Hamden, Connecticut 06514**
**(203) 494-5229**

# **Table of Contents**

**Pages**


Docket List from US District Court, District of Connecticut NOTE: The Docket Lists show no pleading or objection by Defendants US Department of Education or Department of Treasury claiming that Plaintiff did not obtain waiver of Sovereign Immunity). Docket List from District Court, 8 pages (Pacer Service Center, Docket entries 1-79 from 06/03/2011 to 09/10/2019). **1-8**

Docket List from Massachusetts Superior Court (CourtView Justice Solutions – Civil Case Summary, pages 1-5 Docket entries from 12/12/2025 through 03/05/2026) **9-13**

Docket List from U.S. Court of Appeals, Second Circuit # 18-3488 (3 pages, Docket entries 1-74, from 11/20/2018 through 10/11/2019) **14-16**

Memorandum and Order of D.J. Burroughs of US District Court, dated July 22, 2026 in civil action 26-cv-10247-ADB (16 pages) being appealed here. **17-32**

Notice of Appeal (Mailed July 31, 2026), Plaintiff's Rule 4 Appeal in a Civil Case (1 page) **33**

Motion To Dismiss with Prejudice in Civil No. N 89-522 (WWE) **34-37**

Case: 26-1910 Document: 00118521608 Page: 3 Date Filed: 09/29/2026 Entry ID: 6851179

**Pages**

dated September 26, 1990 and the Stipulated Agreement (3 pages) dated September 24, 1990 that was the basis for that dismissal. Also, certified affidavit regarding the stipulation (page 37).

Complaint of Plaintiff Peter R. Rumbin vs. US Department of Education et al, dated July 25, 2025, Commonwealth of Massachusetts, Superior Court – Essex County Case No. 2577CV00816. **38-46**

Plaintiff Peter R. Rumbin's Objection to the Motion to Dismiss Pursuant to Rule 12(B)(6) for Failure to State a Claim, dated December 22, 2025 as filed in Superior Court -Essex County, Commonwealth of Massachusetts before the transfer to Federal Court. Page 2, paragraphs 4 & 5; Page 3, Paragraph 7. All which clearly state the claims of the Plaintiff and the basis on which relief may be granted. **47-52**

Notice of Returned Pleading Docket 2577CV00816 Trial Court of Massachusetts, The Superior Court, Issued 03/05/2026, Single page showing that the case was transferred to Federal Court. **53**

Plaintiff Peter R. Rumbin's Objections and Answer to Motion to Dismiss by F.H. Cann and Associates, dated December 22, 2025. Stating the harm done to Plaintiff and fraudulent conduct of Defendant (Paragraphs 4,5, and 6). Also, Paragraph 7 stating the claim in Equity asking the Court to issue a Cease and Desist Order) **54-59**

Case: 26-1910 Document: 00118521608 Page: 4 Date Filed: 09/29/2026 Entry ID: 6851179

**Page**

Plaintiff Peter R. Rumbin's Petition for a Writ of Certiorari to **60-100**

the US Supreme Court, dated January 28, 2020. This document, although not directly in the chain of record of this immediate case, provides the history or the cases on the Plaintiff's Student Loan issues, and it supports the Plaintiff's raised claim in this current appeal that the cause of action and the requested relief have been clearly stated throughout the history of proceedings, and that Defendants/Respondees are all too familiar with what the Plaintiff's claims are about, and what their responsibility for harm against the Plaintiff is and was. Also,

it demonstrates the struggles that the Plaintiff has had with obtaining justice because of poverty and the lack of representation. Plaintiff had the benefit of good and dedicated counsel – Ira Grunberg – who believed very fiercely in the unjustness toward the Plaintiff that he worked for years Pro Bono from 1989 until his death on March 18, 2025. Now Plaintiff is again without counsel, and Pro Se, and should be given the grace of being allowed leave to amend his complaint to morte accurately restate his long standing and stated claims of actions and his plea for equity in the form of a cease and desist. The defendant/respondents will not be harmed or subject to any unfair processes because they have known the claims for years, and are now trying to take advantage of the Plaintiff's lack of counsel and a federal judge who is unfamiliar with the Plaintiff's cases.

See in particular, but not limited to Page 80 (original page 12), paragraph 3 stating the equitable claim that allows for the Federal District Court to have and continue jurisdiction; page 84 (original page 16) again stating the claims; page 92 (original page 24) referencing the punitive damages that may be allowed against Defendant Wells Fargo for illegal collections; page 96 (original page 28) IV Due Process Violation.

SUSU version
District 1.3

**APPEAL,CLOSED,JGM,MOTREF,PROSE**

# U.S. District Court
## United States District Court for the District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE 3:11-cv-00904-CSH

https://ecf.ctd.uscourts.gov/cgi-bin/DktRpt.pl?632431364386732-L 1 0-1

Rumbin v. Duncan et al
Assigned to: Judge Charles S. Haight, Jr
Referred to: Judge Joan G. Margolis
Cause: 28:1345 Recovery of Debt to US

Date Filed: 06/03/2011
Date Terminated: 02/22/2016
Jury Demand: None
Nature of Suit: 480 Consumer Credit
Jurisdiction: U.S. Government Defendant

1

Peter R. Rum bin

represented by Peter R. Rumbin
87 Second St.
Hamden,, CT 06514
PRO SE

Defendant

Arne Duncan
Secretary ofEducation, US Dept of Education

represented by Christine L. Sciarrino
U.S. Attorney's Office-NH
157 Church st., 25th Floor
New Haven, CT 06510 203-821-3780
Fax: 203-773-5373
Email: Christine.Sciarrino@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Defendant

Timothy Geithner
US Dept of Treasury

represented by Christine L. Sciarrino
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Defendant

Beth Harris
TERMINATED: 06/25/2014

represented by Anthony D. Sutton
Chinigo Leone & Maruzo
PO Box 1510

Case: 26-1910 Document: 00118521608 Page: 5 Date Filed: 09/29/2026 Entry ID: 6851179

Case: 26-1910 Document: 00118521608 Page: 6 Date Filed: 09/29/2026 Entry ID: 6851179



**Defendant**

**Beth Harris**
*TERMINATED: 06/25/2014*

represented by **Anthony D. Sutton**
Chinigo Leone & Maruzo
PO Box 1510
141 Broadway
Norwich, CT 06360
860-889-8900
Fax: 860-887-1744
Email: ASUTTON@NORWICHLAW.COM
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick M. Noonan**
Donahue, Durham & Noonan
Concept Park
741 Boston Post Road
Guilford, CT 06437
203-458-9168
Fax: 203-458-4424
Email: pnoonan@ddnctlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/03/2011 | 1 | COMPLAINT against Arne Duncan, Timothy Geithner, Beth Harris, filed by Peter R. Rumbin.(Fazekas, J.) (Entered: 06/06/2011) |
| 06/03/2011 | 2 | MOTION to Seal Case by Peter R. Rumbin. (Fazekas, J.) (Entered: 06/06/2011) |
| 06/03/2011 | 3 | MOTION for Leave to Proceed in forma pauperis by Peter R. Rumbin. (Fazekas, J.) (Entered: 06/06/2011) |
| 06/03/2011 | 4 | MOTION to Appoint Counsel by Peter R. Rumbin. (Fazekas, J.) (Entered: 06/06/2011) |
| 06/03/2011 | 5 | Order on Pretrial Deadlines: Discovery due by 12/3/2011. Signed by Clerk on 6/3/2011. (Fazekas, J.) (Entered: 06/06/2011) |
| 06/07/2011 | 6 | ORDER REFERRING CASE to Magistrate Judge Joan G. Margolis for ruling on 3 MOTION for Leave to Proceed in forma pauperis. Signed by Judge Charles S. Haight, Jr on 6/7/11. Motions referred to Joan G. Margolis(Pesta, J.) (Entered: 06/07/2011) |
| 06/08/2011 | 7 | ELECTRONIC ORDER granting 3 Motion for Leave to Proceed in forma pauperis. THIS IS THE ONLY NOTICE THE COURT WILL ISSUE. Signed by Judge Joan G. Margolis on 6/8/11. (Margolis, Joan) (Entered: 06/08/2011) |
| 06/08/2011 | | Docket Entry Correction re Staff Notes - Order (#7) mailed to pro se plaintiff. Order not mailed by chambers. Clerk's office will mail out IFP package to pro se plaintiff. (Rodko, B.) (Entered: 06/08/2011) |
| 06/09/2011 | 8 | USM 285 forms together with Summons, OPTD, Text Order Grantig IFP, Text Order Referring Case to Magistrate, and all instructions mailed to IFP plaintiff to complete and return to Clerk's office. (Malone, P.) (Entered: 06/09/2011) |
| 06/09/2011 | 9 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Arne Duncan, Timothy Geithner, Beth Harris* with answer to complaint due within *60* |

Case: 26-1910 Document: 00118521608 Page: 7 Date Filed: 09/29/2026 Entry ID: 6851179



| | | |
|---|---|---|
| | | days. Attorney *Peter R. Rumbin* *87 Second St.* *Hamden, CT 06514*. (Malone, P.) (Entered: 06/09/2011) |
| 06/20/2011 | | USM 285 forms together with Summons, Complaint with attachments, OPTD, Order granting IFP, Motion for Leave to Proceed in forma pauperis, Motion to Seal Case, Motion to Appoint Counsel, reviewed and sent to USM for service on defendant(s). (Malone, P.) (Entered: 06/20/2011) |
| 08/04/2011 | 10 | NOTICE of Appearance by Christine L. Sciarrino on behalf of Arne Duncan, Timothy Geithner (Malone, P.) (Entered: 08/04/2011) |
| 08/04/2011 | 11 | Memorandum in Opposition re 2 MOTION to Seal Case filed by Arne Duncan, Timothy Geithner. (Malone, P.) (Entered: 08/04/2011) |
| 08/04/2011 | 12 | MOTION to Dismiss Complaint by Arne Duncan, Timothy Geithner.Responses due by 8/25/2011 (Malone, P.) (Entered: 08/04/2011) |
| 08/04/2011 | 13 | Memorandum in Support re 12 MOTION to Dismiss filed by Arne Duncan, Timothy Geithner. (Attachments: # 1 Memorandum in Support Part 2, # 2 Memorandum in Support Part 3)(Malone, P.) (Entered: 08/04/2011) |
| 08/04/2011 | 14 | NOTICE to Pro Se Litigant Opposing 12 MOTION to Dismiss As required by Local Rule 12(a) (Malone, P.) (Entered: 08/04/2011) |
| 08/04/2011 | | ENTERED IN ERROR JUDICIAL PROCEEDINGS SURVEY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link:<br><br>https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?survey<br>(Malone, P.) Modified on 8/5/2011 (Malone, P.). (Entered: 08/04/2011) |
| 08/05/2011 | | Docket Entry Correction re Judicial Evaluation Program Survey,,, DOCKETED ON WRONG CASE NUMBER. PARTIES SHOULD DISREGARD THIS ENTRY. (Malone, P.) (Entered: 08/05/2011) |
| 08/16/2011 | 15 | NOTICE of Appearance by Patrick M. Noonan on behalf of Beth Harris (Pesta, J.) (Entered: 08/16/2011) |
| 08/29/2011 | 16 | NOTICE of Appearance by Anthony D. Sutton on behalf of Beth Harris (Malone, P.) (Entered: 08/30/2011) |
| 08/29/2011 | 17 | First MOTION for Extension of Time until 9/27/11 to file a response to Plaintiff's 1 Complaint which was served upon defendant on June 28, 2011 by Beth Harris. (Malone, P.) (Entered: 08/30/2011) |
| 09/12/2011 | 19 | ENTERED IN ERROR SUMMONS Returned Executed by Peter R. Rumbin. Arne Duncan served on 8/25/2011, answer due 9/15/2011; Timothy Geithner served on 8/31/2011, answer due 9/21/2011; Beth Harris served on 6/28/2011, answer due 9/27/2011. (Malone, P.) Modified on 9/14/2011 to correct relief (Malone, P.). (Entered: 09/13/2011) |
| 09/12/2011 | 21 | SUMMONS Returned Executed by Peter R. Rumbin. Arne Duncan served on 8/25/2011, answer due 10/24/2011; Timothy Geithner served on 8/31/2011, answer due 10/30/2011; Beth Harris Served on 6/28/11, answer due 9/27/11 Correcting document 19(Malone, P.) (Entered: 09/14/2011) |

Case: 26-1910 Document: 00118521608 Page: 8 Date Filed: 09/29/2026 Entry ID: 6851179

| | | |
|---|---|---|
| 09/13/2011 | 18 | ELECTRONIC ORDER granting 17 Motion by Defendant Beth Harris for Extension of Time until September 27, 2011 to Respond to Plaintiff's Complaint. Signed by Judge Charles S. Haight, Jr. on September 13, 2011. (Lacedonia, J.) (Entered: 09/13/2011) |
| 09/13/2011 | 20 | ELECTRONIC ORDER denying 2 Plaintiff's Motion to Seal Case. Local Civil Rule 5(e) provides that the power to seal shall be used "sparingly and only for clear and compelling reasons." Such "extraordinary circumstances" do not exist in this case, in which Plaintiff alleges that the government is unlawfully withholding a portion of Plaintiff's Social Security as payment for Plaintiff's federal education loans. However, personal identifying information, specifically the last four digits of Plaintiff's social security number, should be redacted from the complaint where it appears at pages 38-40. Signed by Judge Charles S. Haight, Jr. on September 13, 2011. (Lacedonia, J.) (Entered: 09/13/2011) |
| 09/26/2011 | 22 | Plaintiff's RESPONSE re 11 Memorandum in Opposition to Motion filed by Peter R. Rumbin. (Ghilardi, K.) (Entered: 09/27/2011) |
| 09/29/2011 | 23 | Second MOTION for 14 day Extension of Time to 10/11/11 to Respond to Complaint by Beth Harris. (Brown, S.) (Entered: 09/30/2011) |
| 10/05/2011 | 24 | SUMMONS Returned Executed as to Timothy Geithner (Second Notice) by Peter R. Rumbin. (Falcone, K.) (Entered: 10/05/2011) |
| 10/13/2011 | 26 | ANSWER to 1 Complaint with Special Defenses by Beth Harris.(Malone, P.) (Entered: 10/18/2011) |
| 10/14/2011 | 25 | ELECTRONIC ORDER granting 23 Motion for Extension of Time. Defendants shall respond to the Complaint by October 21, 2011. Signed by Judge Charles S. Haight, Jr on October 14, 2011. (Wilson, D.) (Entered: 10/14/2011) |
| 10/14/2011 | | Answer deadline updated for Beth Harris to 10/21/2011. (Ghilardi, K.) (Entered: 10/17/2011) |
| 04/24/2012 | 27 | RULING denying 4 Motion to Appoint Counsel. See attached Ruling. Plaintiff is directed to file and serve papers in opposition to the Government's motion to dismiss the Complaint on or before May 25, 2012, failing which the Court will decide the motion on the present record. If Plaintiff files opposing papers, the Government may, if so advised, file and serve reply papers not later than June 8, 2012. If the court desires oral argument, the parties will be advised by Chambers. Signed by Judge Charles S. Haight, Jr on April 24, 2012. (Caldwell, M.) (Entered: 04/24/2012) |
| 04/24/2012 | | Set Deadline as to 12 MOTION to Dismiss. Responses due by 5/25/2012 (Falcone, K.) (Entered: 04/25/2012) |
| 04/27/2012 | 28 | MOTION for Summary Judgment by Beth Harris.Responses due by 5/18/2012 (Attachments: # 1 Memorandum in Support, # 2 Affidavit of Norma Carmona)(Noonan, Patrick) (Entered: 04/27/2012) |
| 04/27/2012 | 29 | NOTICE by Beth Harris re 28 MOTION for Summary Judgment - *Notice of Service* (Noonan, Patrick) (Entered: 04/27/2012) |
| 04/27/2012 | 30 | Statement of Material Facts re 28 MOTION for Summary Judgment filed by Beth Harris. (Noonan, Patrick) (Entered: 04/27/2012) |
| 05/19/2012 | 31 | ACKNOWLEDGMENT OF SERVICE Executed upon US Attorney on 6/22/11 Acknowledgment filed by Peter R. Rumbin. (Brown, S.) (Entered: 05/21/2012) |
| 05/24/2012 | 32 | MOTION for 14-30 Day Extension of Time to File Response to 28 MOTION for Summary Judgment by Peter R. Rumbin. (Brown, S.) Modified on 5/25/2012 (Brown, S.). (Entered: 05/25/2012) |

| | | |
|---|---|---|
| 05/25/2012 | | Docket Entry Correction re 32 MOTION for Extension of Time to File Response to 28 MOTION for Summary Judgment; modified by correcting file date from 5/25/12 to 5/24/12 (Brown, S.) (Entered: 05/25/2012) |
| 06/05/2012 | 33 | ORDER Returning Submission as Deficient: Copy of Summons Service Return for Defendant Beth Harris returned to Peter R. Rumbin. Signed by Judge Charles S. Haight, Jr on 6/4/12. (Torrenti, R.) (Entered: 06/05/2012) |
| 06/14/2012 | 34 | ELECTRONIC ORDER granting, the time for objection having passed and no objection having been made, 32 Motion for Extension of Time to File Response/Reply. The Court understands the request for an extension of time to apply to Plaintiff's responses to both of the pending dispositive motions. The deadline for Plaintiff's responses to 12 the Motion to Dismiss and 28 the Motion for Summary Judgment is July 9, 2012. Signed by Judge Charles S. Haight, Jr on June 14, 2012. (Caldwell, M.) (Entered: 06/14/2012) |
| 06/15/2012 | | Reset Deadlines as to 12 MOTION to Dismiss, 28 MOTION for Summary Judgment. Responses due by 7/9/2012. (Lynch, K.) (Entered: 06/15/2012) |
| 07/10/2012 | 35 | MOTION for Extension of Time to File Response/Reply for fourteen days as to 28 MOTION for Summary Judgment by Peter R. Rumbin. (Falcone, K.) (Entered: 07/10/2012) |
| 07/12/2012 | 36 | MOTION for Disclosure by the Defendants to reveal all relevant information concerning the matter before the court. by Peter R. Rumbin. (Falcone, K.) (Entered: 07/12/2012) |
| 07/16/2012 | 37 | ELECTRONIC ORDER granting 35 Plaintiff's Motion for Extension of Time.The deadline for Plaintiff's responses to 12 the Motion to Dismiss filed by defendants Duncan and Geithner and 28 the Motion for Summary Judgment filed by defendant Harris is July 23, 2012. No further extensions of this deadline will be considered. Signed by Judge Charles S. Haight, Jr on July 16, 2012. (Caldwell, M.) (Entered: 07/16/2012) |
| 07/16/2012 | 38 | ELECTRONIC ORDER denying 36 Motion for Disclosure, which is not a cognizable motion. Signed by Judge Charles S. Haight, Jr on July 16, 2012. (Caldwell, M.) (Entered: 07/16/2012) |
| 07/17/2012 | | Reset Deadlines as to 12 MOTION to Dismiss, 28 MOTION for Summary Judgment. Responses due by 7/23/2012. (Lynch, K.) (Entered: 07/17/2012) |
| 07/18/2012 | 39 | MOTION for Protective Order by Beth Harris.Responses due by 8/8/2012 (Attachments: # 1 Affidavit)(Noonan, Patrick) (Entered: 07/18/2012) |
| 07/24/2012 | 40 | Memorandum in Opposition re 28 MOTION for Summary Judgment filed by Peter R. Rumbin. (Falcone, K.) (Entered: 07/24/2012) |
| 07/24/2012 | 41 | Memorandum in Opposition re 12 MOTION to Dismiss filed by Peter R. Rumbin. (Falcone, K.) (Entered: 07/24/2012) |
| 07/26/2012 | 42 | RESPONSE re 40 Memorandum in Opposition to 28 Motion *for MSJ* filed by Beth Harris. (Noonan, Patrick) Modified on 7/27/2012 to link to motion for summary judgment (Lynch, K.). (Entered: 07/26/2012) |
| 08/07/2012 | 43 | RESPONSE re 12 MOTION to Dismiss filed by Arne Duncan, Timothy Geithner, Beth Harris. (Falcone, K.) (Entered: 08/07/2012) |
| 08/13/2012 | 44 | RESPONSE re 12 MOTION to Dismiss, 43 Response filed by Peter R. Rumbin. (Falcone, K.) (Entered: 08/14/2012) |
| 08/20/2012 | 45 | RULING AND PROTECTIVE ORDER granting 39 Motion for Protective Order. The Court orders: (1) Plaintiff is prohibited from contacting defense counsel by telephone or visiting the offices of any defense counsel; (2) Plaintiff is required to communicate with |

Case: 26-1910 Document: 00118521608 Page: 9 Date Filed: 09/29/2026 Entry ID: 6851179

Case: 26-1910 Document: 00118521608 Page: 10 Date Filed: 09/29/2026 Entry ID: 6851179



| | | |
|---|---|---|
| | | defense counsel only in writing. See attached Ruling and Order. Signed by Judge Charles S. Haight, Jr on August 20, 2012. (Caldwell, M.) (Entered: 08/20/2012) |
| 05/30/2014 | 46 | MOTION for Clarification 13 Memorandum in Support of Motion, 28 MOTION for Summary Judgment by Peter R. Rumbin. (Falcone, K.) (Entered: 06/03/2014) |
| 06/05/2014 | 47 | OBJECTION re 12 MOTION to Dismiss, 28 MOTION for Summary Judgment filed by Peter R. Rumbin. (Falcone, K.) (Entered: 06/05/2014) |
| 06/10/2014 | 48 | RESPONSE re 46 MOTION for Clarification 13 Memorandum in Support of Motion, 28 MOTION for Summary Judgment filed by Beth Harris. (Noonan, Patrick) (Entered: 06/10/2014) |
| 06/13/2014 | 49 | RESPONSE re 46 MOTION for Clarification 13 Memorandum in Support of Motion, 28 MOTION for Summary Judgment filed by Arne Duncan, Timothy Geithner. (Sciarrino, Christine) (Entered: 06/13/2014) |
| 06/25/2014 | 50 | RULINGS (see attached) denying without prejudice 12 *United States' Motion to Dismiss Complaint* and granting 28 *Motion for Summary Judgment.* The motion of Defendants Duncan and Geithner [Doc. 12 ] to dismiss the Plaintiff's Complaint is DENIED, without prejudice to renewal or reassertion as a motion for summary judgment upon submission of proofs consistent with this Ruling no later than **July 18, 2014.** The motion of Defendants Beth Harris and the University of Chicago [Doc. 28 ] is GRANTED. Plaintiff's Complaint against those Defendants is DISMISSED, with prejudice. Signed by Judge Charles S. Haight, Jr. on June 25, 2014. (Dorais, L.) (Entered: 06/25/2014) |
| 07/18/2014 | 51 | MOTION Renewed Motion to Dismiss Complaint re 12 MOTION to Dismiss by Arne Duncan, Timothy Geithner.Responses due by 8/8/2014 (Attachments: # 1 Affidavit) (Sciarrino, Christine) (Entered: 07/18/2014) |
| 08/05/2014 | 52 | Objection re 51 MOTION Renewed Motion to Dismiss Complaint re 12 MOTION to Dismiss filed by Peter R. Rumbin. (Falcone, K.) (Entered: 08/06/2014) |
| 08/06/2014 | 53 | OBJECTION re 51 MOTION Renewed Motion to Dismiss Complaint re 12 MOTION to Dismiss filed by Peter R. Rumbin. (Falcone, K.) (Entered: 08/07/2014) |
| 02/04/2016 | 54 | ELECTRONIC ORDER denying Plaintiff's 46 *Motion for Clarification*. Plaintiff's questions raised in the *Motion for Clarification* were answered by Defendants in their Responses ( 48 , 49 ). Accordingly, the Plaintiff's *Motion for Clarification* is DENIED AS MOOT. Signed by Judge Charles S. Haight, Jr. on February 4, 2016. (Overbey, C.) (Entered: 02/04/2016) |
| 02/17/2016 | 55 | RULING (see attached) denying Plaintiff's 53 *Appeal and Objection to Defendant's Motion to Dismiss Decision*. Signed by Judge Charles S. Haight, Jr. on February 17, 2016. (Overbey, C.) (Entered: 02/17/2016) |
| 02/17/2016 | 56 | RULING (see attached) granting Defendants' 51 *Renewed Motion to Dismiss*. The Clerk is directed to dismiss the Complaint as to these Defendants with prejudice, and to close the file. Signed by Judge Charles S. Haight, Jr. on February 17, 2016. (Overbey, C.) (Entered: 02/17/2016) |
| 02/22/2016 | 57 | JUDGMENT entered in favor of Arne Duncan, Timothy Geithner against Peter R. Rumbin.<br><br>For Appeal Forms please go to the following website:<br>http://www.ctd.uscourts.gov/forms/all-forms/appeals_forms<br>Signed by Clerk on 2/22/2016.(LaMura, K.) (Entered: 02/22/2016) |
| 03/21/2016 | 58 | Letter from Peter R. Rumbin Dated 3/16/2016 (Payton, R.) (Entered: 03/22/2016) |

7

| | | |
|---|---|---|
| 03/21/2016 | 59 | MOTION for Extension of Time to File a Notice of Appeal by Peter R. Rumbin. (Payton, R.) (Entered: 03/22/2016) |
| 03/21/2016 | 60 | NOTICE OF APPEAL as to 56 Order on Motion for Miscellaneous Relief, by Peter R. Rumbin. (Payton, R.) (Entered: 03/22/2016) |
| 03/21/2016 | 61 | Index to Record on Appeal by Peter R. Rumbin re 60 Notice of Appeal, 8 USM Service Info to IFP Plaintiff, 34 Order on Motion for Extension of Time to File Response/Reply to Motion,, 13 Memorandum in Support of Motion, 30 Statement of Material Facts, 4 MOTION to Appoint Counsel, 46 MOTION for Clarification 13 Memorandum in Support of Motion, 28 MOTION for Summary Judgment, 41 Memorandum in Opposition to Motion, 51 MOTION Renewed Motion to Dismiss Complaint re 12 MOTION to Dismiss , 32 MOTION for Extension of Time to File Response/Reply as to 28 MOTION for Summary Judgment, 59 MOTION for Extension of Time to File a Notice of Appeal, 58 Letter, 10 Notice of Appearance, 52 Response, 56 Order on Motion for Miscellaneous Relief, 40 Memorandum in Opposition to Motion, 1 Complaint, 48 Response, 3 MOTION for Leave to Proceed in forma pauperis, 24 Summons Returned Executed as to USA, 17 MOTION for Extension of Time until 9/27/11 to file a response to Plaintiff's 1 Complaint, 50 Order on Motion to Dismiss,,, Order on Motion for Summary Judgment,, 33 Order Returning Submission, 42 Response, 20 Order on Motion to Seal Case,, 2 MOTION to Seal Case, 31 Acknowledgment of Service, 28 MOTION for Summary Judgment, USM Service Papers Sent, 29 Notice (Other), 39 MOTION for Protective Order, 16 Notice of Appearance, 18 Order on Motion for Extension of Time, 27 Order on Motion to Appoint Counsel,, 49 Response, 11 Memorandum in Opposition to Motion, 57 Judgment, 44 Response, 53 Objection, 12 MOTION to Dismiss, 35 MOTION for Extension of Time to File Response/Reply as to 28 MOTION for Summary Judgment, 5 Order on Pretrial Deadlines, 26 Answer to Complaint, 36 MOTION for Disclosure, 21 Summons Returned Executed as to USA, 15 Notice of Appearance, 9 Electronic Summons Issued, 22 Response, 55 Order, 14 Notice (Other), 45 Order on Motion for Protective Order, 43 Response, 47 Objection, 23 MOTION for Extension of Time. For docket entries without a hyperlink, contact the court to arrange for the document(s) to be made available to you. (Payton, R.) (Entered: 03/22/2016) |
| 03/24/2016 | 62 | ELECTRONIC ORDER denying as moot Plaintiff's 59 *Motion for Extension of Time to File a Notice of Appeal*. Judgment in this case was entered on **February 22, 2016**. Plaintiff filed his 60 *Notice of Appeal* on **March 21, 2016**, less than thirty (30) days after Judgment was entered. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Plaintiff's *Notice of Appeal* is timely. Signed by Judge Charles S. Haight, Jr. on March 24, 2016. (Overbey, C.) (Entered: 03/24/2016) |
| 07/28/2017 | 63 | MANDATE of USCA dated 07/28/2017 Dismissing 60 Notice of Appeal filed by Peter R. Rumbin (Pipech, L.) (Entered: 07/31/2017) |
| 04/17/2018 | 64 | MOTION to Reopen Case by Peter R. Rumbin. Responses due by 5/8/2018 (Peterson, M) (Entered: 04/17/2018) |
| 04/24/2018 | 65 | ELECTRONIC ORDER. In light of *pro se* Plaintiff's recent 64 *Motion to Reopen*, those Defendants who have entered appearances in this case are directed to file briefs in response, on or before **Tuesday, May 15, 2018**. Plaintiff may file reply papers, if so advised, not later than **Tuesday, May 22, 2018**, at which time the instant Motion will be ripe for decision. Signed by Judge Charles S. Haight, Jr. on April 24, 2018. (Pskowski, R.) (Entered: 04/24/2018) |
| 04/24/2018 | | SetDeadlines as to 64 MOTION to Reopen Case. Responses due by 5/15/2018 ; Replies due 5/22/2018. (Freberg, B) (Entered: 04/27/2018) |
| 05/09/2018 | 66 | Memorandum in Opposition re 64 MOTION to Reopen Case filed by Beth Harris. |

| | | |
|---|---|---|
| | | (Noonan, Patrick) (Entered: 05/09/2018) |
| 05/14/2018 | 67 | NOTICE of Appearance by Lauren M. Nash on behalf of Arne Duncan, Timothy Geithner (Nash, Lauren) (Entered: 05/14/2018) |
| 05/14/2018 | 68 | Memorandum in Opposition re 64 MOTION to Reopen Case filed by Arne Duncan, Timothy Geithner. (Sciarrino, Christine) (Entered: 05/14/2018) |
| 05/15/2018 | 69 | EXHIBIT by Peter R. Rumbin re 64 MOTION to Reopen Case. (Peterson, M) (Entered: 05/16/2018) |
| 05/16/2018 | 70 | ACKNOWLEDGMENT OF SERVICE Executed as to 64 MOTION to Reopen Case Acknowledgment filed by Peter R. Rumbin. (Peterson, M) (Entered: 05/17/2018) |
| 05/22/2018 | 71 | Memorandum in Support re 64 MOTION to Reopen Case filed by Peter R. Rumbin. (Peterson, M) (Entered: 05/24/2018) |
| 05/22/2018 | 72 | Letter from Peter R. Rumbin Dated 05/22/2018 Re: Motion to Re-Open Case (Peterson, M) (Entered: 05/24/2018) |
| 07/19/2018 | 74 | SEALED MOTION by Peter R. Rumbin. (Attachments: # 1 Attachment) (Peterson, M) (Entered: 07/23/2018) |
| 07/20/2018 | 73 | EXHIBIT by Peter R. Rumbin re 64 MOTION to Reopen Case. (Fanelle, N.) (Entered: 07/20/2018) |
| 08/29/2018 | 75 | MOTION to Transfer Judge by Peter R. Rumbin. (Anastasio, F.) (Entered: 08/30/2018) |
| 11/01/2018 | 76 | RULING (see attached) denying Plaintiff's 64 *Motion to Re-Open* pursuant to Federal Rules of Civil Procedure 59(e) and 60. Accordingly, Plaintiff's 74 *Motion for Appointment of Counsel* and 75 *Motion to Transfer to Another Judge* are DENIED AS MOOT. The Court adheres to its 50 56 prior rulings, pursuant to which the Complaint was dismissed and the case closed. Signed by Judge Charles S. Haight, Jr. on 11/01/2018. (Chen, C.) (Entered: 11/01/2018) |
| 11/16/2018 | 77 | NOTICE OF APPEAL as to 76 Order on Motion to Reopen Case,, Order on Sealed Motion,, Order on Motion to Transfer/Disqualify/Recuse Judge, by Peter R. Rumbin. Filing fee $ 505. (Freberg, B) (Entered: 11/20/2018) |
| 11/16/2018 | 78 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 77 Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Robin D. Tabora, Clerk. Documents manually filed not included in this transmission: none (Freberg, B) (Entered: 11/20/2018) |
| 09/10/2019 | 79 | MANDATE of USCA dated 9/10/2019 Dismissing 77 Notice of Appeal filed by Peter R. Rumbin (Nuzzi, Tiffany) (Entered: 09/11/2019) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/09/2020 09:10:36 | | | |
| **PACER Login:** | SCPEmployee2 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:11-cv-00904-CSH |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

Case: 26-1910 Document: 00118521608 Page: 13 Date Filed: 09/29/2026 Entry ID: 6851179



**CourtView Justice Solutions** Essex County

# Civil Case Summary

Functions»CV Summary»

**2577CV00816 Rumbin, Peter R. vs. Scott Bassent In his/her capacity as Department of The US Treasury et al**

## Case Information

**File Date** 07/29/2025
**Case Disposition** Transferred to another Court
**Category** Rule 12 hearing scheduled
**Track** A - Average
**Case Status** Closed
**Case Disposition Date** 02/05/2026
**Action** Financial Institutions / Funds
**SCR Elapsed Days** 421
**Case Status Date** 07/29/2025
**Case Judge**
**Session** Civil D

## Party Information:: 6

| Party Name<br>Party Alias(es) | Party Type | Party Role | Attorney(s) |
|---|---|---|---|
| Rumbin, Peter R. | Plaintiff | | Pro Se |
| Scott Bassent In his/her capacity as Department of The US Treasury | Defendant | | Fitzgerald, Esq., Michael Lee |
| Office of the General Counsel, US Dept. of Education | Defendant | | Fitzgerald, Esq., Michael Lee |
| Sheri Cann As President/CEO Of F.H. Cann & Associates | Defendant | | Calvagno, Esq., Antonio |
| Ellen R. Patterson In his/her capacity as Senior Ex. VP, General Counsel, Wells Fargo & Co. | Defendant | | Rome, Esq., Judah Herzl |
| Elizabeth Shanin In his/her capacity as VP and General Counsel, University of Chicago | Defendant | | Arnold, Esq., Alexandra<br>Cloherty, Esq., Daniel Joseph |

## Alert Information: 0

## Case Schedule: 2 Displaying 2 Records

| Date | Start Time | | Event Type | Session | Notes | Result | Result Reason |
|---|---|---|---|---|---|---|---|
| 03/10/2026 | 02:00 PM | 1 of 1 | Rule 12 Hearing | Civil D | 1 | Canceled | By Court prior to date |
| 03/10/2026 | 02:00 PM | 1 of 1 | Rule 12 Hearing | Civil D | 1 | Canceled | By Court prior to date |

## Subsequent Actions/Subject: 0

## Service Summary: 0

## Fee Generating: 0

## Linked Case(s): 0

Case: 26-1910 Document: 00118521608 Page: 14 Date Filed: 09/29/2026 Entry ID: 6851179



**Financial: 1 Displaying 1 Records A/R Amount Due: 0.00 Non-A/R Amount Due: 0.00 Holding Money Balance On-Hand: 0.00**

| Receipt # | Date | Received From | Amount Paid |
|---|---|---|---|
| 45192 | 08/05/2025 | Pro Se | 300.00 |

| Payment | |
|---|---|
| CHECK | 300.00 |

| Fee | |
|---|---|
| Filing Fee | 275.00 |
| Certificates/Copies/Summons | 25.00 |

**Ticklers: 0**

**DCM: 1**

| DCM Track | Effective Date | Tickler | Due Date | Completion Date | Entered By |
|---|---|---|---|---|---|
| A - Average | 07/29/2025 | Service | 10/27/2025 | 02/05/2026 | SALAPLANTE |
| | | Answer | 11/26/2025 | 02/05/2026 | SALAPLANTE |
| | | Rule 12/19/20 Served By | 11/26/2025 | 02/05/2026 | SALAPLANTE |
| | | Rule 12/19/20 Filed By | 12/26/2025 | 02/05/2026 | SALAPLANTE |
| | | Rule 12/19/20 Heard By | 01/26/2026 | 02/05/2026 | SALAPLANTE |
| | | Rule 15 Served By | 09/22/2026 | 02/05/2026 | SALAPLANTE |
| | | Rule 15 Filed By | 10/22/2026 | 02/05/2026 | SALAPLANTE |
| | | Rule 15 Heard By | 10/22/2026 | 02/05/2026 | SALAPLANTE |
| | | Discovery | 07/19/2027 | 02/05/2026 | SALAPLANTE |
| | | Rule 56 Served By | 08/18/2027 | 02/05/2026 | SALAPLANTE |
| | | Rule 56 Filed By | 09/17/2027 | 02/05/2026 | SALAPLANTE |
| | | Final Pre-Trial Conference | 01/17/2028 | 02/05/2026 | SALAPLANTE |
| | | Judgment | 07/28/2028 | 02/05/2026 | SALAPLANTE |

**Case Disposition(s): 1**

| STATUS | Status Date | Disposition | Disposition Date | Action Code |
|---|---|---|---|---|
| Closed | 07/29/2025 | Transferred to another Court | 02/05/2026 | Financial Institutions / Funds |

**Docket Entries: 73 Displaying 40 Records**

| Date | Ref | Journal Book | Docket Text | Judge | Amount Due | Image |
|---|---|---|---|---|---|---|
| 03/05/2026 | | | Pleading titled, Letter to the court, filed with the court on 03/05/2026, returned to Pro Se Peter R. Rumbin case has been transferred to U.S. District Court | | | |
| 02/09/2026 | | | Pleading titled, Objection to Motion to Dismiss, filed with the court on 02/09/2026, returned to Peter R. Rumbin | | | |
| 02/05/2026 | | | Docket Note: Certified copies of all pleadings and docket report mailed to Attorney Michael L. Fitzgerald | | | |
| 02/05/2026 | | | Case transferred to another court. | | | |
| 02/05/2026 | | | Event Result:: Rule 12 Hearing scheduled on: 03/10/2026 02:00 PM Has been: Canceled For the following reason: By Court prior to date Hon. Salim Tabit, Presiding Staff: Anne Mitchell, Assistant Clerk Magistrate | Tabit, Hon. Salim | | |
| 02/05/2026 | | | Event Result:: Rule 12 Hearing scheduled on: 03/10/2026 02:00 PM Has been: Canceled For the following reason: By Court prior to date Hon. Salim Tabit, Presiding Staff: Anne Mitchell, Assistant Clerk Magistrate | Tabit, Hon. Salim | | |
| 01/28/2026 | 22 | | Notice of Removal to the United States District Court filed by Applies To: Scott Bassent In his/her capacity as Department of The US Treasury (Defendant); Office of the General Counsel, US Dept. of Education (Defendant) United States District Court for the District of Massachusetts Case No. 1:26-cv-10247 | | | |

| Date | Ref | Journal Book | Docket Text | Judge | Amount Due | Image |
|---|---|---|---|---|---|---|
| 01/23/2026 | | | Docket Note: a copy of Superior Court Rule 9A was mailed to the pro se plaintiff this date | | | |
| 01/23/2026 | 21 | | Self-Represented Plaintiff Peter R. Rumbin's Submission of Letter to the Court | | | |
| 01/09/2026 | | | EDocument sent: Clerk's Notice (eDoc) Sent On: 01/09/2026 10:56:27 Notice Sent To: Antonio Calvagno, Esq. antonio.calvagno@gmail.com Notice Sent To: Judah Herzl Rome, Esq. judah.rome@troutman.com Notice Sent To: Daniel Joseph Cloherty, Esq. dcloherty@clohertysteinberg.com Notice Sent To: Alexandra Arnold, Esq. aarnold@clohertysteinberg.com Notice Sent To: Peter R. Rumbin 87 Second Street, Hamden, CT 06514 | | | |
| 01/09/2026 | | | EDocument sent: Clerk's Notice (eDoc) Sent On: 01/09/2026 10:16:31 Notice Sent To: Antonio Calvagno, Esq. antonio.calvagno@gmail.com Notice Sent To: Judah Herzl Rome, Esq. judah.rome@troutman.com Notice Sent To: Daniel Joseph Cloherty, Esq. dcloherty@clohertysteinberg.com Notice Sent To: Alexandra Arnold, Esq. aarnold@clohertysteinberg.com Notice Sent To: Peter R. Rumbin 87 Second Street, Hamden, CT 06514 | | | |
| 01/08/2026 | | | Endorsement on Motion to (#20.0): File Additional Documents to Defendants' Motion to Dismiss DENIED After review motion DENIED substantly despite plaintiff's failure to comply with Rule 9A. A motion to dismiss is typically assessed on the four corners drawn therefrom. See Navarro v. Burgess, 99 Mass. App. Ct. 466, 467, n. 4 (2021) explaining that under certain circumstances not applicable here, the court may consider materials outside the four corners of the complaint. The court will not convert this motion into a motion for summary judgment by including and/or considering matters outside the pleadings. | Tabit, Hon. Salim | | |
| 01/08/2026 | | | Endorsement on Motion for 30 Day Stay (#19.0): DENIED Motion DENIED without prejudice for failure to comply with MA Superior Court Rule 9A. (Dated 1/8/2026) | Dunigan, Hon. Elizabeth | | |
| 01/05/2026 | 20 | | Self-Represented Plaintiff Peter R. Rumbin's Request of Motion for Leave of the Court to File Additional Documents (Addendum) to Defendants' Motion to Dismiss from the U of Chicago and Elizabeth Shanin and F.H. Cann & Associates filed with the Court on12/19/2025 | | | |
| 12/30/2025 | | | EDocument sent: Notice to Appear was generated and sent to: Defendant: Antonio Calvagno, Esq. antonio.calvagno@gmail.com Defendant: Judah Herzl Rome, Esq. judah.rome@troutman.com Defendant: Daniel Joseph Cloherty, Esq. dcloherty@clohertysteinberg.com Defendant: Alexandra Arnold, Esq. aarnold@clohertysteinberg.com Plaintiff: Peter R Rumbin 87 Second Street, Hamden, CT 06514 Sent On: 12/30/2025 14:32:40 | | | |
| 12/29/2025 | | | Pleading titled, Objection to Motion to Dismiss, filed with the court on 12/29/2025, returned to Peter R. Rumbin Objection to Motion to Dismiss docketed on Pleading 18.3 dated 12/19/2025 | | | |
| 12/29/2025 | 19 | | Self-Represented Plaintiff Peter R. Rumbin's Motion for 30 Day Stay | | | |
| 12/19/2025 | | | Docket Note: DUE TO A RETURNED PLEADING, NO. 17 WILL NOT APPEAR IN THE NUMERICAL ORDER OF THE DOCKET | | | |
| 12/19/2025 | | | Pleading titled, Addendum to Objection to the Motion to Dismiss from the U. of Chicago and Elizabeth Shanin and F.H. Cann & Associates, filed with the court on 12/19/2025, returned to Peter R. Rumbin Plaintiff must seek leave of court to file additional documents relative to a 9A motion package that has been submitted and filed with the court. | | | |
| 12/19/2025 | 18.5 | | | | | |

Case: 26-1910 Document: 00118521608 Page: 16 Date Filed: 09/29/2026 Entry ID: 6851179



| Date | Ref | Journal Book | Docket Text | Judge | Amount Due | Image |
|---|---|---|---|---|---|---|
| | | | Rule 9A notice of filing Applies To: Calvagno, Esq., Antonio (Attorney) on behalf of Sheri Cann As President/CEO Of F.H. Cann & Associates (Defendant) | | | |
| 12/19/2025 | 18.4 | | Reply/Sur-reply Reply in Support of her Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6) | | | |
| 12/19/2025 | 18.3 | | Opposition to Motion to Dismiss from The U. Of Chicago and Elizabeth Shanin and F.H. Cann & Associates filed by Peter R. Rumbin | | | |
| 12/19/2025 | 18.2 | | Opposition to Motion to Dismiss filed by Peter R. Rumbin | | | |
| 12/19/2025 | 18.1 | | Sheri Cann As President/CEO Of F.H. Cann & Associates's Memorandum in support of Motion to Dismiss | | | |
| 12/19/2025 | 18 | | Defendant Sheri Cann As President/CEO Of F.H. Cann & Associates's Motion to dismiss all counts | | | |
| 12/17/2025 | 16 | | Objection to To The Motion To Dismiss From The U. Of Chicago And Elizabeth Shanin and F.H.Cann & Associates filed by Peter R. Rumbin DUPLICATE/DOCKETED IN ERROR AS MOTION HAD NOT YET BEEN FILED AT THE TIME OF DOCKETING. MOTION HAS SINCE BEEN FILED-SEE PAPER NO. 18.3 | | | |
| 12/17/2025 | | | EDocument sent: Clerk's Notice (eDoc) Sent On: 12/17/2025 09:30:05 Notice Sent To: Antonio Calvagno, Esq. antonio.calvagno@gmail.com Notice Sent To: Judah Herzl Rome, Esq. judah.rome@troutman.com Notice Sent To: Daniel Joseph Cloherty, Esq. dcloherty@clohertysteinberg.com Notice Sent To: Alexandra Arnold, Esq. aarnold@clohertysteinberg.com Notice Sent To: Peter R. Rumbin 87 Second Street, Hamden, CT 06514 | | | |
| 12/16/2025 | | | Endorsement on Motion to Dismiss Pursuant to Rule 12(b)(6) (#13.0): DENIED DENIED without prejudice for failing to comply with Superior Court Rule 9A(b). | Karp, Hon. Jeffrey | | |
| 12/16/2025 | 15.4 | | Defendant Ellen R. Patterson In his/her capacity as Senior Ex. VP, General Counsel, Wells Fargo & Co.'s Notice of Filing and List of Documents Filed Pursuant to Rule 9A | | | |
| 12/16/2025 | 15.3 | | Ellen R. Patterson In his/her capacity as Senior Ex. VP, General Counsel, Wells Fargo & Co.'s Reply Memorandum in support of her motion to dismiss the complaint | | | |
| 12/16/2025 | 15.2 | | Objection to the defendant, Ellen R. Paterson's Motion to dismiss and arguments for levying damages and cessation of further litigation against the plaintiff, Peter R. Rumbin filed by Peter R. Rumbin | | | |
| 12/16/2025 | 15.1 | | Ellen R. Patterson In his/her capacity as Senior Ex. VP, General Counsel, Wells Fargo & Co.'s Memorandum of Law in support of her motion to dismiss the complaint | | | |
| 12/16/2025 | 15 | | Defendant Ellen R. Patterson In his/her capacity as Senior Ex. VP, General Counsel, Wells Fargo & Co.'s Motion to dismiss the complaint | | | |
| 12/12/2025 | 14 | | Defendant Sheri Cann As President/CEO Of F.H. Cann & Associates's Notice of Motion to Dismiss | | | |
| 12/12/2025 | 13.2 | | Rule 9A notice of filing *Efiled | | | |
| 12/12/2025 | 13.1 | | Sheri Cann As President/CEO Of F.H. Cann & Associates's Memorandum of Law in support of her motion to dismiss | | | |
| 12/12/2025 | 13 | | Defendant Sheri Cann As President/CEO Of F.H. Cann & Associates's Motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon relief can be granted | | | |
| 12/12/2025 | | | EDocument sent: Clerk's Notice (eDoc) Sent On: 12/12/2025 13:48:52 Notice Sent To: Antonio Calvagno, Esq. antonio.calvagno@gmail.com Notice Sent To: Judah Herzl Rome, Esq. judah.rome@troutman.com Notice Sent To: Daniel Joseph Cloherty, Esq. | | | |

| Date | Ref | Journal Book | Docket Text | Judge | Amount Due | Image |
|---|---|---|---|---|---|---|
| | | | dcloherty@clohertysteinberg.com Notice Sent To: Alexandra Arnold, Esq. aarnold@clohertysteinberg.com Notice Sent To: Peter R. Rumbin 87 Second Street, Hamden, CT 06514 | | | |
| 12/12/2025 | | | Endorsement on Request for Appointment of Legal Counsel (#12.0): DENIED The request for appointment of counsel must be DENIED because attorneys are not appointed to represent parties in civil actions in Superior Court. | Karp, Hon. Jeffrey | | |
| 12/12/2025 | 12 | | Self-Represented Plaintiff Peter R. Rumbin's Response to Returned Pleading by the Court of November 28, 2025 with a Request for Assignment of Legal Counsel (filed December 3, 2025) | | | |

**Case Notes: 0**

**Case Additional Fields: 0**

Copyright © 2026 CourtView Justice Solutions, Inc., an equivant company

Case: 26-1910 Document: 00118521608 Page: 17 Date Filed: 09/29/2026 Entry ID: 6851179

Case: 26-1910 Document: 00118521608 Page: 18 Date Filed: 09/29/2026 Entry ID: 6851179

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand and nineteen.

Before: Raymond J. Lohier, Jr.,
*Circuit Judge.*

---

Peter R. Rumbin,

Plaintiff - Appellant,

v.

Arne Duncan, Secretary of Education, US Dept of Education, Timothy Geithner, United States Department of Treasury, Beth Harris,

Defendants - Appellees.

---

**ORDER**

Docket No. 18-3488

Appellant, pro se, moves for an extension of time within which to file his motion for reconsideration.

IT IS HEREBY ORDERED that Appellant is GRANTED an extension until September 30, 2019.

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

Catherine O'Hagan Wolfe

Case: 26-1910 Document: 00118521608 Page: 19 Date Filed: 09/29/2026 Entry ID: 6851179

| | | |
|---|---|---|
| 11/20/2018 | 1<br>11 pg, 333.92 KB | NOTICE OF CIVIL APPEAL, with district court docket, on behalf of Appellant Peter R. Rumbin, copy to pro se appellant, FILED. [2439842] [18-3488] [Entered: 11/21/2018 12:26 PM] |
| 11/20/2018 | 2<br>7 pg, 124 KB | DISTRICT COURT RULING, dated 11/01/2018, RECEIVED.[2439864] [18-3488] [Entered: 11/21/2018 12:32 PM] |
| 11/20/2018 | 3<br>1 pg, 32.12 KB | PAYMENT OF DOCKETING FEE, on behalf of Appellant Peter R. Rumbin, district court receipt # CTXH0BB11H71, FILED.[2439867] [18-3488] [Entered: 11/21/2018 12:33 PM] |
| 11/20/2018 | 5<br>20 pg, 353.23 KB | ELECTRONIC INDEX, in lieu of record, FILED.[2439872] [18-3488] [Entered: 11/21/2018 12:35 PM] |
| 11/21/2018 | 6<br>1 pg, 9.18 KB | INSTRUCTIONAL FORMS, to Pro Se litigant, SENT.[2439877] [18-3488] [Entered: 11/21/2018 12:36 PM] |
| 11/27/2018 | 9<br>2 pg, 764.62 KB | NOTICE OF APPEARANCE AS ADDITIONAL COUNSEL, on behalf of Appellee Arne Duncan and Timothy Geithner, FILED. Service date 11/27/2018 by CM/ECF, US mail. [2442250] [18-3488] [Entered: 11/27/2018 11:58 AM] |
| 11/27/2018 | 10 | ATTORNEY, Christine L. Sciarrino for Timothy Geithner Arne Duncan, in case 18-3488 , [9], ADDED. [2442614] [18-3488] [Entered: 11/27/2018 03:19 PM] |
| 11/30/2018 | 12<br>3 pg, 312.26 KB | NOTICE OF APPEARANCE AS SUBSTITUTE COUNSEL, on behalf of Beth Harris, FILED. Service date 11/30/2018 by CM/ECF, US mail. [2445875] [18-3488] [Entered: 11/30/2018 12:43 PM] |
| 11/30/2018 | 13<br>1 pg, 9.3 KB | CAPTION, designation for Appellee Beth Harris, copy to pro se appellant, AMENDED.[2446027] [18-3488] [Entered: 11/30/2018 02:12 PM] |
| 11/30/2018 | 14<br>3 pg, 427.49 KB | ACKNOWLEDGMENT AND NOTICE OF APPEARANCE, on behalf of Appellee Beth Harris, FILED. Service date 11/30/2018 by CM/ECF, US mail.[2446112] [18-3488] [Entered: 11/30/2018 03:00 PM] |
| 12/06/2018 | 15<br>1 pg, 36.85 KB | ORDER, dated 12/06/2018, dismissing appeal by 12/27/2018, unless Appellant Peter R. Rumbin, submits form, D-P, copy to pro se appellant, FILED.[2449237] [18-3488] [Entered: 12/06/2018 10:35 AM] |
| 12/06/2018 | 16<br>1 pg, 36.99 KB | ORDER, dated 12/06/2018, dismissing appeal by 12/27/2018 unless Appellant Peter R. Rumbin, submits Acknowledgment and Notice of Appearance form, copy to pro se appellant, FILED.[2449251] [18-3488] [Entered: 12/06/2018 10:43 AM] |
| 01/03/2019 | 19 | MOTION, for assignment of pro bono counsel, on behalf of Appellant Peter R. Rumbin, FILED.[2469055] [18-3488] [Entered: 01/07/2019 03:50 PM] |
| 01/07/2019 | 20<br>2 pg, 17.7 KB | DEFECTIVE DOCUMENT: MOTION, for assignment of pro bono counsel, [19], on behalf of Appellant Peter R. Rumbin, copy to pro se appellant, FILED.[2469061] [18-3488] [Entered: 01/07/2019 03:52 PM] |
| 01/11/2019 | 21<br>3 pg, 171.1 KB | PAPERS, motion for assignment of pro bono counsel, on behalf of Appellant Peter R. Rumbin, RECEIVED. [2478005] [18-3488] [Entered: 01/18/2019 10:11 AM] |
| 01/29/2019 | 22<br>2 pg, 113.99 KB | ACKNOWLEDGMENT AND NOTICE OF APPEARANCE FORM, on behalf of Appellant Peter R. Rumbin, FILED. Service date 01/17/2019 by US mail.[2486076] [18-3488] [Entered: 01/31/2019 08:58 AM] |
| 01/29/2019 | 23<br>2 pg, 106.92 KB | LR 31.2 SCHEDULING NOTIFICATION, on behalf of Appellant Peter R. Rumbin, informing Court of proposed due date 03/14/2019, RECEIVED. Service date 01/17/2019 by US mail.[2486081] [18-3488] [Entered: 01/31/2019 09:01 AM] |
| 01/29/2019 | 24<br>2 pg, 125.98 KB | FORM D-P, on behalf of Appellant Peter R. Rumbin, FILED. Service date 01/17/2019 by US mail.[2486091] [18-3488] [Entered: 01/31/2019 09:07 AM] |
| 01/29/2019 | 25 | MOTION, to proceed in forma pauperis, for assignment of pro bono counsel, on behalf of Appellant Peter R. Rumbin, FILED. Service date 01/17/2019 by US mail.[2488017] [18-3488] [Entered: 02/04/2019 09:16 AM] |
| 02/04/2019 | 26<br>2 pg, 17.67 KB | DEFECTIVE DOCUMENT: MOTION, to proceed in forma pauperis, for assignment of pro bono counsel, [25],[25], on behalf of Appellant Peter R. Rumbin, copy to pro se appellant, FILED.[2488021] [18-3488] [Entered: 02/04/2019 09:20 AM] |
| 02/06/2019 | 27 | PAPERS, in support of motion, for assignment of pro bono counsel, on behalf of Appellant Peter R. Rumbin, RECEIVED.[2492028] [18-3488] [Entered: 02/07/2019 04:04 PM] |
| 02/07/2019 | 28<br>2 pg, 17.7 KB | DEFECTIVE DOCUMENT: PAPERS, in support of motion, for assignment of pro bono counsel, [27], on behalf of Appellant Peter R. Rumbin, copy to pro se appellant, FILED.[2492043] [18-3488] [Entered: 02/07/2019 04:07 PM] |
| 02/22/2019 | 29 | MOTION, for assignment of pro bono counsel, on behalf of Appellant Peter R. Rumbin, FILED. No Service. [2504424] [18-3488] [Entered: 02/25/2019 12:14 PM] |
| 02/22/2019 | 30 | MOTION, to extend time for counsel to appear and file brief, on behalf of Appellant Peter R. Rumbin, FILED. No Service.[2504455] [18-3488] [Entered: 02/25/2019 12:31 PM] |

Case: 26-1910 Document: 00118521608 Page: 20 Date Filed: 09/29/2026 Entry ID: 6851179

| | | |
|---|---|---|
| 02/25/2019 | 31<br>2 pg, 17.83 KB | DEFECTIVE DOCUMENT: MOTION, for assignment of pro bono counsel, [29], on behalf of Appellant Peter R. Rumbin, copy to pro se appellant, FILED.[2504529] [18-3488] [Entered: 02/25/2019 01:02 PM] |
| 02/25/2019 | 32<br>2 pg, 17.83 KB | DEFECTIVE DOCUMENT: MOTION, to extend time for counsel to appear and file brief, [30], on behalf of Appellant Peter R. Rumbin, copy to pro se appellant, FILED.[2504554] [18-3488] [Entered: 02/25/2019 01:13 PM] |
| 03/12/2019 | 33<br>22 pg, 1.02 MB | MOTION, for assignment of pro bono counsel, on behalf of Appellant Peter R. Rumbin, FILED. Service date 03/07/2019 by US mail.[2518043] [18-3488] [Entered: 03/14/2019 11:34 AM] |
| 03/12/2019 | 36 | ORAL ARGUMENT STATEMENT LR 34.1 (a), on behalf of filer Appellant Peter R. Rumbin, FILED. [2518072] [18-3488] [Entered: 03/14/2019 11:43 AM] |
| 03/14/2019 | 34 | CURED DEFECTIVE DOCUMENT: MOTION, for assignment of pro bono counsel, [31], [33], on behalf of Appellant Peter R. Rumbin, FILED.[2518048] [18-3488] [Entered: 03/14/2019 11:35 AM] |
| 03/14/2019 | 37<br>2 pg, 17.62 KB | DEFECTIVE DOCUMENT: ORAL ARGUMENT STATEMENT LR 34.1 (a), [36], on behalf of Appellant Peter R. Rumbin, copy to pro se appellant, FILED.[2518077] [18-3488] [Entered: 03/14/2019 11:45 AM] |
| 03/28/2019 | 43<br>3 pg, 416.73 KB | ORAL ARGUMENT STATEMENT LR 34.1 (a), on behalf of filer Appellant Peter R. Rumbin, FILED. Service date 03/20/2019 by US mail. [2529753] [18-3488] [Entered: 04/01/2019 12:51 PM] |
| 04/01/2019 | 44 | CURED DEFECTIVE DOCUMENT: ORAL ARGUMENT STATEMENT LR 34.1 (a), [37], [43], on behalf of Appellant Peter R. Rumbin, FILED.[2529754] [18-3488] [Entered: 04/01/2019 12:52 PM] |
| 04/16/2019 | 47<br>33 pg, 1.92 MB | MOTION, to extend time for counsel to appear and file brief, on behalf of Appellant Peter R. Rumbin, FILED. Service date 02/25/2019 by US mail.[2542998] [18-3488] [Entered: 04/18/2019 11:40 AM] |
| 04/18/2019 | 46<br>1 pg, 36.81 KB | STRIKE ORDER, striking Appellant Peter R. Rumbin motion, to extend time for counsel to appear and file brief [30] from the docket, copy to pro se appellant, FILED.[2542917] [18-3488] [Entered: 04/18/2019 11:00 AM] |
| 05/22/2019 | 52<br>1 pg, 9.08 KB | NEW CASE MANAGER, Ronald Willoughby, ASSIGNED.[2570016] [18-3488] [Entered: 05/22/2019 10:47 AM] |
| 07/08/2019 | 56<br>1 pg, 18.73 KB | MOTION ORDER, denying motion for assignment of pro bono counsel [33][25][19] filed by Appellant Peter R. Rumbin; denying as moot motion to extend time [47] filed by Appellant Peter R. Rumbin; the appeal is dismissed, by DAL, RJL, copy to pro se Appellant, FILED. [2602206][56] [18-3488] [Entered: 07/08/2019 03:10 PM] |
| 07/08/2019 | 57<br>1 pg, 18.73 KB | APPEAL, pursuant to court order, dated 07/08/2019, DISMISSED.[2602213] [18-3488] [Entered: 07/08/2019 03:11 PM] |
| 07/08/2019 | 59<br>1 pg, 9.07 KB | NEW CASE MANAGER, Yenni Liu, ASSIGNED.[2602261] [18-3488] [Entered: 07/08/2019 03:29 PM] |
| 08/12/2019 | 60<br>5 pg, 281.3 KB | MOTION, for extension of time, on behalf of Appellant Peter R. Rumbin, FILED. Service date 08/08/2019 by US mail.[2630589] [18-3488] [Entered: 08/13/2019 09:57 AM] |
| 08/19/2019 | 64<br>1 pg, 60.28 KB | MOTION ORDER, granting motion to extend time to 9/30/2019 to file motion for reconsideration [60] filed by Appellant Peter R. Rumbin, by RJL, copy to pro se Appellant, FILED. [2635237][64] [18-3488] [Entered: 08/19/2019 09:02 AM] |
| 08/20/2019 | 65<br>5 pg, 459.84 KB | MOTION, for reconsideration, on behalf of Appellant Peter R. Rumbin, FILED. Service date 08/15/2019 by US mail.[2637844] [18-3488] [Entered: 08/21/2019 10:15 AM] |
| 08/20/2019 | 66<br>1 pg, 50.04 KB | LETTER, dated 08/15/2019, on behalf of Appellant Peter R. Rumbin, as cover letter to motion for reconsideration, RECEIVED. [2637847] [18-3488] [Entered: 08/21/2019 10:17 AM] |
| 08/23/2019 | 68<br>2 pg, 95.85 KB | LETTER, dated 07/11/2019, on behalf of Appellant Peter R. Rumbin, regarding potential counsel for Appellant, RECEIVED. [2640100] [18-3488] [Entered: 08/23/2019 02:53 PM] |
| 09/03/2019 | 70<br>1 pg, 37.56 KB | MOTION ORDER, denying motion for reconsideration [65] filed by Appellant Peter R. Rumbin, by DAL, RJL, copy to pro se Appellant, FILED. [2645634][70] [18-3488] [Entered: 09/03/2019 02:04 PM] |
| 09/10/2019 | 71<br>1 pg, 511.22 KB | CERTIFIED COPY OF ORDER, dated 07/08/2019, determining the appeal to DISTRICT OF CONNECTICUT, copy to pro se Appellant, ISSUED.[Mandate][2651959] [18-3488] [Entered: 09/10/2019 04:42 PM] |
| 09/18/2019 | 72<br>2 pg, 107.99 KB | LETTER, dated 09/12/2019, on behalf of Appellant Peter R. Rumbin, regarding further filings, RECEIVED. [2658620] [18-3488] [Entered: 09/18/2019 02:24 PM] |
| 09/18/2019 | 73<br>3 pg, 117.55 KB | LETTER [72] received in a closed case, RETURNED.[2658621] [18-3488] [Entered: 09/18/2019 02:25 PM] |
| 10/11/2019 | 74<br>6 pg, 382.78 KB | LETTER, dated 09/21/2019, on behalf of Appellant Peter R. Rumbin, regarding reconsideration, RECEIVED. [2679202] [18-3488] [Entered: 10/15/2019 10:56 AM] |

 17

Case: 26-1910 Document: 00118521608 Page: 21 Date Filed: 09/29/2026 Entry ID: 6851179

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PETER R. RUMBIN, Plaintiff, v. SCOTT BESSENT, in his official capacity as Secretary of the Treasury, et al., Defendants. | * * * * * * * * * * * * * | Civil Action No. 26-cv-10247-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Peter Rumbin ("Plaintiff") brings suit against multiple defendants, including the United States Department of Education (the "Department of Education"); Scott Bessent, Secretary of the United States Department of the Treasury ("Bessent") (together with the Department of Education, the "Federal Defendants"); Sheri Cann, CEO and President of F.H. Cann & Associates ("Cann"); Ellen R. Patterson, Senior Executive Vice President and General Counsel of Wells Fargo & Co. ("Patterson"); and Elizabeth Shanin, Interim Vice President and General Counsel of the University of Chicago ("Shanin") (collectively, "Defendants"), alleging unlawful conduct associated with student loans that he obtained approximately fifty years ago. [ECF No. 1-1 ("Complaint" or "Compl.")]. Currently pending before the Court are motions to dismiss by Patterson, [ECF No. 7], Shanin, [ECF No. 8], Cann, [ECF No. 16], and the Federal

 18



Defendants, [ECF No. 9]. For the reasons discussed below, the Defendants' motions to dismiss are **GRANTED**.

## I. BACKGROUND

### A. Factual Background

The following facts are based on Plaintiff's Complaint unless otherwise noted. Although the Court accepts all well-pleaded factual allegations as true, it need not credit Plaintiff's conclusory legal assertions. See A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013). In addition to "the facts alleged in the complaint," the Court may also consider "documents incorporated by reference therein and facts susceptible to judicial notice." MIT Fed. Credit Union v. Cordisco, 470 F. Supp. 3d 81, 84 (D. Mass. 2020) (citing Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011)).

Plaintiff attended the University of Chicago for one year from 1977 to 1978. [ECF No. 8-1 at 2]; see [Compl. at 1]. While at the University of Chicago, Plaintiff received what is now referred to as a Pell grant.[1] [Compl. at 2]; [ECF No. 8-1 at 2]. He also received a National Direct Student Loan ("NDSL") in the amount of $1,650 and two Guaranteed Student Loans ("GSLs") for $2,500 each. [ECF No. 8-1 at 2–3]; [ECF No. 14-1 at 53]. Plaintiff obtained the GSLs through the Connecticut Savings Bank. [ECF No. 8-1 at 2]; [Compl. at 2]. Plaintiff claims that after his first year at the University of Chicago, he was unable to secure additional funding and, as a result, was forced to withdraw and transfer to Harvard University. [Compl. at 2–3, 8].

---

[1] Specifically, Plaintiff received a Basic Educational Opportunity Grant (BEOG), which is now referred to as a Pell grant. [ECF No. 8-1 at 2]; [Compl. at 2].

Case: 26-1910 Document: 00118521608 Page: 23 Date Filed: 09/29/2026 Entry ID: 6851179

Plaintiff alleges that the University of Chicago did not credit the PELL grant funds towards his education bill, and instead, "pocketed the funds," which required him to obtain student loans. [Compl. at 2]. Plaintiff also alleges that the Department of Education investigated the University of Chicago for "predatory lending" and embezzlement, and that the University of Chicago "returned" the PELL grant funds that it had purportedly embezzled but did not return the loan funds. [Id.]. Further, Plaintiff alleges that the University of Chicago requested that Plaintiff's parents obtain a second mortgage in order to secure additional funds, presumably for his education, but that the Connecticut Savings Bank denied this request. [Id.].

Plaintiff alleges that in 1989, the United States Department of the Treasury ("Treasury") and the Department of Education sued him in federal court for nonpayment of his NDSL and another student loan in the amount of $890. Id. at *2; [Compl. at 3]. Plaintiff says that the matter was resolved by a stipulated agreement to dismiss with prejudice (the "Stipulation") and that all of his student loans from the University of Chicago were included in the settlement.[2] [Id.]. According to Plaintiff, despite this agreement, in 2011, the Treasury began offsetting his income, which caused him significant hardships. [Id.].

In 2011, Plaintiff sued the Treasury, the Department of Education, and the University of Chicago in the United States District Court for the District of Connecticut. See generally Rumbin v. Duncan, No. 11-cv-00904, 2014 WL 2881397 (D. Conn. June 25, 2014). On June 25, 2014, the court granted summary judgment to the University of Chicago, see [id.], and on February 17, 2016, granted the Department of Education and the Treasury's renewed motion to

---

[2] In subsequent litigation, the government represented that as a result of the Stipulation, the Department of Education wrote-off only the underlying NDSL in the original principal amount of $1,650 and a second student loan in the amount of $890, and that those two loan accounts were closed. Rumbin, 2016 WL 632440, at *2.

Case: 26-1910 Document: 00118521608 Page: 24 Date Filed: 09/29/2026 Entry ID: 6851179

dismiss and dismissed Plaintiff's complaint with prejudice, Rumbin v. Duncan, No. 11-cv-00904, 2016 WL 632440, at *5 (D. Conn. Feb. 17, 2016). Plaintiff filed an appeal with the United States Court of Appeals for the Second Circuit, [Compl. at 3], which was dismissed due to "lack[] [of] arguable basis either in law or fact," Rumbin v. Duncan, No. 18-3488, 2019 WL 11689797, at *1 (2d Cir. July 8, 2019). He then sought certiorari from the Supreme Court, [Compl. at 3], which was also denied, Rumbin v. DeVos, 590 U.S. 905 (2020).

On March 24, 2025, Plaintiff received a letter from the Department of Education (the "March 2025 Letter") notifying him that in connection with the class action settlement in Sweet v. Cardona, No. 19-cv-03674 (N.D. Cal. filed June 25, 2019), the Department of Education had approved his Borrower Defense to Repayment application. [Compl. at 7]. The letter stated that other than confirming his address with his loan servicer, he did not need to take any further action to receive his discharge. [Id. at 7].[3]

Plaintiff now claims that the stipulation of dismissal from the 1989 action, together with the March 2025 Letter, operates as a judgment requiring that the Court discharge all his student loan debts and that the Court absolve him "of any financial liability whatsoever now and in the future." [Compl. at 4]. He also alleges that Defendants' predatory lending disrupted his education, career development, creditworthiness, and lifetime earnings, and seeks damages for harm he suffered due to Defendants' lending practices. [Id. at 8]. In support of these allegations, he claims that the University of Chicago has grown its endowment, saddled students with debt, and increased costs, and that F.H. Cann & Associates, Wells Fargo, and the Department of

[3] The March 2025 Letter also includes the telephone number for the Department of Education's borrower defense hotline and a website with the relevant hours of operation. [Compl. at 7]. Plaintiff does not state in his Complaint whether he has attempted to engage directly with the Department of Education regarding the March 2025 Letter.

21



Education have paid fines for "unjust and unfair credit behavior." [Id.]. Plaintiff contends that the Court is empowered to grant the relief he requests pursuant to the FCPA[4] or the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"), Pub. L. No. 111-203, 124 Stat. 1376 (2010) (codified as amended in scattered sections of the U.S. Code). [Compl. at 5].

### B. Procedural History

Plaintiff filed his Complaint in the Essex County Superior Court on July 29, 2025. [ECF No. 1-2 at 2]. Cann moved to dismiss all claims against her on November 19, 2025. [Id.]. Patterson moved to dismiss all claims against her on November 24, 2025. [Id. at 3]. Shanin moved to dismiss all claims against her on December 10, 2026. [Id.]. Cann, Patterson, and Shanin's motions to dismiss were fully briefed in the state court. [Id. at 3–4].

On January 21, 2026, the Federal Defendants removed the case to this Court, [ECF No. 1], and on January 28, 2026, they filed a motion to dismiss all claims against them, [ECF No. 9]. Plaintiff opposed the motion on March 23, 2026. [ECF No. 21].

## II. LEGAL STANDARD

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." Maddox, 732 F.3d at 80 (quoting Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011)). A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 80 (quoting

[4] The Plaintiff does not define "FCPA," and the Court will assume that the Plaintiff is referring to either the Foreign Corrupt Practices Act of 1977 (the "FCPA"), Pub. L. No. 95-213, 91 Stat. 1494 (codified as amended in scattered sections of 15 U.S.C.), or the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692-1692p.

22



Fed. R. Civ. P. 8(a)(2)). While detailed factual allegations are not required, the complaint must "contain 'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Consequently, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

Determining whether a complaint is facially plausible "invites a two-step pavane." Maddox, 732 F.3d at 80 (citing Grajales v. P.R. Ports Auth., 682 F.3d 40, 45 (1st Cir. 2012)). First, courts "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). Second, "the court must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Morales-Cruz, 676 F.3d at 224). "Conducting a plausibility inquiry is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 14 (1st Cir. 2011)).

Further, a pro se complaint must be "liberally construed" by a court and "'however inartfully pleaded,' [it] must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520–21 (1972)). "However, pro se status does not insulate a party from complying with procedural and

23



substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (citing Eagle Eye Fishing Corp. v. U.S. Dep't of Com., 20 F.3d 503, 506 (1st Cir. 1994)). Additionally, "[w]here the court cannot ascertain the nature and basis of any legitimate claims, it is under no obligation to rewrite the pleadings on the plaintiff's behalf." Sanborn v. Bowers, 788 F. Supp. 3d 153, 158 (D. Mass. 2025) (citing D.S. v. Kijakazi, No. 22-cv-12001, 2024 WL 22858, at *1 (D. Mass. Jan. 2, 2024)).

## III. DISCUSSION

Construed liberally, Plaintiff brings claims of embezzlement and fraud against the University of Chicago, and for predatory lending and "unfair credit behavior" against Wells Fargo, F.H. Cann & Associates, and the Federal Defendants. [Compl. at 8]. Although Plaintiff states that he is entitled to relief under the Dodd-Frank Act and either the FCPA or the FDCPA, he does not specify which defendants violated which of these acts, or how they did so.[5] See [id. at 5]. Plaintiff also requests the Court's assistance in executing a "judgment upon the defendants for all outstanding debts claimed by them" and that "all debts be settled immediately by the defendants." [Id. at 4].

### A. Pleading Requirements

Defendants Cann, Shanin, and Patterson contend that Plaintiff's Complaint should be dismissed because it does not contain a short and plain statement showing that he is entitled to relief. See [ECF No. 7 at 1]; [ECF No. 16-1 at 1]; [ECF No. 8-1 at 11]. Cann argues that the Complaint does not connect its factual assertions to any coherent legal theory against her or F.H. Cann, or distinguish which Defendants breached which obligations to him, and that Plaintiff's

[5] If Plaintiff intended to bring a claim under the FDCPA, he failed to identify which defendant violated the FDCPA, what provision of the FDCPA was violated, or how. See [Compl. at 5].

24



fraud and embezzlement allegations are entirely conclusory and lack particularity. [ECF No. 16-1 at 4]. Shanin similarly claims that the Complaint does not identify any recognized legal cause of action against the University, tie its factual assertions to any specific legal theory, differentiate between Defendants, or assert the who, what, when, where, and how details that are necessary to satisfy the heightened pleading standard for fraud. [ECF No. 8-1 at 11]. Likewise, Patterson argues that it is unclear from the Complaint what claims Plaintiff intends to assert against Patterson, that the Complaint includes no allegations as to how Patterson was involved in the events that Plaintiff describes, and that the allegations against Wells Fargo are wholly conclusory. [ECF No. 7-1 at 4]. The Court agrees that Plaintiff's pleadings are deficient.

Plaintiff's Complaint is insufficiently pleaded under the basic requirements laid out in Iqbal and Twombly. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)–(3). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), to afford the defendants a "meaningful opportunity to mount a defense," Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortg. Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). The "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004). The claims must be "state[d] . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). For purposes of clarity,

25



"each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Id. In essence, the complaint must succinctly set forth as to each defendant what he claims they did (or failed to do), where it occurred, when it occurred, and the relief he seeks from each defendant. Put another way, a complaint must clearly identify the claims and relief Plaintiff seeks as to each Defendant, and provide sufficient factual bases for each of the elements of the claims that he asserts.

Plaintiff's Complaint is written in narrative form[6] and fails to identify any specific claims against any of the named Defendants. See generally [Compl.]. Plaintiff does not set forth individual counts describing the legal causes of action he seeks to assert or the factual grounds that he alleges support those causes of action. See generally [Id.]. While Plaintiff alleges that the University of Chicago committed fraud and embezzlement by keeping "PELL/BEOG grant funds for itself," [Compl. at 8], these vague assertions—particularly concerning conduct that presumably took place 50 years ago—are insufficient to meet the heightened pleading requirements applicable to all claims of fraud, which require that Plaintiff "state with particularity" the circumstances constituting fraud, see Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). With respect to the other Defendants, as well as Shanin, Plaintiff alleges that they engaged in "predatory lending," but he does not specify under what actionable legal theory he seeks relief, state how that legal theory applies to Defendants' conduct generally, or distinguish the alleged actions of each Defendant that he contends amounted to predatory lending. See [Compl. at 2].

---

[6] The Court notes that while Plaintiff's allegations are written in narrative style, his account of relevant events is discombobulated to the point where it is difficult to ascertain his past or present factual situation or how exactly the Defendants, particularly Defendants Cann and Patterson, are involved.

26



While sympathetic to Plaintiff's circumstances, the Court cannot rewrite Plaintiff's pleadings or ferret out potential legal theories under which he might be able to proceed.

Accordingly, Plaintiff's failure to comply with the pleading requirements warrants dismissal of his Complaint insofar as he brings claims against Defendants Shanin, Cann, and Patterson. While the Court also finds that Plaintiff's allegations against the Federal Defendants do not meet the pleading requirements, for completeness, the Court will also address the Federal Defendants' sovereign immunity argument as well as Shanin's argument regarding Plaintiff's foreign judgment claim.

### B. Sovereign Immunity and Private Rights of Action

The Federal Defendants assert that the doctrine of sovereign immunity bars Plaintiff's claims against them because Plaintiff has not shown that the United States has waived its sovereign immunity with respect to the types of claims he attempts to bring.[7] [ECF No. 10 at 4]. They further assert that certain statutes that Plaintiff references in his Complaint do not provide private rights of action. [Id.]. The Court agrees that Plaintiff's claims against the Federal Defendants are barred, both by the doctrine of sovereign immunity and by the lack of a private right of action.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Therefore, without an express statutory waiver of that sovereign immunity, the Court lacks subject matter jurisdiction over a plaintiff's claims. See United States v. Mitchell, 445 U.S. 535, 538 (1980) ("A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" (quoting United States v.

---

[7] In his opposition to the Federal Defendants' motion to dismiss, Plaintiff does not address the sovereign immunity issue. [ECF No. 21].

27



King, 395 U.S. 1, 4 (1969))). Plaintiff "has the burden of proving sovereign immunity has been waived." Mahon v. United States, 742 F.3d 11, 14 (1st Cir. 2014); see also Soares v. Mass. Dep't of Youth Servs., No. 12-cv-10573, 2013 WL 5211556, at *4 (D. Mass. Sep. 12, 2013) ("It is the plaintiff's burden to identify a waiver of sovereign immunity, and if he is unable to do so, his claim must be dismissed on jurisdictional grounds.").

There are many statutes that grant agency-specific waivers of sovereign immunity, but the majority of cases involve one of three statutes: (1) the Administrative Procedure Act ("APA"), which waives sovereign immunity in federal court for actions against agencies or their officers that seek relief "other than money damages," 5 U.S.C. § 702; see also id. § 706 (addressing scope of judicial review and remedies); Bowen v. Massachusetts, 487 U.S. 879, 901 (1988) (holding that lawsuit by plaintiff "seeking funds to which a statute allegedly entitles it, rather than money in compensation for the losses . . . [the plaintiff] will suffer or has suffered" falls within scope of waiver under § 702); (2) the Federal Tort Claims Act ("FTCA"), which waives sovereign immunity for claims for money damages caused by tortious acts of federal employees acting within the scope of their employment, 28 U.S.C. § 1346(b)(1); or (3) the Tucker Act, which waives sovereign immunity for actions seeking money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort" and requires such actions to be brought in the United States Court of Federal Claims, 28 U.S.C. § 1491(a)(1).

Here, it is not entirely clear under which statutory scheme Plaintiff seeks relief; however, to the extent he intends to bring claims against the Federal Defendants pursuant to the FCPA, the FDCPA, or the Dodd-Frank Act, he cannot proceed against the federal government under any of

28



these statutes. "The FCPA does not provide a private right of action," Abdelalim Mostafa v. SEC, No. 24-cv-00164, 2024 WL 1701551, at *2 (D.D.C. Apr. 15, 2024), and, because Plaintiff has not alleged that he is a whistleblower, the same is true for the Dodd-Frank Consumer Financial Protection Act,[8] Flynn v. Berkley Vacation Resorts, Inc., No. 25-cv-60028, 2025 WL 3091000, at *3 (S.D. Fla. Aug. 4, 2025). Insofar as Plaintiff attempts to bring a claim under the FDCPA, Congress has not waived the government's sovereign immunity with respect to the FDCPA, and the act excludes from its definition of a debt collector "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 663–64 (5th Cir. 2007) (quoting 15 U.S.C. § 1692a(6)(C)). Finally, to the extent Plaintiff seeks to bring a contract claim against the Federal Defendants for allegedly violating an agreement made in connection with earlier litigation, any lawsuit based on a contract with the United States that exceeds $10,000 in value (as would be the case here, because Plaintiff asserts that he is owed $12,000 to $14,000 from the Federal Defendants, [Compl. at 10]) must be brought in the United States Court of Federal Claims. Massachusetts v. Nat'l Insts. of Health, 770 F. Supp. 3d 277, 291 (D. Mass. 2025) (citing 28 U.S.C. § 1491(a)(1)). Accordingly, the Court does not have jurisdiction over any claims that Plaintiff has brought against the Federal Defendants, and his claims against them must be dismissed.

---

[8] There is also "no private right of action to bring a direct claim under the Consumer Financial Protection Act." Trivedi v. Gen. Elec. Co., No. 19-cv-11862, 2020 WL 9744754, at *10 n.11 (D. Mass. Aug. 13, 2020), report and recommendation adopted, No. 19-cv-11862, 2021 WL 2229088 (D. Mass. May 27, 2021), aff'd, No. 21-1434, 2022 WL 1769136 (1st Cir. May 3, 2022)

29

Case: 26-1910 Document: 00118521608 Page: 33 Date Filed: 09/29/2026 Entry ID: 6851179

Because the Court finds that the doctrine of sovereign immunity and the lack of private rights of action in the FCPA and the Consumer Protection Act bar Plaintiff's claims against the Federal Defendants, the Court will not reach the Federal Defendants' res judicata argument, see [ECF No. 10 at 2–4].

### C. Enforcement of Judgment

In his Complaint, Plaintiff asserts that the letter he received regarding the Sweet v. Cardona settlement agreement is a "foreign judgment" that the Court must enforce against Defendants.[9] [Compl. at 4]. Shanin contends that the Sweet v. Cardona settlement "represents an agreement and administrative process solely between [the Department of Education] and individual borrowers" and does not impose any duties on the University of Chicago or authorize any enforceable relief against the University of Chicago. [ECF No. 8-1 at 7]. Further, Shanin argues that Plaintiff does not identify any contractual provision, regulation, or other legal avenue to transform the notice he received about the Sweet v. Cardona settlement into a judgment or obligation against Defendants. [Id.].

Article IV of the United States Constitution provides that

> Full Faith and Credit shall be given in each State to . . . judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. art. IV, § 1. Further, 28 U.S.C. § 1963 "authorizes federal courts to register certain judgments entered by certain other courts," Woo v. Spackman, 988 F.3d 47, 50 (1st Cir. 2021), and the statute states that "[a] judgment in an action for the recovery of money or property

[9] At various points in the Complaint, Plaintiff also alludes to a stipulation of dismissal from past litigation in which he was involved, see, e.g., [Compl. at 3]; however, he does not appear to seek enforcement of this "judgment," nor is it clear that he could before this Court.

entered in any court of appeals, district court . . . may be registered by filing a certified copy of the judgment in any other district," id. (citing 28 U.S.C. § 1963). Under 28 U.S.C. § 1738,

> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
>
> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738. Where another court's order meets the requirements of § 1783, that order is given preclusive effect, and the court hearing the issue may order the payment of any proceeds from that judgment. See United States v. One Assortment of 93 NFA Regulated Weapons, 897 F.3d 961, 970 (8th Cir. 2018) ("The district court did not err in relying on [another court's] civil judgment . . . in [ordering that] the proceeds from [that judgment be paid to plaintiff.]").

Here, to the extent Plaintiff seeks enforcement of a "foreign judgment," including in relation to the Sweet v. Cardona settlement, he has submitted a notice he received from the Department of Education regarding his entitlement to settlement relief for certain relevant federal student loans, but has not filed a copy of any judicial record with a clerk attestation and certificate of a judge of the court that the attestation is in proper form. [Compl. at 7]. Because the notice does not include the requisite attestation or judicial certificate, [id.], the Court cannot enforce it as a foreign judgment.[10]

[10] To the extent that Plaintiff seeks to move the Court to enforce his claim or otherwise obtain relief from the Sweet v. Cardona settlement, he has not shown that this Court has jurisdiction to order such relief. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

31

Case: 26-1910 Document: 00118521608 Page: 35 Date Filed: 09/29/2026 Entry ID: 6851179

## IV. CONCLUSION

For the foregoing reasons, the Federal Defendants' motion to dismiss, [ECF No. 9], Cann's motion to dismiss, [ECF No. 16], Patterson's motion to dismiss, [ECF No. 7], and Shanin's motion to dismiss, [ECF No. 8], are **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED**.

**SO ORDERED.**

July 22, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

32

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



**Peter R. Rumbin**
Plaintiff

V.

**Scott Bessent et al**
Defendants

CIVIL ACTION

NO 1:26-cv-10247-ADB

**ORDER OF DISMISSAL**

Burroughs, D. J.

In accordance with the Court's electronic Order dated July 22, 2026, it is hereby ORDERED that the above-entitled action be and hereby is DISMISSED.

By the Court,

July 22, 2026
Date

/s/ Caetlin McManus
Deputy Clerk

UNITED STATES APPEALS COURT
FIRST CIRCUIT COURT OF APPEALS

**Peter R. Rumbin**
Plaintiff
V.

CIVIL ACTION

NO. 1:26-cv-10247-ADB

**Scott Bessent et al**
Defendants

## NOTICE TO THE COURT NOTICE TO APPEAL ORDER OF DISMISSAL

In accordance with Rule 4 Appeal in a Civil Case, the plaintiff hereby notices the US Appeals Court that the plaintiff will file an appeal of Honorable Judge Allison D. Burroughs memorandum and order of dismissal to follow within 30 days.

Respectfully submitted:

Peter R. Rumbin, Plaintiff, Pro Se
87 Second Street, Hamden, CT 06514

## CERTIFICATION

It is hereby certified that a copy of the notice to appeal was filed with the US First Circuit Court of Appeals by US Mail and a copy was sent to all defendants on July 31st, 292026 by US mail.

Judah H. Rome, Troutman, Pepper, & Locke, one Financial Plaza, Westminster Street, Suite 2800, Providence, RI 02903

Michael L. Fitzgerald, Assistant U.S. Attorney, U>S>Attorney's Office, Courthouse Way, Ste. 9200, Boston, Mass. 02210

Alexandra Arnold, Cloherty & Steinberg, 33 Arch Street, Suite 3105, Boston, Mass. 02110

Joseph Murphy, JP Murphy Law, 101 Federal Street, Suite 1900, Boston, Mass. 02110

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816



34

20

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civil No. N 89-522 (WWE) |
| VS. | : | |
| PETER R. RUMBIN, | : | |
| Defendant. | : | September 26, 1990 |

FILED SEP 26 4 57 PM '90 CLERK U.S. DISTRICT COURT BRIDGEPORT, CONN.

## MOTION TO DISMISS

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, the federal plaintiff hereby moves the Court to dismiss this action with prejudice, in accordance with the attached Stipulation.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF

BY: STANLEY A. TWARDY, JR.
UNITED STATES ATTORNEY

CHRISTINE SCIARRINO
SPECIAL ASST. U.S. ATTORNEY
915 LAFAYETTE BLVD.
BRIDGEPORT, CT 06604
(203) 579-5596

September 27, 1990: Motion GRANTED. The clerk is directed to dismiss this action with prejudice and to close this case in accordance with Local Rule 16.

Warren W. Eginton, U.S.D.J.

FILED SEP 27 2 04 PM '90 CLERK U.S. DISTRICT COURT BRIDGEPORT, CONN.

MICROFILM SEP 27 1990 BRIDGEPORT

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

Case: 26-1910 Document: 00118521608 Page: 39 Date Filed: 09/29/2026 Entry ID: 6851179

35

Warren W. Eginton, U.S.D.J.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civil No. N 89-522 (WWE) |
| VS. | : | |
| PETER R. RUMBIN, | : | |
| Defendant. | : | September 24, 1990 |

STIPULATION FOR DISMISSAL

It is hereby stipulated by and between the federal plaintiff, United States of America, on the one hand, and the defendant, Peter R. Rumbin, on the other hand, by and through their respective attorneys as follows:

1. That the parties do hereby agree to the dismissal of the above captioned action with prejudice, each party to bear his own costs and attorney's fees.

2. That the defendant, Peter R. Rumbin agrees to discharge and hold and save harmless the United States of America and the Secretary of the United States Department of Education and their agents, officers and employees from any claims, including costs or expenses for or on account of any and all lawsuits or claims of any character whatsoever, in connection with the subject matter or institution of this action.

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

Case: 26-1910 Document: 00118521608 Page: 40 Date Filed: 09/29/2026 Entry ID: 6851179

36.

PLAINTIFF,

UNITED STATES OF AMERICA

STANLEY A. TWARDY, JR.
UNITED STATES ATTORNEY

DATED SEPTEMBER 24, 1990

CHRISTINE SCIARRINO
SPECIAL ASST. U.S. ATTORNEY
915 LAFAYETTE BLVD.
BRIDGEPORT, CT 06604
(203) 579-5596

DEFENDANT,

PETER R. RUMBIN

DATED SEPTEMBER 25, 1990.

BY: ____________________
DAVID A. LEFF, ESQ.
JACOBS, GRUDBERG, BELT & DOW
350 ORANGE STREET
NEW HAVEN, CT 06503
HIS ATTORNEY

DEFENDANT,

PETER R. RUMBIN

DATED SEPTEMBER 25, 1990

BY: ____________________
PETER R. RUMBIN
87 SECOND STREET
HAMDEN, CT 06514

Case: 26-1910 Document: 00118521608 Page: 41 Date Filed: 09/29/2026 Entry ID: 6851179

Affidavit For Foreign Judgement (M.G, L. 218, Sec.4A) State of Massachusetts

Doc. No.: Superior Court---Civil

Case: Rumbin, Peter R.

VS

Office of the General Counsel, US Dept. of Ed, F.H. Cann & Associates, Department of the Treasury, Scott Bassent, Ellen R. Pattersson, VP, Wells Fargo & Co., Elizabeth Shanin, Gen Counsel, U. of Chicago

## AFFIDAVIT

I certify that the following is true that the attached favorable judgement by the General Counsel of the US Dept. of Education is a true copy of the ruling. Furthermore, to corroborate the court order stipulated agreement dismissal with prejudice against the defendants issued by Warren Eginton also discharges all loans and interrogatories, and discovery inventory all loans that were discharged in 1990 ruling that disclosed all loans and are therefore discharged today. The court may corroborate these documents itself if it wishes. Documents are attached hereafter.

Peter R. Rumbin, plaintiff, pro se, 87 Second Street, Hamden, Conn. 06514

Sworn to before me [signature] This 31st Day of July 2025

Frank Pomeille
Notary
Commission expires
10.31.2029

Date signed

7.31.2025

Case: 26-1910 Document: 00118521608 Page: 42 Date Filed: 09/29/2026 Entry ID: 6851179

Superior Court State of Massachusetts

Peter R. Rumbin, Plaintiff Doc. No.:

VS July 25,2025

Office of the General Counsel, US Dept of Education, Ms. Sheri Cann, CEO, President, F. H. Cann & Associates (North Andover, Mass), Scott Bassent, Department of The US Treasury, Ellen R. Patterson, Senior Ex. VP, General Counsel, Wells Fargo & Co., Elizabeth Shanin, VP & General Counsel, University of Chicago, Defendants

**Complaint for the University of Chicago Student Loan case-US Borrower Defense Application Predatory Lending Program Settlement**

---

**A BRIEF BACKGROUND**

Attorney Ira B. Grudberg has been counsel of record since the plaintiff was sued in Federal Court in 1989-1990 for student loans taken out during one year while Mr. Rumbin, defendant at that time, borrowed by him when he was an University of Chicago student. The University of Chicago engaged in what is now termed: "predatory lending" and treated "students of need as students of means." The U. of Chicago received PELL/BEOG grant funds to pay for his education but instead of crediting these funds towards his education bill, the U. of Chicago pocketed the funds and then proceeded to borrow—which was unnecessary if the grant monies had been credited towards his education bill. Thus the U. of Chicago unjustly enriched itself and others. The U. of Chicago was caught embezzling and committing fraud when Harvard College financial aid office requested a financial aid transcript from the U. of Chicago. Harvard discovered this financial aid "irregularity" and then Harvard directed the plaintiff to inform the US Dept of Ed in Chicago, Illinois of the problem. US Dept of Ed in Chicago investigated the U. Of Chicago for "predatory lending" and embezzlement-fraud of plaintiff's BEOG/PELL grant funds. As a consequence of the investigation, the U. of Chicago returned the BEOG/PELL grant funds that it had embezzled and committed fraud for but not the loans. Plaintiff withdrew from the U. of Chicago and never borrowed again. He attended Harvard on a full scholarship.

The Connecticut Savings Bank refused to lend any more money to the U. of Chicago because (1) it did not like how U. of Chicago was conducing itself and (2) plaintiff's mother was dying from cancer and the bank refused to extend any more loans under the circumstances as it thought it would be imprudent. Furthermore, the U. of Chicago had requested that the plaintiff's parents take out a "second mortgage" in order to obtain more money. The bank also denied this requested and directed the plaintiff's parents to "have your son withdraw from the U. of Chicago" and so he withdrew from U. of Chicago and never returned.

Case: 26-1910 Document: 00118521608 Page: 43 Date Filed: 09/29/2026 Entry ID: 6851179

Since 1979, Ira Grudberg has been counsel of record when he first struggled to obtain a transfer credit transcript for over three years from the former dean of students, Professor Lorna Strauss of the University of Chicago.

Then, in 1989-1990, Grudberg represented Mr. Rumbin (then defendants) when he was sued for the student loans by the US Depts of Treasury and Education in Chicago and then Connecticut, US District Courts. Grudberg, won the student loan case in Federal Court in 1990 by stipulated agreement of the parties dismissed with prejudice against them (US Dept of Ed and Treasury et al). Plaintiff only borrowed student loans for this one year while a student attending U. of Chicago, withdrew and never borrowed again. All the loans were included in the stipulated agreement dismissed with prejudice against the US Depts of Ed and Treasury (see attached court order UD District Judge Warren Eginton and discovery-interrogatories etc.).

In 2011 due process was revoked by an act of US Congress and offsets commenced thereupon against the plaintiff, Mr. Rumbin, until 2024. This act of Congress permitted the US Depts of Treasury and Education to seize money and assets without suing in court and obtaining a favorable judgement from the court. Hence revoking due process, the US Depts of Ed and Treasury "could do an end run around the stipulated agreement of the parties dismissal with prejudice against them" and thus it resorted to "self-help" by removing due process in the student loan case to avoid the previous court order signed by a Federal judge, Warren Eginton. Now the US Depts of Ed and Treasury did not have to sue in court and win a judgement before a judge to seize a student's monies and assets. The "claw back program" of 2024 imposed offsets of 100 percent by the US Dept of Treasury against plaintiff's income and total loss of health insurance except if you could pay for it and/or find a medical insurance company. This draconian policy caused significant hardships.

In 2011 a civil suit was filed against the defendants in US District Court, followed by a brief to the US Second Circuit Court of Appeals. Then Grudberg filed two writs of certiorari to SCOTUS (one with President Joe Biden) on behalf of the plaintiff, joined the class action suit Sweet vs DeVos (Sweet vs Cordola): borrower defense-predatory lending program of the US Dept of ED and three borrower defense program applications for predatory lending against the defendants with the US Dept. of ED. Recently, Grudberg won the borrower defense- predatory lending case before the General Counsel of the US Dept of Education (Washington, DC). This is the second time Grudberg and the plaintiff have won his student loan case in court. In this student loan case against the U. of Chicago, litigation by the plaintiff commenced in 2011 and has continued until the present. But this case has been ongoing since 1979.

Compensation appropriate for this huge consumption of time and resources is justifiable and necessary to prevent its reoccurrence. Ira Grudberg, is counsel of record for the two writs of certiorari to SCOTUS, class action suit: Sweet vs Cordola (Sweet vs DeVos) with Harvard Law

Case: 26-1910 Document: 00118521608 Page: 44 Date Filed: 09/29/2026 Entry ID: 6851179

School et al as part of the borrower defense program-predatory lending (submitted three applications). Ira B. Grudberg, instructed the plaintiff to keep his name upon all pleadings since he is counsel of record for them.

The plaintiff hereby notices the court of the affirmative judgement discharging all debts in favor of the plaintiff by the class action suit Sweet vs Cordola-borrower defense application program for predatory lending issued by the General Counsel, US Dept. of Education. The defendants must be compelled to comply with this ruling. This "foreign judgement" according to rule M. G. L. 218, sec 4A is attached herein. Plaintiff requests the assistance of the court in enforcing judgement upon the defendants. (see attached affidavit and documents)

Plaintiff enlists the assistance of the court for execution of judgment upon the defendants for all outstanding debts claimed by them. F.H. Cann & Associates claims $10,000 owed. Other defendants have ignored solicitations for monies that they claim are owed to them and to pay for damages and legal costs etc. Plaintiff requests that all debts be settled immediately by the defendants and that the court absolve the plaintiff of any financial liability whatsoever now and in the future. (Please read writ of certiorari, addendum and preamble for a comprehensive history and legal case law).

**RELIEF SOUGHT**

1.To cease and desist the unlawful seizure of property and monies; ignoring a prior judge's ruling of dismissal with prejudice against the defendants by stipulated agreement of the parties; Plaut v. Spendthrift Farms, res judicata, United Student Aid Funds, Inc. v. Espinosa, No appeal or modification of 1990 ruling was ever sought by defendants for over 30 years.

**2**. Return of what monies have been seized; total sum, with interest, of all payments, tax returns, fees, penalties, interest etc.

**3**. A Court order stopping any further taking of any funds or property from the plaintiff, Peter R. Rumbin

**4**. Reimbursement of all legal counsel fees and expenses as a result of the defendants' actions.

**5**. Counter suit on predatory lending, Dodd-Frank Consumer Protection Act or other applicable laws or relief as the court or legal counsel deem appropriate.

## THE COURT'S POWER TO GRANT RELIEF

The FCPA empowers this court to grant any appropriate legal or equitable relief with respect to violations of federal consumer financial law, the refund of monies, paid restitution, disengagement, or compensation for unjust enrichment, and civil money penalties. 12U.S.C.455565(A)(1). (p.31 Writ of certiorari to SCOTUS, Ira B. Grudberg, ESQ, counsel of

Case: 26-1910 Document: 00118521608 Page: 45 Date Filed: 09/29/2026 Entry ID: 6851179

record for plaintiff) The foregoing discussion is derived from Ira B. Grudberg's pleadings and instructions to the plaintiff.

Respectfully submitted to the court:

Peter R. Rumbin, plaintiff (pro se), & for Ira B Grudberg, Esq. counsel of record

87 Second Street, Hamden, Conn. 06514

Certification___________________________________

It is hereby asserted that a copy of the above was sent to the defendants of record found on the cover sheet to the complaint and herein follows below this day July 25, 2025 by plaintiff, Peter R. Rumbin, (for Ira B. Grudberg, Esq) 87 Second Street, Hamden, CT 06514:

US Dept of ED, Office of General Counsel, 400 Maryland Ave. SW, Washington, DC 20202

Sheri Cann, CEO, President, F. H. Cann & Associates, 1600 Osgood St., Suite 3058, North Andover, Mass. TEL 877-750-9804;

Department of the Treasury, Scott Bassent, secretary, 1500 Pennsylvania Ave. NW., Washington, DC 20220, TEL. (202)-622-2000

Ellen R. Patterson, Senior EX VP, General Counsel, Wells Fargo & Co., Corporate Offices, 420 Montgomery St., San Francisco, CAL 94104

Elizabeth Shanin, Interim VP and General Counsel, U. of Chicago, (Professor Lorna Strauss, former dean of students), Edward H. Levi Hall, Suite 619, 5801 S. Ellis Ave., Chicago, Illinois 60637; Tel 773-702-8873

Case: 26-1910 Document: 00118521608 Page: 46 Date Filed: 09/29/2026 Entry ID: 6851179



Peter R Rumbin
87 2Nd St
Hamden, CT 06514-4711

March 24, 2025

Borrower Defense Application #: 02094713
Borrower Defense Application School: University of Chicago (The)

Dear Peter R Rumbin:

You are receiving this letter because you are a member of the class of Federal student loan borrowers covered by the recent settlement of the *Sweet v. Cardona* ("*Sweet*") lawsuit. You submitted a Borrower Defense to Repayment discharge application relating to your Federal student loan(s) on or before June 22, 2022. **The Department of Education, applying a special review process agreed to in the Sweet settlement agreement, has approved your claim for settlement relief.** For more information on the terms of the settlement agreement please see the Department's website at https://Studentaid.gov/announcements-events/sweet-settlement.

The Department has determined that you are entitled to settlement relief for the loans taken out on or after 4/15/1977, associated with your enrollment at University of Chicago (The) ("Relevant Federal Student Loan(s)") based on your allegations regarding the school's misconduct. Pursuant to the *Sweet* settlement, the Department of Education will do the following:

- discharge your Relevant Federal Student Loan(s);
- provide a refund for any payments made to the Department of Education on your Relevant Federal Student Loans, including Relevant Federal Student Loan debt that you previously paid off; and
- delete the credit report tradeline associated with the discharged loan(s).

The benefits described in this communication apply to your Relevant *Federal* Student Loan(s). The benefits do not apply to private loans. Discharging your Relevant Federal Student Loan(s) means that you will no longer owe the debt. You also may receive a refund for prior payments made to the Department on your discharged Relevant Federal Student Loan(s) related to University of Chicago (The). Your loan servicer will let you know if you are eligible for a payment refund, which would be mailed to you. Please check your online account with your loan servicer to ensure your address is correct so you can receive any refund.

**Other than confirming your address, you do not have to take any further action to receive your discharge.** Your servicer will send you more details about the discharge, including which loans have been forgiven. Your Relevant Federal Student Loan debt will remain in forbearance and collections will be stopped until you receive relief. Your credit report will also be updated to reflect this discharge when it is complete.

If you have questions about this notice, please call our borrower defense hotline at 1-855-279-6207. You may visit https://studentaid.gov/Contact for our hours of operation.

Sincerely,
U.S. Department of Education
Federal Student Aid

MELISSA J. BENJAMIN
Notary Public, State of Connecticut
My Commission Expires MAY 31, 2030

State Of Connecticut
New Haven County
July 2 5

record for plaintiff) The foregoing discussion is derived from Ira B. Grudberg's pleadings and instructions to the plaintiff.

Respectfully submitted to the court:

Peter R. Rumbin, plaintiff (pro se), & for Ira B Grudberg, Esq. counsel of record

87 Second Street, Hamden, Conn. 06514

Certification____________________________________

It is hereby asserted that a copy of the above was sent to the defendants of record found on the cover sheet to the complaint and herein follows below this day July 25, 2025 by plaintiff, Peter R. Rumbin, (for Ira B. Grudberg, Esq) 87 Second Street, Hamden, CT 06514:

US Dept of ED, Office of General Counsel, 400 Maryland Ave. SW, Washington, DC 20202

Sheri Cann, CEO, President, F. H. Cann & Associates, 1600 Osgood St., Suite 3058, North Andover, Mass. TEL 877-750-9804;

Department of the Treasury, Scott Bassent, secretary, 1500 Pennsylvania Ave. NW., Washington, DC 20220, TEL. (202)-622-2000

Ellen R. Patterson, Senior EX VP, General Counsel, Wells Fargo & Co., Corporate Offices, 420 Montgomery St., San Francisco, CAL 94104

Elizabeth Shanin, Interim VP and General Counsel, U. of Chicago, (Professor Lorna Strauss, former dean of students), Edward H. Levi Hall, Suite 619, 5801 S. Ellis Ave., Chicago, Illinois 60637; Tel 773-702-8873



Case: 26-1910 Document: 00118521608 Page: 47 Date Filed: 09/29/2026 Entry ID: 6851179

Case: 26-1910 Document: 00118521608 Page: 48 Date Filed: 09/29/2026 Entry ID: 6851179

Affidavit For Foreign Judgement (M.G,L.218,Sce.4A) State of Massachusetts

Doc. No.: Superior Court---Civil

Case: Rumbin, Peter R.

VS

Office of the General Counsel, US Dept. of Ed, F.H. Cann & Associates, Department of the Treasury, Scott Bassent, Ellen R. Pattersson, VP, Wells Fargo & Co., Elizabeth Shanin, Gen Counsel, U. of Chicago

AFFIDAVIT

I certify that the following is true that the attached favorable judgement by the General Counsel of the US Dept. of Education is a true copy of the ruling. Furthermore, to corroborate the court order stipulated agreement dismissal with prejudice against the defendants issued by Warren Eginton also discharges all loans and interrogatories, and discovery inventory all loans that were discharged in 1990 ruling that disclosed all loans and are therefore discharged today. The court may corroborate these documents itself if it wishes. Documents are attached hereafter.

Peter R. Rumbin, plaintiff, pro se & for Ira B. Grudberg, Esq

Peter R Rumbin

87 Second Street, Hamden, Conn. 06514

Sworn to before me

Date signed

July 26, 2025

MELISSA J. BENJAMIN
Notary Public, State of Connecticut
My Commission Expires MAY 31, 2030

Case: 26-1910 Document: 00118521608 Page: 49 Date Filed: 09/29/2026 Entry ID: 6851179

Superior Court State of Massachusetts

Peter R. Rumbin, Plaintiff Doc. No:

VS July 25,2025

Office of the General Counsel, US Dept of Education, Ms. Sheri Cann, CEO, President, F. H. Cann & Associates (North Andover, Mass), Scott Bassent, Department of The US Treasury, Ellen R. Patterson, Senior Ex. VP, General Counsel, Wells Fargo & Co., Elizabeth Shanin, VP & General Counsel, University of Chicago, Defendants

**Counter Suit on Predatory Lending, Dodd-Frank Consumer Protection Act and other applicable laws or relief as the court or legal counsel deem appropriate.**

The plaintiff hereby files a counter suit on Predatory lending against the defendants for their malfeasances and malevolent behavior against the plaintiff that spans from 1979 to the present. The predatory lending has cause disruption of the plaintiff's education, career development, destroyed his credit worthiness and lifetime income. The defendants unjustly enriched themselves at the expense of the students of need by treating them as students of means. U. of Chicago has increased its endowment tremendously; Wells Fargo Bank has paid billions of dollars in fines for its unjust and unfair credit behavior but has made billions of dollars in the conduct of this student loan business, and likewise, for F.H. Cann & Associates, US Depts of Ed and Treasury. The colleges pursued a prescription of ever increasing fees, tuition and room and board costs by simply saddling students with ever increasing debts while the college administrators paid themselves multi-million-dollar salaries, expensive housing and pensions.

Meanwhile poor students, like me, were burdened with unmanageable debts. In the plaintiff's case, the U. of Chicago committed fraud and embezzlement to keep the PELL/BEOG grant funds for itself. Most students would have been unaware of this occurrence unless another college had requested a financial aid transcript as the plaintiff had when he attended Harvard. During this time, the college's financial aid office of the U. of Chicago did not have to provide any accounting of the fund's whereabouts to the student. Hence abuse was easily committed to enrich the college, while harming the student, me. For these reasons and others (see writ of certiorari etc.) the defendants should be required to pay the plaintiff compensation for this counter suit on their predatory lending and draconian conduct for 48 years!

Case: 26-1910 Document: 00118521608 Page: 50 Date Filed: 09/29/2026 Entry ID: 6851179



Respectfully submitted:

Respectfully submitted to the court:

Peter R. Rumbin, plaintiff (pro se), & (Ira B Grudberg, Esq. counsel of record)

87 Second Street, Hamden, Conn. 06514

Certification_______________________________________

It is hereby asserted that a copy of the above was sent to the defendants of record found on the cover sheet to the complaint and herein follows below this day July 25, 2025 by plaintiff, Peter R. Rumbin, (& for Ira B. Grudberg, Esq) 87 Second Street, Hamden, CT 06514:

US Dept of ED, Office of General Counsel, 400 Maryland Ave. SW, Washington, DC 20202

Sheri Cann, CEO, President, F. H. Cann & Associates, 1600 Osgood St., Suite 3058, North Andover, Mass. TEL 877-750-9804;

Department of the Treasury, Scott Bassent, secretary, 1500 Pennsylvania Ave. NW., Washington, DC 20220, TEL. (202)-622-2000

Ellen R. Patterson, Senior EX VP, General Counsel, Wells Fargo & Co., Corporate Offices, 420 Montgomery St., San Francisco, CAL 94104

Elizabeth Shanin, Interim VP and General Counsel, U. of Chicago, (Professor Lorna Strauss, former dean of students), Edward H. Levi Hall, Suite 619, 5801 S. Ellis Ave., Chicago, Illinois 60637; Tel 773-702-8873

Case: 26-1910 Document: 00118521608 Page: 51 Date Filed: 09/29/2026 Entry ID: 6851179

Superior Court State of Massachusetts

Peter R. Rumbin, Plaintiff Doc. No.: 2577 CV00816D

VS Dec 22, 2025

Office of the General Counsel, US Dept of Education, Ms. Sheri Cann, CEO, President, F. H. Cann & Associates (North Andover, Mass), Scott Bassent, Department of The US Treasury, Ellen R. Patterson, Senior Ex. VP, General Counsel, Wells Fargo & Co., Elizabeth Shanin, VP & General Counsel, University of Chicago, Defendants

**OBJECTION TO MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, DEFENDANT SHERI CANN, PRESIDENT OF F.H. CANN & ASSOCIATES INC. OBJECTION TO WELLS FARGO BANK-DEFENDANT ELLEN R. PATTERSON MOTION TO DISMISS THE COMPLAINT.**

**DISCUSSION IN SUPPORT OF PLAINTIFF'S OBJECTION TO MOTIONS FOR DISMISSAL.**

1.The plaintiff has informed Attorney Antonio Calvagno (F.H.Cann) that the relief sought is the payment of a substantial sum of money for damages, restitution, punitive damages, consume protection, and legal costs as stated in the complaint from Ira B. Grudberg, Esq. The defendants disrupted the plaintiff's education, employment and creditworthiness with derogatory comments, and a credit score of "zero". Schools, colleges and employers utilize credit scores etc. in their admissions and hiring algorithms, Hence the ongoing litigation for 48 years and its legal costs from 1979 to the present require that the defendants must now pay the plaintiff for the harm and disruption of his adult life.

2.Ira Grudberg said that "once we had won the student loan predatory lending case, we would make money" and now is payback time for the defendants who made millions and billions of dollars with their "irregular financial aid practices" and enriched themselves at the expense of the poor students that were exploited.

Cancelled

2025 DEC 2[illegible] A 11: 34

Case: 26-1910 Document: 00118521608 Page: 52 Date Filed: 09/29/2026 Entry ID: 6851179

3.This plaintiff's case is different because this plaintiff had discovered the fraud and embezzlement of the U. of Chicago by accident. When he withdrew from the U. of Chicago he matriculated to Harvard; Harvard's financial aid office had requested a financial aid transcript from the U. of Chicago. This financial aid transcript revealed that U. of Chicago had in its possession the grant funds (PELL/BEOG) from the plaintiff, and that Chicago had not applied these funds to the plaintiff's education expenses. Furthermore U. of Chicago had borrowed funds which were not necessary hence what is now termed "Predatory Lending" thus creating unnecessary debt to enrich themselves.

4.These defendants increased their wealth at the expense of the plaintiff. The U. of Chicago was investigation by the US Dept of Ed in Chicago, Illinois, and the U. of Chicago was caught committing fraud and embezzlement of these grant funds. Subsequently, U. of Chicago refunded the grant funds but not the loans.

5.The plaintiff struggled the rest of his life with this continuing student loan- financial aid problem. Plaintiff could never borrow any money again for school, an automobile or house. The negative impact has continued to the present time. If the plaintiff had not persisted in the litigation to defend himself from the defendants, he would lose his property, assets and become a homeless person. Meanwhile these defendants have increased their net wealth by billions of dollars. This plaintiff also never quit pursuing his educational and career goals despite these obstacles. Ira Grudberg, Esq advised him to further his education and not permit the defendants to sabotage his life.

Case: 26-1910 Document: 00118521608 Page: 53 Date Filed: 09/29/2026 Entry ID: 6851179

6.F.H. Cann & Associates and Wells Fargo were engaged in the collections business for the US Dept of ED and are a party to these proceedings and cannot avoid responsibility for their past engagement in these student loan activities. They will have to pay compensation to the plaintiff just as much as the other defendants. F.H. Cann and Wells Fargo Bank and Ms. Patterson are just as guilty of the predatory lending profiteering as the other defendants are.

7.Today, the court must adjudicate the settlement of damages and issue a cease-and-desist order against the defendants so that none of them may ever seek to enact "offsets" or seize property or assets from the plaintiff. The plaintiff refers the court to the writ of certiorari to SCOTUS and its appendix for a further exegesis of this matter. Unfortunately, Ira Grudberg is now deceased. The defendants had years during which they could have communicated with him but remained silent throughout the decade of litigation. Only upon his death have the defendants' commenced pleadings against the pro se plaintiff.

8.Ms. Patterson is the Executive Vice- President and general counsel for the Wells Fargo Bank and hence is responsible for the conduct of the bank. The Wells Fargo Bank does not operate "autonomously" so for this defendant to claim immunity from legal responsibility for the Well Fargo Bank is nonsensical. The complaint is legitimate. The relief sought is money and restoration of the plaintiff's creditworthiness and deletion of all derogatory comments from credit reporting agencies and other sources, Ms. Patterson represents Wells Fargo Bank and as such is responsible for the conduct and misconduct of the bank. Wells Fargo has paid billions of dollars in damages for its exploitative lending practices so some one paid those judgements and signed the checks and the V-P could do that or the

Case: 26-1910 Document: 00118521608 Page: 54 Date Filed: 09/29/2026 Entry ID: 6851179

legal counsel of Wells Fargo Bank, there has been no time bar because the "offsets" were executed as late as 2024 and the plaintiff was a party to the class action suit Sweet vs Cardona which was decided in January 28, 2023.

9.The defendants are not permitted to avail themselves to res judicata in this case because the case has been decided in the previous cited case rulings: 1990 dismissal with prejudice, Class action suit: Sweet vs Cardona and Borrower Defense Application discharge ruled by the General Counsel of the US Dept of ED (Washington, DC). Ms. Patterson is the "known" person responsible by the Massachusetts State Sherriff who performed the serve legally. Ms. Patterson is responsible for the conduct of the Wells Fargo Bank. If she thinks that she is not responsible, then she can inform the court of whom is responsible, and they can assume responsibility for the misconduct of the Wells Fargo Bank.

10.Here is the conundrum Wells Fargo Bank(&Associates) was caught engaging in predatory lending by the General Counsel of the US Dept of ED. Ms. Patterson could have cooperated with the US Depts of Ed and Treasury and Justice for years or communicated with Ira Grudberg, Esq but did not until plaintiff is pro se. Ms. Patterson is the responsible party for Wells Fargo & Associates and there may be other bank officers, too that are responsible but she is executive V-P and general Counsel. Some responsible party for Wells Fargo is going to pay the plaintiff for the monetary damages sought and other credit reporting concerning this plaintiff.

Case: 26-1910 Document: 00118521608 Page: 55 Date Filed: 09/29/2026 Entry ID: 6851179

11.The defendants must be held accountable for their malfeasance and draconian conduct for 48 years. Ms. Patterson can and will be held accountable for these years of hardship and damages needlessly inflicted upon the plaintiff to enrich Wells Fargo Bank and Ms. Patterson with bonuses etc. Wells Fargo consumed the Connecticut Savings Bank as was previously documented. These financial institutions have exploited needy students like the plaintiff. Now it is time for her, and Wells Fargo & Associates to compensate this plaintiff. The student loan programs, and grant programs were exploited by the banks—Well Fargo among them—with no regard for the harm caused to the student. The corporate greed and avarice of the bank officers drove the banking machinery to the impoverishment of the students saddled with huge debts while Ms. Patterson compensated herself with multi-million-dollar salaries and bonuses. She responsible.

12.To recapitulate, the plaintiff has won the 1989-1990 case by stipulated agreement of the parties dismissed with prejudice against them –a court order signed by Honorable Judge Warren Eginton(US District Court, Bridgeport, CT), two writs of certiorari to SCOTUS, class action suit Sweet vs Cardona(Won by Harvard Law School et al.), borrower defense application(debt was discharged and funds will be repaid, letter previous provided). Defendants have lost his matter and must make generous damage compensation forthwith.

Cancelled

2025 DEC 1 A 11: 34

Respectfully submitted to the court:

Peter R. Rumbin, plaintiff (pro se), & (comments derived from Ira B Grudberg, Esq. counsel of record for all previous pleadings)

52

87 Second Street, Hamden, Conn. 06514

Certification____________________ Peter R Rumbin

It is hereby asserted that a copy of the above was sent to the defendants of record found on the cover sheet to the complaint and herein follows below this day Dec 22, 2025 by plaintiff, Peter R. Rumbin, (for Ira B. Grudberg, Esq) 87 Second Street, Hamden, CT 06514:

US Dept of ED, Office of General Counsel, 400 Maryland Ave. SW, Washington, DC 20202

Sheri Cann, CEO, President, F. H. Cann & Associates, 1600 Osgood St., Suite 3058, North Andover, Mass. TEL 877-750-9804;

Department of the Treasury, Scott Bassent, secretary, 1500 Pennsylvania Ave. NW., Washington, DC 20220, TEL. (202)-622-2000

Ellen R. Patterson, Senior EX VP, General Counsel, Wells Fargo & Co., Corporate Offices, 420 Montgomery St., San Francisco, CAL 94104

Elizabeth Shanin, Interim VP and General Counsel, U. of Chicago, (Professor Lorna Strauss, former dean of students), Edward H. Levi Hall, Suite 619, 5801 S. Ellis Ave., Chicago, Illinois 60637; Tel 773-702-8873

Their Legal Counsel.

Cancelled

2025 DEC 2? A 11:34

Case: 26-1910 Document: 00118521608 Page: 57 Date Filed: 09/29/2026 Entry ID: 6851179

| NOTICE OF RETURNED PLEADING | DOCKET NUMBER<br>2577CV00816 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Rumbin, Peter R. vs. Scott Bassent In his/her capacity as Department of The US Treasury et al | | Thomas H. Driscoll, Jr., Clerk of Courts<br>Essex County |
| TO:<br>Peter R Rumbin<br>87 Second Street<br>Hamden, CT 06514 | | COURT NAME & ADDRESS<br>Essex County Superior Court - Lawrence<br>43 Appleton Way<br>Lawrence, MA 01841 |

Pleading titled, Letter to the court, filed with the court on 03/05/2026, returned to Pro Se Peter R. Rumbin
case has been transferred to U.S. District Court

Page 1

| DATE ISSUED | ASSISTANT CLERK | SESSION PHONE# |
|---|---|---|
| 03/05/2026 | | |

Date/Time Printed: 03-05-2026 11:09:56 SCV074\ 11/2014

Case: 26-1910 Document: 00118521608 Page: 58 Date Filed: 09/29/2026 Entry ID: 6851179

Superior Court State of Massachusetts

Peter R. Rumbin, Plaintiff Doc. No.: 2577 CV00816D

VS Dec 22, 2025

Office of the General Counsel, US Dept of Education, Ms. Sheri Cann, CEO, President, F. H. Cann & Associates (North Andover, Mass), Scott Bassent, Department of The US Treasury, Ellen R. Patterson, Senior Ex. VP, General Counsel, Wells Fargo & Co., Elizabeth Shanin, VP & General Counsel, University of Chicago, Defendants

**OBJECTION TO MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, DEFENDANT SHERI CANN, PRESIDENT OF F.H. CANN & ASSOCIATES INC. OBJECTION TO WELLS FARGO BANK-DEFENDANT ELLEN R. PATTERSON MOTION TO DISMISS THE COMPLAINT.**

**DISCUSSION IN SUPPORT OF PLAINTIFF'S OBJECTION TO MOTIONS FOR DISMISSAL.**

1.The plaintiff has informed Attorney Antonio Calvagno (F.H.Cann) that the relief sought is the payment of a substantial sum of money for damages, restitution, punitive damages, consume protection, and legal costs as stated in the complaint from Ira B. Grudberg, Esq. The defendants disrupted the plaintiff's education, employment and creditworthiness with derogatory comments, and a credit score of "zero". Schools, colleges and employers utilize credit scores etc. in their admissions and hiring algorithms, Hence the ongoing litigation for 48 years and its legal costs from 1979 to the present require that the defendants must now pay the plaintiff for the harm and disruption of his adult life.

2.Ira Grudberg said that "once we had won the student loan predatory lending case, we would make money" and now is payback time for the defendants who made millions and billions of dollars with their "irregular financial aid practices" and enriched themselves at the expense of the poor students that were exploited.

Cancelled

2025 DEC 22 A 11: 34
ESSEX SUPERIOR COURT FILED

3.This plaintiff's case is different because this plaintiff had discovered the fraud and embezzlement of the U. of Chicago by accident. When he withdrew from the U. of Chicago he matriculated to Harvard; Harvard's financial aid office had requested a financial aid transcript from the U. of Chicago. This financial aid transcript revealed that U. of Chicago had in its possession the grant funds (PELL/BEOG) from the plaintiff, and that Chicago had not applied these funds to the plaintiff's education expenses. Furthermore U. of Chicago had borrowed funds which were not necessary hence what is now termed "Predatory Lending" thus creating unnecessary debt to enrich themselves.

4.These defendants increased their wealth at the expense of the plaintiff. The U. of Chicago was investigation by the US Dept of Ed in Chicago, Illinois, and the U. of Chicago was caught committing fraud and embezzlement of these grant funds. Subsequently, U. of Chicago refunded the grant funds but not the loans.

5.The plaintiff struggled the rest of his life with this continuing student loan- financial aid problem. Plaintiff could never borrow any money again for school, an automobile or house. The negative impact has continued to the present time. If the plaintiff had not persisted in the litigation to defend himself from the defendants, he would lose his property, assets and become a homeless person. Meanwhile these defendants have increased their net wealth by billions of dollars. This plaintiff also never quit pursuing his educational and career goals despite these obstacles. Ira Grudberg, Esq advised him to further his education and not permit the defendants to sabotage his life.

Case: 26-1910 Document: 00118521608 Page: 60 Date Filed: 09/29/2026 Entry ID: 6851179

6.F.H. Cann & Associates and Wells Fargo were engaged in the collections business for the US Dept of ED and are a party to these proceedings and cannot avoid responsibility for their past engagement in these student loan activities. They will have to pay compensation to the plaintiff just as much as the other defendants. F.H. Cann and Wells Fargo Bank and Ms. Patterson are just as guilty of the predatory lending profiteering as the other defendants are.

7.Today, the court must adjudicate the settlement of damages and issue a cease-and-desist order against the defendants so that none of them may ever seek to enact "offsets" or seize property or assets from the plaintiff. The plaintiff refers the court to the writ of certiorari to SCOTUS and its appendix for a further exegesis of this matter. Unfortunately, Ira Grudberg is now deceased. The defendants had years during which they could have communicated with him but remained silent throughout the decade of litigation. Only upon his death have the defendants' commenced pleadings against the pro se plaintiff.

8.Ms. Patterson is the Executive Vice- President and general counsel for the Wells Fargo Bank and hence is responsible for the conduct of the bank. The Wells Fargo Bank does not operate "autonomously" so for this defendant to claim immunity from legal responsibility for the Well Fargo Bank is nonsensical. The complaint is legitimate. The relief sought is money and restoration of the plaintiff's creditworthiness and deletion of all derogatory comments from credit reporting agencies and other sources, Ms. Patterson represents Wells Fargo Bank and as such is responsible for the conduct and misconduct of the bank. Wells Fargo has paid billions of dollars in damages for its exploitative lending practices so some one paid those judgements and signed the checks and the V-P could do that or the

legal counsel of Wells Fargo Bank, there has been no time bar because the "offsets" were executed as late as 2024 and the plaintiff was a party to the class action suit Sweet vs Cardona which was decided in January 28, 2023.

9.The defendants are not permitted to avail themselves to res judicata in this case because the case has been decided in the previous cited case rulings: 1990 dismissal with prejudice, Class action suit: Sweet vs Cardona and Borrower Defense Application discharge ruled by the General Counsel of the US Dept of ED (Washington, DC). Ms. Patterson is the "known" person responsible by the Massachusetts State Sherriff who performed the serve legally. Ms. Patterson is responsible for the conduct of the Wells Fargo Bank. If she thinks that she is not responsible, then she can inform the court of whom is responsible, and they can assume responsibility for the misconduct of the Wells Fargo Bank.

10.Here is the conundrum Wells Fargo Bank(&Associates) was caught engaging in predatory lending by the General Counsel of the US Dept of ED. Ms. Patterson could have cooperated with the US Depts of Ed and Treasury and Justice for years or communicated with Ira Grudberg, Esq but did not until plaintiff is pro se. Ms. Patterson is the responsible party for Wells Fargo & Associates and there may be other bank officers, too that are responsible but she is executive V-P and general Counsel. Some responsible party for Wells Fargo is going to pay the plaintiff for the monetary damages sought and other credit reporting concerning this plaintiff.

Case: 26-1910 Document: 00118521608 Page: 62 Date Filed: 09/29/2026 Entry ID: 6851179



11.The defendants must be held accountable for their malfeasance and draconian conduct for 48 years. Ms. Patterson can and will be held accountable for these years of hardship and damages needlessly inflicted upon the plaintiff to enrich Wells Fargo Bank and Ms. Patterson with bonuses etc. Wells Fargo consumed the Connecticut Savings Bank as was previously documented. These financial institutions have exploited needy students like the plaintiff. Now it is time for her, and Wells Fargo & Associates to compensate this plaintiff. The student loan programs, and grant programs were exploited by the banks—Well Fargo among them—with no regard for the harm caused to the student. The corporate greed and avarice of the bank officers drove the banking machinery to the impoverishment of the students saddled with huge debts while Ms. Patterson compensated herself with multi-million-dollar salaries and bonuses. She responsible.

12.To recapitulate, the plaintiff has won the 1989-1990 case by stipulated agreement of the parties dismissed with prejudice against them –a court order signed by Honorable Judge Warren Eginton(US District Court, Bridgeport, CT), two writs of certiorari to SCOTUS, class action suit Sweet vs Cardona(Won by Harvard Law School et al.), borrower defense application(debt was discharged and funds will be repaid, letter previous provided). Defendants have lost his matter and must make generous damage compensation forthwith.

2025 DEC 21 A 11: 34
ESSEX SUPERIOR COURT
FILED

Cancelled

Respectfully submitted to the court:

Peter R. Rumbin, plaintiff (pro se), & (comments derived from Ira B Grudberg, Esq. counsel of record for all previous pleadings)

Case: 26-1910 Document: 00118521608 Page: 63 Date Filed: 09/29/2026 Entry ID: 6851179



87 Second Street, Hamden, Conn. 06514

Certification________________ Peter Rumbin

It is hereby asserted that a copy of the above was sent to the defendants of record found on the cover sheet to the complaint and herein follows below this day Dec 22, 2025 by plaintiff, Peter R. Rumbin, (for Ira B. Grudberg, Esq) 87 Second Street, Hamden, CT 06514:

US Dept of ED, Office of General Counsel, 400 Maryland Ave. SW, Washington, DC 20202

Sheri Cann, CEO, President, F. H. Cann & Associates, 1600 Osgood St., Suite 3058, North Andover, Mass. TEL 877-750-9804;

Department of the Treasury, Scott Bassent, secretary, 1500 Pennsylvania Ave. NW., Washington, DC 20220, TEL. (202)-622-2000

Ellen R. Patterson, Senior EX VP, General Counsel, Wells Fargo & Co., Corporate Offices, 420 Montgomery St., San Francisco, CAL 94104

Elizabeth Shanin, Interim VP and General Counsel, U. of Chicago, (Professor Lorna Strauss, former dean of students), Edward H. Levi Hall, Suite 619, 5801 S. Ellis Ave., Chicago, Illinois 60637; Tel 773-702-8873

Their Legal Counsel.

Cancelled

2025 DEC 24 A 11:34

ESSEX ... COURT

Case: 26-1910 Document: 00118521608 Page: 64 Date Filed: 09/29/2026 Entry ID: 6851179

NO. 19-

60

In the

# Supreme Court of the United States

PETER R. RUMBIN

*Petitioner*

V.

ARNE DUNCAN SECRETARY OF EDUCATION; US DEPARMENT OF EDUCATION; TIMOTHY GEITHNER, UNITED STATES DEPARTMENT OF TREASURY; BETH HARRIS; DOUGLAS R. EDWARDS, WELLS FARGO BANK;

*Respondents*

On Petition for a Writ of Certiorari to the United States Second Circuit Court of Appeals

# PETITION FOR A WRIT OF CERTIORARI

IRA B GRUDBERG
COUNSEL OF RECORD
114 LAUREL CREST ROAD
MADISON, CT 06443
(203)-234-1374
ATTORNEY FOR PETITIONER

January 28, 2020 *COUNSEL FOR PETITIONER*

SUPREME COURT PRESS (888)958-5705 BOSTON, MASSACHUSETTS

Case: 26-1910 Document: 00118521608 Page: 65 Date Filed: 09/29/2026 Entry ID: 6851179



## QUESTIONS PRESENTED

1. Whether the courts should overrule the decision of the District Court of Connecticut (11-cv-904 (CSH)), which granted the Respondents' motion to dismiss the action. This decision violates the black letter law in the decision *Plaut v. Spendthrift Farms*, 514 U.S. 211 (1995) and *U.S. Government v. Espinosa*, March 23, 2010.

2. Whether the court should question the constitutionality of the Government resorting to "Self-Help" in order to do an "end run" around a prior court ruling.

3. Whether the U.S. Government should be allowed to make an unlawful seizure of money and property without due process.

Case: 26-1910 Document: 00118521608 Page: 66 Date Filed: 09/29/2026 Entry ID: 6851179



## LIST OF PROCEEDINGS

United States Court of Appeals for the Second Circuit

No. 18-3488

*Peter R. Rumbin, v. Arne Duncan, Secretary of Education, U.S. Dept. of Education, Et Al.*

Date of Final Opinon: July 8, 2019

Date of Reconsideration Denial: September 3, 2019

---

United States District Court for the District of Connecticut

Civil Action No. 3:11-CV-904 (CSH)

*Peter R. Rumbin v. Arne Duncan, Et Al.*

Date of Order: November 1, 2018

Case: 26-1910 Document: 00118521608 Page: 67 Date Filed: 09/29/2026 Entry ID: 6851179

63



## TABLE OF CONTENTS

Page

QUESTIONS PRESENTED ..... i

LIST OF PROCEEDINGS ..... ii

TABLE OF AUTHORITIES ..... vi

PETITION FOR A WRIT OF CERTIORARI ..... 1

OPINIONS BELOW ..... 1

JURISDICTION ..... 1

STATEMENT OF FACTS ..... 2

A. Preliminary Statement ..... 2

B. Introduction ..... 2

C. Statement of the Case ..... 8

D. Relief Sought ..... 16

REASONS FOR GRANTING THE PETITION ..... 16

I. THE JUDGEMENT SHOULD BE REVERSED BECAUSE APPELLANT HAS MERITORIOUS CLAIM THE RESPONDENTS' CLAIMS ARE BARRED BY EQUITABLE ESTOPPEL. ..... 16

II. LEGAL RATIONALE SUPPORTING PLAINTIFF' CASE AGAINST THE DEFENDANTS ..... 22

III. THE JUDGEMENT SHOULD BE REVERSED ON PROCEDURAL GROUNDS. ..... 26

IV. DUE PROCESS VIOLATION: VINDICTIVENESS ..... 28

V. CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED ..... 29

VI. THE COURT'S POWER TO GRANT RELIEF ..... 31

CONCLUSION ..... 31

Case: 26-1910 Document: 00118521608 Page: 68 Date Filed: 09/29/2026 Entry ID: 6851179



64

## TABLE OF CONTENTS – Continued

Page

## APPENDIX TABLE OF CONTENTS

### OPINIONS AND ORDERS

Order of the United States Court of Appeals for the Second Circuit (July 8, 2019) ........ 1a

Omnibus Ruling on Plaintiff's Motion to Reopen Case. Motion for Appointment of Counsel, and Motion to Transfer Judge (November 1, 2018) ........ 3a

Order of the United States Court of Appeals for the Second Circuit (August 24, 2017) ........ 12a

Order of the United States Court of Appeals for the Second Circuit (May 19, 2017) ........ 14a

### OTHER DOCUMENTS

Plaintiff's Memorandum in Opposition to USA Memorandum to Dismiss (July 23, 2012) ........ 16a

Affidavit of Peter Rumbin (July 24, 2012) ........ 22a

Motion to Dismiss (September 26, 1990) ........ 25a

Notice of Service of Offer of Judgment (August 21, 1990) ........ 27a

Motion for Leave to file Amended Answer (July 20, 1990) ........ 29a

Amended Answer of Defendant Peter R. Rumbin (July 20, 1990) ........ 31a

Case: 26-1910 Document: 00118521608 Page: 69 Date Filed: 09/29/2026 Entry ID: 6851179

65

## TABLE OF CONTENTS – Continued

Page

Plaintiff's Initial Motion For Extension of Time to Answer or Object to Interrogatories and Respond to Request for Production and Admissions (December 22, 1989) ..................... 35a

Defendant's Response to Plaintiff's First Set of Interrogatories, First Request for Production of Documents and First Requests for Admissions (January 19, 1990) ........................ 37a

National Direct Student Loan Note (March 29, 1977) ................................................ 49a

Student Loan Interim Note (October 28, 1977) ............................................ 56a

Student Loan Interim Note (December 21, 1978) ........................................ 62a

Defendant's Original Answer (November 3, 1989) .......................................... 68a

Offset Statement (September 13, 2017) ....................................... 71a

Case: 26-1910 Document: 00118521608 Page: 70 Date Filed: 09/29/2026 Entry ID: 6851179

66

## TABLE OF AUTHORITIES

Page

### CASES

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009) ........................................ 27

*Bell Ad. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................ 27

*Buckley v. New York*,
U.S. Dist. Lexis 190837 (2012) ........................ 27

*Coppola v. Coppola*,
243 Conn. 657 (1998) ........................................ 26

*Dolan v. Connolly*,
794 F.3d 290 (2nd Cir. 2015) ............................ 5

*Erickson v. Pardus*,
55 U.S. 89 (2007) .............................................. 28

*Frank E. Hess v. Dumouchel Paper Company*,
154 Conn. 343 (1966)......................................... 20

*Glazer v. Dress Barn Inc.*,
274 Conn. 33(2005) ........................................... 18

*Godley v. United States*,
5 F.3d 1473 (Fed. Cir. 1993) ............................ 21

*Hendrickson v. U.S.*,
791 F.3d 354 (2nd Cir. 2015)................................ 5

*J.E.T.S., Inc. v. United States*,
838 F.2d 1196 (Fed. Cir. 1988) ........................ 21

*K&R Eng. Co. v. United States*,
616 F.2d 469 (Ct. Cl. 1980) .............................. 21

Case: 26-1910 Document: 00118521608 Page: 71 Date Filed: 09/29/2026 Entry ID: 6851179

67



**TABLE OF AUTHORITIES—Continued**

Page

*Kosakow v. New Rochelle Radiology Associates, P.C.*, 274 F.3d 706 (2 Cir. 2001) .................................. 17

*Little v. Streater*, 452 U.S. 1 (1981) .................................................. 4

*Plaut v. Spendthrift Farms, Inc.*, 514 U.S. 211 (1995) ............................ 3, 16, 23, 25

*Snow v. Calise*, 174 Conn. 567 (1978) ........................................ 27

*Todd v. Exxon Corp.*, 275 F.3d 191 (2nd Cir. 2001) ............................ 27

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 472 (2d Cir. 2006) ........................ 21, 28

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) ....................................... 6, 22

*Washington v. James*, 782 F.2d 1134 (2d Cir. 1989) ............................ 28

*Zinermon v. Burch*, 494 U.S. 113 (1990) ......................................... 27

**STATUTES**

12 U.S.C. 5565 .................................................. 22, 31

15 U.S.C. § 1692 ...................................................... 7

28 U.S.C. § 1254(1) .................................................. 1

28 U.S.C. § 2201 ...................................................... 22

Dodd-Frank Wall Street Reform and Consumer Protections Act 2010, Pub. L. 111–203 ............... 4

Case: 26-1910 Document: 00118521608 Page: 72 Date Filed: 09/29/2026 Entry ID: 6851179



## TABLE OF AUTHORITIES—Continued

Page

### JUDICIAL RULES

D. Conn. L. Civ. R. 7(c) .......... 28
Fed. R. App. P. 32 .......... 5, 6, 11, 26
Fed. R. Civ. P. 12(b)(6) .......... 26

Case: 26-1910 Document: 00118521608 Page: 73 Date Filed: 09/29/2026 Entry ID: 6851179



## PETITION FOR A WRIT OF CERTIORARI

Petitioner Peter R. Rumbin Respectfully Petitions this Court for Writ of Certiorari to review the Judgment issued in the United States Court of Appeals for the Second Circuit.

## OPINIONS BELOW

The Order of the United States Court of Appeals for the Second Circuit, dated July 8, 2019 is reprinted in the Appendix hereto at App.1a. The Second Circuit Order Denying a Motion for Reconsideration on September 3, 2019 is reprinted in the Appendix hereto at App.27a.

## JURISDICTION

The Second Circuit denied a timely filed motion for Reconsideration on September 3, 2019. This Court has Jurisdiction Pursuant to 28 U.S.C. § 1254(1).

Case: 26-1910 Document: 00118521608 Page: 74 Date Filed: 09/29/2026 Entry ID: 6851179

## STATEMENT OF FACTS

### A. Preliminary Statement

The Appellant, Peter R. Rumbin, hereby appeals to the United States Supreme Court to overturn the dismissal of a civil student loan before the Second Circuit Court of Appeals. The present case involves a dispute over the Government's wrongful garnishment of the Appellant's monthly social security benefits to recover the alleged student loan debts dating back 40 years, that were settled by stipulated agreement with prejudice against the Departments of Education and Treasury in 1990.

### B. Introduction

This case originates from a dispute with the U Chicago over student loans from 1977-1978.

In 1989, the U.S. Departments of Education (DoEd) and Justice (DOJ) through its U.S. Attorney (Atty), Christine Sciarrino, sued Peter R. Rumbin, (defendant at the time), for outstanding student loans borrowed in 1977-78, while a student at the University of Chicago (U. Chicago). In 1989-1990, the claim by stipulated agreement among the parties was settled in Federal Court (Bridgeport, CT) before Judge Warren Eginton, and was dismissed with prejudice against the Government (App.12a). Judge Eginton held a hearing with Rumbin; U.S. Atty Christine Sciarrino failed to appear until the second hearing, where she signed the stipulated agreement before Judge Eginton and Atty David Leff, who represented Peter R. Rumbin in that case. The late Atty Robert C. Ruggiero, Jr. also

Case: 26-1910 Document: 00118521608 Page: 75 Date Filed: 09/29/2026 Entry ID: 6851179



represented Rumbin in that case initially. All the loans were in default and all loans were borrowed in the same time period. All loans were inventoried in the government's interrogatories and discoveries requested by U.S. Atty Sciarrino in 1989-90 (App.27a, 29a, 35a). The borrower won in Federal Court with a court order that dismissed all outstanding loans on consent of the parties, with prejudice against the Government. Hence, any claims of the DoEd or Treasury (USDT) were null. The Government did not attempt to modify or appeal Judge Eginton's ruling after it was rendered. In 2010, a new statute was passed that permitted the U.S. DoEd and USDT to take Peter R. Rumbin's money every month as an offset, including his income tax return and it is collecting aggressively, on the verge of foreclosing on the borrower's home in CT.

Because of the *Plaut v. Spendthrift Farms*, 514 U.S. 211, (1995) Supreme Court ruling: "No statute can retroactively vacate any adjudicated case that is final. The Supreme Court holds that Congress cannot circumvent a decision by changing the rules later." This is a matter of the "law of the case". The defendants have not only committed breach of contract but also violation of a court order which is even worse than breach of a settlement. The creditors resorted to "self-help" under the new statute.

Wells Fargo Bank (WFB) assumed the loans from the prior Connecticut Savings Bank and Connecticut Student Loan Foundation, where the borrower resides. The villain is the U. Chicago that did not credit the PELL Grants to pay the plaintiff's bill but pocketed the funds. This fraud was revealed when the Harvard Financial Aid Office obtained the U. Chicago's financial

Case: 26-1910 Document: 00118521608 Page: 76 Date Filed: 09/29/2026 Entry ID: 6851179





aid transcript for Mr. Rumbin. (At that time, Mr. Rumbin was a student at Harvard.)

U. Chicago was engaged in predatory lending and targeted the most needy and vulnerable students as a means to enrich itself at the expense of the economically poor students. The Dodd-Frank Wall Street Reform and Consumer Protections Act 2010, (Citations: Pub. 1.111-203; Statutes at Large 124 Stat. 1376-2223 would apply for recovery of damages against these defendants.

In the Second Circuit Court second ruling, the judges provided a roadmap for the U.S. District Court in Connecticut to follow (App.D), but Judge Charles S. Haight, Jr defied that ruling. He never permitted a new complaint nor held a hearing. He did not assign an attorney to represent the plaintiff. He did not seek any discovery or interrogatory, and denied the motion to transfer the case to Judge Eginton, who had presided over the original case in 1989-1990, and who knew why he ruled as he did.

In the U.S. Supreme Court case, *Little v. Streater*, 452 U.S. 1 (1981), the court ruled that the State of Connecticut had to pay for a DNA test to prove a paternity claim. Similarly, a lawyer assigned to represent the plaintiff could have provided the U.S. District Court Judge Haight with a new complaint or, if required, the U.S. Second Circuit Court of Appeals could have received a new brief (App.3a). By refusing to appoint counsel to represent the plaintiff, he denied an avenue for the plaintiff to provide the court with a new brief. Then the court would have learned what relief the plaintiff sought, and the case would have been well articulated. Instead, the case must now be reviewed by the U.S. Supreme Court for

Case: 26-1910 Document: 00118521608 Page: 77 Date Filed: 09/29/2026 Entry ID: 6851179



justice to be served, and for the plaintiff to avoid losing his house, Social Security and monies. Meanwhile, the defendants have been unjustly enriched.

The cases *Hendrickson v. USA*, 791 F.3d 354, 358-63 (2nd Cir. 2015) and *Dolan v. Connolly*, 794 F.3d 290, 295 (2nd Cir. 2015) address the breach of contract and permittance of a new complaint. The defendants have breached their contract from the 1989-1990 settlement before Judge Eginton. In the student loan case, the defendants signed and agreed to withdrawal of suit against the plaintiff (then defendant) by stipulated agreement of the parties, dismissal with prejudice against them. This ruling and court order signed by Judge Eginton precludes the defendants from resorting to "self-help".

The defendants are barred from circumventing this court order and trying to do an "end-run" around the court order that the defendants signed in 1990. Because of the dismissal with prejudice ruling and court order, the defendants cannot resort to any further litigation and this ruling prevents them from collecting any money or property under *res judicata*. Furthermore, the prior decision is grandfathered in under the laws enforced at that time.

The plaintiff's previous brief was authored by Attys Gunilla Faringer and Charles Darlington both of Appeals Press, White Plains, NY. Both attorneys violated Local Rule 32: they failed to file an appearance, acknowledge authorship of their brief, affix their names and address to their brief, sign their brief or, finally, to appear before the court to defend their brief. These two attys did this act without the prior knowledge or consent of the plaintiff. The New York Bar has cited them both for ignoring the

Case: 26-1910 Document: 00118521608 Page: 78 Date Filed: 09/29/2026 Entry ID: 6851179





Federal Rules. The citation is part of their permanent record. If they violate any other rules, they will be disbarred. (App.14a).

The Second Circuit Court issued a second ruling after the plaintiff provided proof that he did not violate Local Rule 32, but rather the court's rules were violated by Faringer and Darlington. These two attorneys were paid to write the brief but never returned these funds to the plaintiff. This explains the reason for the second ruling by the Second Circuit Court of Appeals on August 24, 2017, after the May 29th 2017 ruling. The misconduct of Attys Faringer and Darlington was most harmful to the plaintiff.

Upon further research, a U.S. Supreme Court Ruling involving student loan debt. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (March 23, 2010) states that a bankruptcy judge's ruling is final and cannot be revisited years later because the lender did not like the decision, and did not appeal it in timely manner, and may have omitted some loan by mistake. In the plaintiff's case, the U.S. DoEd, USDT, the U. Chicago, and Connecticut Savings Bank, now WFB, were dismissed with prejudice against them, breached their contract from the 1989-1990 settlement before Judge Eginton. They are guilty of misconduct because of their illegal collections of the plaintiff's money (*U.S. Aid Fund v. Espinosa; Plaut v. Spendthrift Farm*).

There were no further proceedings in this case from 1990. The defendants did not attempt to vacate, appeal, modify, or alter the court's order of 1990. They did not file a motion for reconsideration. Furthermore, all of the loans were inventoried and explained

Case: 26-1910 Document: 00118521608 Page: 79 Date Filed: 09/29/2026 Entry ID: 6851179





in the interrogatories and discoveries sent to Rumbin by then U.S. Atty Christine Sciarrino, who represented the U.S. DoEd and USDT in the 1990 and the present case (35a). This is the same situation as in the *U.S. Aid Fund vs Espinosa* case, where someone later claims that they may not have included all of the loans in all of the court filing, but the presiding judge's ruling was upheld. The DoEd and USDT are barred by *res judicata.* This appeal is meritorious because of the previous dismissal with prejudice against them: U.S. DoEd and USDT, U. Chicago, the Connecticut Savings Bank (WFB). Hence, the defendants' monetary collection for the past ten years is illegal.

In the Federal Debt Collection Practice Act (1977) that governs debt collections, there is a provision that says you are barred from collecting on a debt that is based upon fraud. Fraud contains two sets of laws: one for the Federal Government and another for private lenders. The Federal Government does not have the right to sue because of private entities: U. Chicago, Connecticut Savings Bank (WFB) are private institutions and private banks.

The U.S. Government cannot collect the plaintiff's money without suing the plaintiff in court to recover these funds. Yet, the DoEd and USDT are currently collecting monies (currently $139 each month), earned income tax credit, and eventually real estate (the plaintiff's house) without having sued the plaintiff, without having won their case in court and being awarded money and/or property. The 1990 court order remains in force and binding on the parties and private lenders in this case.

Judge Haight's bias and favoritism towards U.S. Atty Sciarrino and the U.S. Gov. was obvious when

76

Case: 26-1910 Document: 00118521608 Page: 80 Date Filed: 09/29/2026 Entry ID: 6851179

he dismissed the plaintiff's case, and upheld Atty Sciarrino's erroneous statements. He stated that transferring the case to Judge Eginton was then "moot". Because of Judge Haight's dismissal of the plaintiff's case, and subsequent refusal to transfer the case to Judge Eginton, the U.S. Government continues to offset the plaintiff's assets (App.3a). Since no hearing was ever held in the U.S. District Court of Connecticut or in the Second Circuit Court of Appeals in Manhattan, NY, the plaintiff would like the matter to be heard and settled in the Supreme Court of United States.

## C. Statement of the Case

Mr. Rumbin attended the University of Chicago (U. Chicago) between 1977 and 1978. When he enrolled at the University he applied for federal Pell/BEOG/grants to finance his studies. He was informed that the grants would be credited to his tuition before any other available funds. However, the U. Chicago also requested that he apply for student loans, which he did. Therefore, he executed two notes in the amounts of $1,650.00 and $890.00. Later, he also took up two additional loans in the amount of $2,500 each, for a total of $5,000 ("the GSL loans") which is the subject matter of the within litigation.

When he attended Harvard University the next year, their financial aid office informed him that, unbeknownst to him, he had Pell grant funds available to him at U. Chicago that had never been used towards his tuition. It became clear to him that he had been deceived by the University to go into debt for his tuition that would have been unnecessary had the grants been applied to his tuition as was required

Case: 26-1910 Document: 00118521608 Page: 81 Date Filed: 09/29/2026 Entry ID: 6851179



under federal law and as he had been promised by the University. He also learned that the University had returned the grant money to the Department of Education after it had been audited; however, it did not return Petitioner's borrowed money, and he was still responsible for paying back a debt that had been fraudulently incurred.

When he was unable to take out further loans, and as a direct result of the U.Chicago's unlawful withholding of his grant moneys, Mr. Rumbin was forced to withdraw from the U. Chicago, a situation that would clearly never have occurred had his grant money been used by U.Chicago as intended. While unlawfully withholding Rumbin's grant monies--possibly amounting to not just embezzlement but fraud, predatory lending and racketeering-the University suggested to his parents that they take out a second mortgage on their home to allow him to pursue his degree. However, his parents' application for a second mortgage was declined.

Mr. Rumbin's mother was dying of cancer at the time. As a result, Mr. Rumbin had no choice but to terminate his studies at U. Chicago and finish his degree at another institution. This was possible only after the University finally released his academic transcript (as a result of the U.S. Department of Education investigation of financial fraud aid irregularities), of the unlawfully incurred debt, and after lengthy and diligent work by Attorney Ira B. Grudberg. Mr. Rumbin was never provided with a proper accounting of his financial aid status with the University in spite of repeated requests, including a Motion for Disclosure.

Case: 26-1910 Document: 00118521608 Page: 82 Date Filed: 09/29/2026 Entry ID: 6851179

University of Chicago was one of many colleges around the country that were revealed to have been engaging in misappropriation of federal grant monies and other irregularities in connection with student financing. A great number of schools, including Columbia University, U. Penn, Johns Hopkins University, U. Southern California and New York University were ordered to repay millions of dollars in federal grant money. When Mr. Rumbin's loans went into repayment status he was unable to make payments due to financial difficulties. The loans were eventually declared in default on September 1, 1987 and the loans were assigned to the Department of Education ("DoEd"). On October 17, 1989 the United States of America commenced a lawsuit against Mr. Rumbin for repayment of the debt. That action was dismissed with prejudice and the debt was written off on September 24,1990.

However, unbeknownst to the Petitioner, the two GSL loans in the total amount of $5,000 were not referred to the DoEd for collection until December 14, 1998. Not until March of 2011 did the DoEd began collecting this debt by garnishing his social security benefits by $76.00 (now $139) per month under the Higher Education Act, 20 U.S.C. § 1091(a)(1), thereby reducing his monthly social security payments to currently $750.00. It is unknown why the GSL loans were not referred to the DoEd until 8 years after the dismissal of the original action in 1990 and not enforced until 21 years after the dismissal.

According to loan documents submitted by the Respondents as exhibits to their motion to dismiss the total outstanding balance of those two loans on August 1, 2011 amounted to $16,023.00. (R 73) Thus

Case: 26-1910 Document: 00118521608 Page: 83 Date Filed: 09/29/2026 Entry ID: 6851179

the DoEd allowed the debt to accumulate to three times it original amount before it began to enforcing it. Today it has grown to almost $36,000, nearly seven times the original loan amount.

Therefore, on May 20, 2011, the Petitioner commenced legal action to stop the garnishing of his social security payments and to reclaim funds collected unlawfully, including interest together with damages to compensate him for the harm caused to his credit worthiness and the time and effort spent on this matter over many years as well as the loss of opportunity caused by his forced withdrawal from his program of studies at the University.

The Respondents subsequently filed a Motion to Dismiss on August 4, 2011. Said motion was denied without prejudice on June 25, 2014 and the court requested the Respondents to submit evidence regarding the discussion of the GSL loans during the negotiations preceding the dismissal in 1989. The Respondents submitted a renewed motion to dismiss on July 18, 2014. Mr. Rumbin filed an Appeal and Objection on August 6, 2014, which the court construed as a motion for reconsideration. Petitioner's motion was denied on February 17, 2016 and Respondents' renewed motion to dismiss was granted on February 17, 2016. A judgment was entered on February 22, 2016 (App.1a,3a).An appeal was filed in the Second Circuit Court of Appeals (NYC) in 2017 by Appeal Press attorneys Gunilla Faringer, and Charles Darlington of White Plains, NY. The Court ordered a refiling of a new complaint dated August 24, 2017 (12a) as the two lawyers were caught violating Rule 32. They refused to apologize to the court. Final judgement of U.S. District Court Omnibus ruling on plaintiff's

Case: 26-1910 Document: 00118521608 Page: 84 Date Filed: 09/29/2026 Entry ID: 6851179





motion to re-open the case, get appointed counsel, and transfered to Judge Eginton, who had heard the original case in 1989-90, was denied by Judge Haight, U.S. District Court, November 1, 2018 (App.3a) He issued a Mandate on September 10, 2019 (App.1a). Appeal to the U.S. Supreme Court on January 28, 2020 followed immediately thereafter.

Final judgment of U.S. District Court (CT) Omnibus ruling on plaintiff's motions to re-open the case, have counsel appointed, and transferred to Judge Eginton, who had heard the original case in 1989-90, was denied by Judge Haight, U.S. District Court (CT), November 1, 2018. (App.3a). U.S. Second Circuit Court of Appeals Judges—Debra A. Livingston, Raymond J. Lohier, Jr., (absent: Judge Carney)—issued a Mandate on July 8, 2019. (App.1a). Appeal to U.S. Supreme Court on January 28, 2020 followed immediately thereafter.

Federal court has equitable jurisdiction over the question of the plaintiff's student loans. The plaintiff seeks equitable relief from the court because it is grossly unfair and unreasonable to ignore the dismissal with prejudice against the U.S. DoEd and USDT by Judge Eginton in 1990 regarding all the student loans. The plaintiff was sued in federal court for student loans by the USDT and DoEd in 1989. The case was dismissed in September of 1990, with prejudice against the U.S. Dept. of Treasury and Education by the Judge Eginton, U.S. District Judge (Bridgeport, CT).

In the discoveries and interrogatories sent by the U.S. Attorney's office to the plaintiff, Peter R. Rumbin, the U.S. Atty Sciarrino specifically asked the plaintiff to identify all of the loans, and the

Case: 26-1910 Document: 00118521608 Page: 85 Date Filed: 09/29/2026 Entry ID: 6851179



plaintiff disclosed both the National Direct Student Loans and the Guaranteed Student Loans. Thus, the plaintiff raised as a defense to the 1989 collection brought against him by the U.S. that he was fraudulently induced to accept the various loans. All the loans were taken out in the same time period and no additional loans were ever taken out by the plaintiff. According to the Defendants, all the loans were "declared in default on September 1, 1987," (App.35a, 56a, 62a, 68a) and were therefore assigned to the United States.

The Government brought suit against the plaintiff in 1989 for defaulting on two National Direct Student Loans. The Guaranteed student loans were not simply discussed by the parties in the 1989 litigation—they were specifically pleaded in the plaintiff's special defenses, and the plaintiff asks that the Defendants now be equitably estopped from any further administrative collection actions.

For 30 years, it was understood by all parties that all the loans in question were included and settled in the 1990 dismissal with prejudice decision. At that time, the U.S. Government acted like all the loans were settled for the nearly three decades since the dismissal.

The U.S. DoEd and USDT received discovery and interrogatories, making all loans known to all parties involved during the previous litigation. They are barred by law from now ignoring Judge Eginton's ruling and should not be permitted to now take the plaintiff's Social Security, property and house because all the loans were included in the Judge Eginton's decision.

Case: 26-1910 Document: 00118521608 Page: 86 Date Filed: 09/29/2026 Entry ID: 6851179

The defendants (U. Chicago, Wells Fargo Bank, USDT and DoEd) engaged in predatory lending to the plaintiff, Peter R. Rumbin. The U. Chicago received BEOG (Pell Grant) funds to pay for the plaintiff's education bill. However, these funds were not credited to his account. The U. Chicago induced the plaintiff to apply for unnecessary student loans. Had the BEOG (Pell Grant) funds been credited to his account, he would not have needed these loans. Thus, the defendants unjustly enriched themselves.

Chicago's improprieties were discovered upon receipt of the plaintiff's U. Chicago's financial aid transcript at Harvard, (where the plaintiff was a student at the time), which revealed that the Pell funds were unused and still available. The plaintiff was advised to notify the DoEd of this irregularity. The DoEd conducted an investigation, which resulted in the U. Chicago returning the unused BEOG (Pell Grant) funds. But the U. Chicago did not refund the student loan money.

The plaintiff never got to argue the case before the court because there were too many errors in procedure (App.1a). The plaintiff is now represented by legal counsel, Ira B. Grudberg, and is prepared to litigate the case in court.

The Defendants claim a statute of limitation. However, the plaintiff has no statute of limitation to use for a defense for the unjust collection occurring today. This is grossly unfair, as are some of the provisions that the Congress created in not requiring the DoEd and USDT to follow, among other legal provisions, due process.

Case: 26-1910 Document: 00118521608 Page: 87 Date Filed: 09/29/2026 Entry ID: 6851179

Judge Haight defied the U.S. Second Circuit Court of Appeals in its second ruling and refused to permit a new complaint, hold a hearing, appoint counsel, or transfer the case the original Judge Eginton of Federal Court in Bridgeport CT. (App.3a) The late Judge Eginton was alive at the time of this request for the motion for transfer and could have heard the case that he ruled upon in 1989-1990.

In the Second Circuit Court second ruling, the judges provided a roadmap for the U.S. District Court in Connecticut to follow, but Judge Haight defied that ruling. Because of the dismissal with prejudice ruling and court order, the defendants cannot resort to any further litigation and this ruling prevents them from collecting any money or property under *res judicata.*

The defendants are guilty of misconduct because of their illegal collections of the plaintiff's money. There were no further proceedings in this case from 1990. The defendants did not attempt to appeal, modify or alter the court order of 1990 issued by Judge Eginton. Hence the defendants' collection for the past ten years is illegal.

The plaintiff cannot discover the pretext or "secret" statute that permits the defendants from collections without due process. The defendants' collections are unlawful. Judge Haight has ignored the 1990 court ruling and order against the defendants, even though this order remains in force today.

An Affirmative action claim should be filed and considered by the court for the decades of harm, hardship, and disruption to the plaintiff's life, education, creditworthiness, and career, as well as the

Case: 26-1910 Document: 00118521608 Page: 88 Date Filed: 09/29/2026 Entry ID: 6851179



time and ongoing expense of decades of litigation. The plaintiff would like the matter to be heard and appealed in the Supreme Court.

### D. Relief Sought

**1.** To cease and desist the unlawful seizure of property and monies; ignoring a prior judge's ruling of dismissal with prejudice against the defendants by stipulated agreement of the parties; *Plaut v. Spendthrift Farms, res judicata, United Student Aid Funds, Inc. v. Espinosa,* No appeal or modification of 1990 ruling ever sought by defendants for over 30 years. **2.** Return of what monies have been seized; total sum, with interest, of all payments, tax returns, fees, penalties, interest etc. **3.** A Court order stopping any further taking of any funds or property from the plaintiff, Peter R. Rumbin. **4.** Reimbursements of all legal counsel fees and expenses as a result of the defendants' actions. **5.** Counter suit on predatory lending, Dodd-Frank Consumer Protection Act or other applicable laws or relief as the court or legal counsel deem appropriate in this case.

## REASONS FOR GRANTING THE PETITION

### I. THE JUDGEMENT SHOULD BE REVERSED BECAUSE APPELLANT HAS MERITORIOUS CLAIM THE RESPONDENTS' CLAIMS ARE BARRED BY EQUITABLE ESTOPPEL.

In its order, the court below stated that under the limited application of equitable estoppel in federal law, a party can be estopped from pursuing a

Case: 26-1910 Document: 00118521608 Page: 89 Date Filed: 09/29/2026 Entry ID: 6851179





claim or defense where "the party to be estopped makes a misrepresentation of fact to the other party with reason to believe that the other party will rely on it and the other party reasonably relies on it to [his] detriment". *Citing Kosakow v. New Rochelle Radiology Associates, P.C.*, 274 F.3d 706 (2 Cir. 2001).

The court then goes on to state that the doctrine is not applicable to the case at bar because the Government did not make any misrepresentations of fact when it requested Rumbin to list all student loans he had taken out in the interrogatories preceding the stipulation for dismissal. However, it is respectfully submitted that the doctrine of equitable estoppel was misapplied by the court below. Contrary to what the district court found, there can be no doubt that doctrine of equitable estoppel is in fact applicable to this case, to wit, to the underlying facts that form the basis for Appellant's case.

At the time Mr. Rumbin began his studies at the U. Chicago, he was informed by the that his grant money would be credited to his tuition. He was also informed that even though he had received Pell grants he was obligated to take out student loans. Appellant reasonably relied on said instructions by the U.Chicago to his detriment, as overwhelmingly evidenced by the record in this case.

Equitable estoppel is a doctrine that operates in many contexts to bar a party from asserting a right that it otherwise would have but for its own conduct. In its general application, we have recognized that there are two essential elements to an estoppel-the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief, and the

Case: 26-1910 Document: 00118521608 Page: 90 Date Filed: 09/29/2026 Entry ID: 6851179



other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done." *Glazer v. Dress Barn Inc.*, 274 Conn. 33, 60 (2005).

Because of his reasonable reliance on the implied conditions in the agreement, Appellant was led to believe that his entire educational debt was included in the stipulation of settlement and because Defendants' failure to enforce the allegedly outstanding debt until after 21 years, after the dismissal of the other loans contributed to this belief, Appellant abstained from taking timely action to resolve the $5,000 debt, which caused said debt to increase threefold before he was made aware of it. Under these circumstances it is clear that the doctrine of equitable tolling applies to this action and it was error by the court below to grant the Respondents' motion to dismiss.

The Appellant is entitled to a full accounting by the U. Chicago. The University is obligated to provide full disclosure of Mr. Rumbin's financial aid package, including all available grants and how they were applied. Pursuant to the Higher Education Act of 1965, the Higher Education Opportunity Act of 2008 and Section 128 and Section 140 of the Truth in Lending Act (1968), it is clear that the University is obligated to provide full disclosure of Mr. Rumbin's financial aid package, including all available grants and how they were applied. However, to this day, for unknown reasons, it continues to refuse to do so and does not comply with Appellant's repeated requests for a full accounting. It is respectfully submitted that by refusing to provide Appellant with full disclosure of the financing of Mr. Rumbin's studies at University,

Case: 26-1910 Document: 00118521608 Page: 91 Date Filed: 09/29/2026 Entry ID: 6851179





the University is in violation of federal law. The judgment should be reversed and the Respondents be compelled to comply with Mr. Rumbin's request for a full accounting and clarification of the facts.

The Appellant relied on implied terms in the Stipulation for Dismissal. Rather than specifying exactly which loans were forgiven, the Stipulation for Dismissal simply stated that "[t]he parties do hereby agree to the dismissal of the above captioned action". The record reflects that Appellant assumed four loans, in the amounts of $1,650.00, $ 890.00 and two loans of $2,500.00 each. Even so, he was not able to meet his tuition bills, and when his parents' application for a second mortgage on their home was denied, he was compelled to withdraw from the University. Had the University not breached its duty by fraudulently withholding his grant monies, he would have been able to continue his studies and graduate from the University. Therefore, as a result of the University's fraud against Appellant his debt was written off after it had been litigated.

During the negotiations preceding the stipulation, Mr. Rumbin was asked to list all the loans he had taken out. Therefore, and because the settlement agreement stated that the parties "do hereby agree to the dismissal of the above captioned action", without specifying what loans it was referring to, and because of all circumstances and discussions held leading up to the stipulation, it is clear that the agreement contained implied terms, to wit, that all Mr. Rumbin's loans were dismissed by the agreement.

Mr. Rumbin reasonably relied on these terms and believed that his entire debt had been written off, until his social security benefit payments were suddenly

garnished in March of 2011, over two decades after his debt had been dismissed. The defendant, the U.S. DoEd waited twenty-one years after that stipulation to commence the enforcement, through Treasury offset with interest that has increased the debt sevenfold. This is a clear indication that Respondents acted in the belief that all loans were included in the agreement, for why else would they have waited 21 years to enforce the debt, now valued at $36,000.

Christine Sciarrino, an Assistant United States Attorney in the District of Connecticut, who was absent from the initial hearing where the loans were disclosed and discussed, preceding the stipulated agreement, has lied to the court about the loans. "With counsel in chambers with Judge Edington, a candid discussion of all of the facts and issues, arguments and defenses were laid out and discussed as to all four of the loans that generated the stipulation for judgement of dismissal with prejudice and entered by agreement of both parties on September 24, 1990." (the late Atty Robert C. Ruggiero, Jr.) (App.25a).

Separate dealings among the parties cannot affect another transaction so as to constitute a substituted contract between them unless it was their intention that such an agreement be consummated. This intention can be determined from the language used and the circumstances known to both parties under which the negotiations were had." *Frank E. Hess v. Dumouchel Paper Company*, 154 Conn. 343, 348 (1966). Therefore it is respectfully submitted that it was an error by the court below not to afford Mr. Rumbin the opportunity to have his case heard by a factfinder.

Case: 26-1910 Document: 00118521608 Page: 93 Date Filed: 09/29/2026 Entry ID: 6851179





The debt was incurred as the result of fraud in the inducement and was void *ab initio.* It is clear from the record that the Appellant's debt was incurred as a result of the University's unlawful withholding of his Pell grants. By failing to apply the grant funds towards his tuition in spite of its assurances that it would do so and in violation of federal law, the University fraudulently misrepresented Appellant's financial aid status with the University, and, relying on said fraudulent misrepresentation Appellant was induced to apply for financial aid that he would have not needed had the grants been rightfully credited to his tuition.

The fact that the debt was incurred as a result of fraud in the inducement is admitted by the Defendants, which is clear from their interrogatories that request Appellant to "[d]escribe the fraudulent misrepresentation made to Peter R. Rumbin". Had the grant monies that were lawfully his been credited toward his tuition Appellant would not have been compelled to incur debt that he did not have the means to repay, and neither would he have been forced to withdraw from his studies at the University.

When a contract is tainted by fraud at the inception, the contract is rendered void *ab initio.* The relief for any contract void *ab initio* is cancellation of the contract and forfeiture of any monies paid under the contract. *See, e.g., Triestman v. Fed. Bureau of Prisons*, 470 F.3d 472, 474 (2d Cir. 2006); *K&R Eng. Co. v. United States*, 616 F.2d 469 (Ct. Cl. 1980); *J.E.T.S., Inc. v. United States*, 838 F.2d 1196 (Fed. Cir. 1988) and *Godley v. United States*, 5 F.3d 1473 (Fed. Cir. 1993). Therefore, the judgment should be reversed and the GSL loans be forgiven, on the grounds

Case: 26-1910 Document: 00118521608 Page: 94 Date Filed: 09/29/2026 Entry ID: 6851179



that the debt was incurred as a result of the University's fraud in the inducement (Court's Power to Grant Relief 12 U.S.C. 5565 (2006)). 28 U.S.C. 2201 (2018).

## II. Legal Rationale Supporting Plaintiff' Case Against the Defendants

In 1990, the Federal Court in Bridgeport, CT, issued a court order that dismissed the creditors' case on consent of the parties and with prejudice was never vacated or modified. That is law of the case or *res judicata*, because the creditors never appealed or moved to vacate. The U.S. Supreme Court decision *United Student Aid Fund, Inc. vs Espinosa* (559 U S 260 (2010) stated that "once an order goes down, as long as there is adequate notice of the order, it is final. If you do not appeal the order, then the order stands." The creditors' case on consent of the parties and with prejudice was never vacated or modified. All of the student loans were covered by that order; the creditors were not allowed to collect after that dismissal under the unmodified court order that remains valid to date. No other new student loans were ever incurred after that court order. If there was later enacted federal statute allowing "self-help" collection—no statute has been cited. The plaintiff was grandfathered in and that statute cannot be applied retroactively under *ex post facto* doctrine.

The question of "self-help" raises a Constitutional question that only the Supreme Court can address because of its contradictions. The statue did not include any kind of collection without due process. The case of the U.S. DoEd and Treasury was settled 30 years ago. They violated the privacy of the

Case: 26-1910 Document: 00118521608 Page: 95 Date Filed: 09/29/2026 Entry ID: 6851179



plaintiff by obtaining the plaintiff's Social Security number and have used it to avail themselves to his Social Security income and tax return as an offset. If the Plaintiff fails to prevail in the Supreme Court, then the U.S. DoEd and Treasury will seize the plaintiff's house, rendering him homeless. No statue can be construed to later vacate finality of court order. *See Plaut v. Spendthrift Farm* (514 U.S. 211 (1995)) case by SCOTUS, courtesy of the late Justice Scalia. The rational of this one decision is compelling even more so that all others.

The plaintiff's motion is to recover unlawful collections under FRCP 56 for summary judgment and under FRCP 57 for declaratory relief under 28 U.S.C. § 2201. U.S. Treasury has already collected in excess of $16,000 dollars from the plaintiff and wants more than another $16,000 dollars plus interest, penalties and expenses on a $5,000 loan that was settled in 1990. Summary judgment should also include damages under FRCP 56. The attached interrogatories and discoveries substantiate the claim for damages. The interrogatories and discovery clearly inventory all of the loans that were included in this stipulated agreement and show that the loans were taken out in the same time period when the PELL-BEOG grants were awarded to the U. Chicago. They were not applied to pay the plaintiff's educational bill. Unnecessary loans were solicited by U. Chicago to unjustly enrich itself through these financial aid programs *i.e.* predatory lending. The late Attorney Ann Detiere discovered that the Illinois Attorney General has closed colleges in Illinois for similar abuses, and the U.S. DoEd has posted advertisements urging students who suspect

Case: 26-1910 Document: 00118521608 Page: 96 Date Filed: 09/29/2026 Entry ID: 6851179



financial aid exploitation to contact them through a toll-free telephone number.

By negative inference, the U. of Chicago was permitted to continue to participate in the loan programs only because it returned the PELL Grant funds. None of the plaintiff's PELL funds were spent to pay for his education at U. Chicago. The impropriety of the U. Chicago was discovered by accident when Harvard College requested a financial aid transcript for the plaintiff (student at Harvard at the time).

Harvard financial aid directed the plaintiff to report the problem to the U.S. Dept. of Education in Chicago, IL. As a result of the DoEd investigation of U. Chicago, the U. Chicago refunded all of the PELL funds but not the loan funds. They received the PELL-BOEG grants with consent of the U.S. Treasury. The plaintiff believes that other students were similarly taken advantage of by U. Chicago but are unaware of the abuses. Because of the high attrition rate of the U. Chicago at the time, many needy students assumed unnecessary debt that precluded their completion of their college education. The plaintiff learned about this problem while working in the alumni fund of the U. Chicago while soliciting for funds. The U. Chicago has a 6.5 billion dollar endowment.

There also may be statutory provisions for fees and punitive damages for illegal collections by creditors. The Wells-Fargo Bank has been found lacking in integrity in its financial conduct and has been required to pay substantial fines and penalties. Its business practices remain inadequate.

The plaintiff also would like the court to consider an "order dismissal" against the U.S. DoEd and

Case: 26-1910 Document: 00118521608 Page: 97 Date Filed: 09/29/2026 Entry ID: 6851179

Treasury and Wells Fargo Bank. Defendants cannot circumvent a previous ruling of the court by changing the laws and applying them retroactively to a judge's ruling.

In *Plaut v. Spendthrift Farm* the late Justice Scalia stated that the defendants cannot circumvent a previous ruling of the court by changing the laws in applying them retroactively to a judges' ruling. The U.S. DoEd and Treasury are ignoring the previous dismissal with prejudice in order to unjustly enrich themselves with disregard for the U.S. Supreme Court rulings of *Plaut v. Spendthrift Farm* and a breach of contract. In the U.S. Second Circuit Court of Appeals, second ruling it states "on a liberal reading of the plaintiff's case, it appears to be a breach of contract by the U.S. DoEd and Treasury. Furthermore, the statue did not include any kind of offset."

Since the 1989-1990 case and the present case, there has been much negative news and information about college financial aid polices that exploit needy students in their financial aid and lending practices. The defendants cannot protect themselves from immunity and impunity of their fraud. The loans were <u>unnecessary</u> and the plaintiff was induced by fraud to take out loans that were not needed. The Consumer Protection Laws, Dodd-Frank Wall Street Reform and Consumer Protection Act in 2010, (Pub. L. 111-203) are applicable.

Due process was eliminated by Congress to enable the U.S. DoEd and U.S.D.T. to seize students' money and property without going to court and obtaining a judgment. Furthermore, the U.S. DoEd and Treasury take more than the Face Value of the debt.

Case: 26-1910 Document: 00118521608 Page: 98 Date Filed: 09/29/2026 Entry ID: 6851179

The University of Chicago is the villain. The stipulated agreement of 1990 did not allow for any other kind of collection without due process. The present collections of the U.S. Depts. of Education and Treasury are unreasonable and unfair given the 1990 court ruling that settled the case 30 years ago. This is Black Letter Law and should be free of any doubt or dispute.

The plaintiff tried to have a lawyer file a new brief to the U.S. Second Circuit Court of Appeals, but no lawyer did this in a timely manner. The attorneys Gunilla Faringer and Charles Darlington violated rule 32 and did not file an appearance or sign the brief that they wrote. Neither attorney would apologize to the court. The New York Bar Grievance Committee found against both of them. Their violation is part of their permanent record and if they break any rules again, they will be barred from the practice of law.

## III. THE JUDGEMENT SHOULD BE REVERSED ON PROCEDURAL GROUNDS.

This appeal is from the judgment that granted Respondents' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). It is respectfully submitted that it was error by the court below to grant said motion.

It is a well-settled tenet of law that cases should be determined on their merits. "Our practice does not favor the termination of proceedings without a determination of the merits of the controversy." *Coppola v. Coppola*, 243 Conn. 657, 665 (1998). "It is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his

95

Case: 26-1910 Document: 00118521608 Page: 99 Date Filed: 09/29/2026 Entry ID: 6851179

day in court." *Snow v. Calise,* 174 Conn. 567, 574 (1978). Therefore, courts are generally reluctant to grant motions to dismiss. "Under the now well-established Twombly standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is 'plausible on its face.'" *Buckley v. New York,* 2012 U.S. Dist. Lexis 190837 (citing *Bell Ad. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "[D]etermining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009). The within record demonstrates that there are clearly enough allegations of fact that should have prevented the case from being dismissed.

In considering a motion to dismiss, this Court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in the Plaintiffs' favor." *Zinermon v. Burch,* 494 U.S. 113, 118 (1990). "The issue on a motion to dismiss is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2nd Cir. 2001).

It is respectfully submitted that Appellant has stated a plausible claim for relief in his challenge of the Respondents' garnishing of his social security benefit only after allowing it to increase sixfold, and their claim that the forgiveness of his debt did not include the $5,000 GSL loans, which is false.

Furthermore, the Court is respectfully reminded that throughout these proceedings, Appellant has been appearing *pro se,* as he was without the means

Case: 26-1910 Document: 00118521608 Page: 100 Date Filed: 09/29/2026 Entry ID: 6851179





of retaining counsel, *Pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 55 U.S. 89, 94 (2007). A complaint is not to be dismissed unless it is "frivolous on its face or wholly unsubstantiated." *Washington v. James*, 782 F.2d 1134 (2d Cir. 1989). Submissions by *pro se* litigants "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed.Bureau of Prisons*, 470 F.3d 472, 474 (2d Cir. 2006) (internal citations omitted).

Moreover, it is clear that Appellant, proceeding without counsel, was not aware of the D. Conn. L. Civ. R. 7(c) that requires that a motion for reconsideration be filed within fourteen days, and that his tardiness in filing the motion was caused by his preoccupation with a full-time schedule of classes and studies at the Yale Medical School. Therefore, the district court's denial of the motion on the ground of untimeliness should be reversed.

## IV. Due Process Violation: Vindictiveness

The Due Process Clause prohibits the prosecutors, U.S. Attorney Sciarrino and Judge Haight from using illegal collections and seizure of real property in retaliation for the plaintiff's successful winning of his case for fraud and predatory lending against the U.Chicago, Wells Fargo Bank and the U.S. DoEd and U.S. Depts. in 1989-1990 before the recently deceased Judge Warren Eginton (Federal Court, Bridgeport, CT).

Case: 26-1910 Document: 00118521608 Page: 101 Date Filed: 09/29/2026 Entry ID: 6851179





## V. Constitutional and Statutory Provisions Involved

Judge Haight defied the U.S. Second Circuit Court of second ruling, and refused to permit a new complaint, hold a hearing, appoint counsel, or transfer the case to the original Judge Eginton at the Federal Court in Bridgeport, Connecticut.

U.S. Atty Sciarrino has lied to the Court saying that she was present at the first hearing before Judge Eginton. She was not there for the first, lengthy morning hearing, where all the loans were disclosed and then included in the settlement.

Furthermore, all the NDA loans were in default in 1987 and in collection with the other loans. She signed the 1990 contract. (App.27a) Most significant, there was a full judicial pre-trial with counsel in chambers with Judge Eginton, including candid discussion of all of the facts, and issues, arguments, and defenses were laid out and discussed as to all four of the loans, that generated the stipulation for judgement of dismissal with prejudice and entered by agreement of both parties on September 24th 1990 Affdvt. of Ruggiero, para. 8-9 (App.25a).

Furthermore, all the NDA loans were in default in 1987 and in collection with the other loans. She signed the 1990 contract (App.25a). Thus she is in breach of that contract, and is also in violation of a court order, which is worse than breach of settlement. All of the loans are clearly inventoried in the discovery and interrogatories that she sent to the defendant, Rumbin, that were completed by the late Attorney Robert C. Ruggiero, Jr. in a sworn affidavit.

Case: 26-1910 Document: 00118521608 Page: 102 Date Filed: 09/29/2026 Entry ID: 6851179



No attempt was undertaken to collect on this $5000 loan until 2011—21 years after the stipulated agreement was signed, the agreement, which remains in force today. Attorney David Leff, who represented Mr. Rumbin (defendant at the time) recalls agreeing to the stipulation agreement <u>only if all loans were included</u>. (App.25a).

In the Amended answer of July 20, 1990, second defense states: "The right of Action set forth in the complaint did accrue within six years next before the commencement of this action." Since all four loans were in default, having been borrowed at the same time, they are all barred by the statute of limitation.

The DoEd and USDT, in violation of the plaintiff's privacy, obtained the plaintiff's Social Security number and other personal information and have used it to take plaintiff's Social Security, Earned Income Tax Credit and eventually real estate.

The U. Chicago pursued a policy of predatory lending targeting poor needy students and exploited the PELL/BEOG grant programs and loan programs to unjustly enrich itself to the detriment of the underprivileged students in the college. These students were fraudulently induced to assume unnecessary loan debt. The plaintiff did not need to take out loans had grant funds been utilized to pay for his education. At no time were any of the programs of forgiveness of loan debt, such as the Borrower Defense to Loan Repayment Forgiveness, ever made known or sought.

The villains in this case are the U. Chicago, U.S. DoEd, USDT, and Wells Fargo Bank that have all profited from these loan and grant programs. These

99

Case: 26-1910 Document: 00118521608 Page: 103 Date Filed: 09/29/2026 Entry ID: 6851179

entities should be required to return the monies that they dishonestly acquired by fraud.

The plaintiff seeks a full return of all monies taken from him, legal costs and damages as well as restoration of his credit and an immediate halt to the offsets, taking tax returns, and real estate.

## VI. The Court's Power to Grant Relief

The FCPA empowers this court to grant any appropriate legal or equitable relief with respect to violations of federal consumer financial law, the refund of monies, paid restitution, disengagement, or compensation for unjust enrichment, and civil money penalties. 12 U.S.C. § 5565(A)(1).

## CONCLUSION

For all of the arguments explicated in the brief and writ of certiorari, the plaintiff asks the U.S. Supreme Court to correct the wrongs committed by the U.S. District Court Judge Charles Haight, Jr., U.S. Attorney Christine Sciarrino, University of Chicago, and Wells Fargo Bank.

The U.S. Court of Appeals for the Second Circuit Court recognized the unfair and unreasonableness that the plaintiff was experiencing with the U.S. District Court in Connecticut. Attorney Anne Detiere, (admitted to the Federal Bar (NY), U. S. Second Circuit Court of Appeals, and the U.S. Supreme Court, who had successfully argued cases before Justice Sonia Sotomayor) had hoped to represent the plaintiff, but

Case: 26-1910 Document: 00118521608 Page: 104 Date Filed: 09/29/2026 Entry ID: 6851179



100

her untimely death on Sept. 21, 2019, left Mr. Rumbin without benefit of legal counsel.

In fact, by his ruling, Judge Haight is allowing U.S. Attorney Sciarrino to continue illegal collection from the plaintiff for the past ten years, accompanied by all its costs, disruption and interference in the plaintiff's life. Unless the U.S. Supreme Court steps forward on behalf of the plaintiff, he shall become homeless and indigent. Meanwhile, the defendants—University of Chicago, Wells Fargo Bank, and the U.S. Department of Education and Treasury—are being unjustly enriched through their fraud and predatory lending practices.

For all the reasons stated herein, the judgment should be reversed, and the case should be heard and settled.

Respectfully submitted to the Court this 28th day of January, 2020.

Respectfully submitted,

IRA GRUDBERG
*COUNSEL OF RECORD*
ATTORNEY AT LAW
114 LAUREL CREST ROAD
MADISON, CT 06443
(203) 234-1374
KATIB52612@GMAIL.COM

*COUNSEL FOR PETITIONER*

JANUARY 28, 2020