No. 26-1910

# United States Court of Appeals for the First Circuit

PETER RUMBIN,
*Plaintiff-Appellant,*

*v.*

SCOTT BESSENT, in his official capacity as Secretary of the Treasury; U.S. DEPARTMENT OF EDUCATION; SHERI CANN, in her official capacity as CEO and President of F.H. Cann & Associates; ELLEN PATTERSON, in her official capacity as Senior Executive Vice President and General Counsel of Wells Fargo & Co.; ROBERT N. HOCHMAN, in his official capacity as Vice President and General Counsel of the University of Chicago,

*Defendants-Appellees.*

ON APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, THE HON. ALLISON D. BURROUGHS

(DIST. CT. NO. 1:26-CV-10247-ADB)

**BRIEF OF APPELLEE SHERI CANN,**
**in her official capacity as CEO and President of F.H. Cann & Associates**

**October 28, 2026**

Joseph P. Murphy (#1214470)
JP MURPHY LAW PLLC
101 Federal Street, Suite 1900
Boston, MA 02110
(617) 575-9764
joe@jpmurphylaw.com
*Counsel for Appellee Sheri Cann*

# TABLE OF CONTENTS

Table of Authorities ........ 3

Corporate Disclosure Statement ........ 4

Statement Regarding Oral Argument ........ 5

Statement of Jurisdiction ........ 6

Statement of the Issues ........ 7

Statement of the Case ........ 8

I. The Complaint Names Ms. Cann but Alleges No Personal Act or Omission by Her. ........ 8

II. The District Court Dismissed the Claims Against Ms. Cann Because the Complaint Failed to Identify Her Alleged Conduct or a Legal Basis for Relief Against Her. ........ 9

III. Mr. Rumbin's Opening Brief Identifies No Error in the Dismissal of the Claims Against Ms. Cann. ........ 10

Summary of the Argument ........ 11

Legal Standard ........ 12

Argument ........ 13

I. The Complaint States No Claim Against Ms. Cann or F.H. Cann. ........ 13

II. Mr. Rumbin Has Also Waived Any Challenge to the Dismissal of His Claims Against Ms. Cann. ........ 14

III. The District Court Did Not Abuse Its Discretion in Not Granting Mr. Rumbin Leave to Amend His Complaint ........ 15

Conclusion ........ 17

Certificate of Compliance ........ 18

Certificate of Service ........ 19

Addendum ........ 20

# TABLE OF AUTHORITIES

**Cases**

*A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77 (1st Cir. 2013) .................. 12, 13

*Ahmed v. Rosenblatt*, 118 F.3d 886 (1st Cir. 1997) .............................................. 12

*DeCaro v. Hasbro, Inc.*, 580 F.3d 55 (1st Cir. 2009) ............................................ 14

*Nikitine v. Wilmington Trust Co.*, 715 F.3d 388 (1st Cir. 2013) ............................ 15

*Royal Business Group, Inc. v. Realist, Inc.*, 933 F.2d 1056 (1st Cir. 1991) ........... 15

*United States v. Zannino*, 895 F.2d 1 (1st Cir. 1990) ........................................... 14

**Statutes**

28 U.S.C. § 1291 ................................................................................................. 6

28 U.S.C. § 1331 ................................................................................................. 6

28 U.S.C. § 1367 ................................................................................................. 6

28 U.S.C. § 1441 ................................................................................................. 6

28 U.S.C. § 1442(a)(1) ......................................................................................... 6

**Rules**

Fed. R. Civ. P. 7(b)(1) ........................................................................................ 15

Fed. R. Civ. P. 8(a)(2) ........................................................................................ 13

Fed. R. Civ. P. 9(b) ............................................................................................ 14

Fed. R. App. P. 4(a)(1)(B) ................................................................................... 6

Fed. R. App. P. 34(a)(2) ....................................................................................... 5

Mass. Super. Ct. R. 9A ......................................................................................... 6

## CORPORATE DISCLOSURE STATEMENT

F.H. Cann is a for-profit corporation with no parent corporation, and no publicly held corporation owns 10% or more of its stock. Sheri Cann is an individual.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary. Mr. Rumbin has not requested oral argument, the appeal is frivolous, dispositive issues have been authoritatively decided, and the facts and legal arguments are adequately presented in the briefs and record. *See* Fed. R. App. P. 34(a)(2). If the Court disagrees and schedules oral argument, Ms. Cann requests the opportunity to participate.

## <u>STATEMENT OF JURISDICTION</u>

Mr. Rumbin filed this action in the Massachusetts Superior Court for Essex County on July 29, 2025, *Rumbin v. Bessent et al.*, 2577CV00816. Add. 5.[1] Prior to removal to federal court, Defendants Cann, Patterson, and Shanin moved to dismiss under Superior Court Rule 9A with Mr. Rumbin opposing.

On January 21, 2026, Defendants Scott Bessent, in his official capacity as Secretary of the Treasury, and the U.S. Department of Education ("Federal Defendants") removed the action to the United States District Court for the District of Massachusetts. *Id.* The Federal Defendants then moved to dismiss. At the district court's request, Ms. Cann, Ms. Patterson, and Ms. Shanin filed their fully briefed motions to dismiss for consideration.

The district court had subject matter jurisdiction under 28 U.S.C. §§ 1331, 1367, 1441, and 1442(a)(1).

On July 22, 2026, the district court granted all four pending motions and dismissed Mr. Rumbin's Complaint in its entirety. Add. 1–2, 15. Mr. Rumbin then filed a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B). This Court has jurisdiction under 28 U.S.C. § 1291.

[1] Citations are to Ms. Cann's own addendum filed with this brief.

## STATEMENT OF THE ISSUES

1. The Complaint identifies Ms. Cann as CEO and President of F.H. Cann & Associates but fails to allege facts plausibly establishing her liability for the misconduct asserted. Did the district court err in dismissing the Complaint for failure to state a claim against Ms. Cann?

2. Mr. Rumbin's opening brief does not mention Ms. Cann or F.H. Cann or develop any argument challenging the district court's determination that the Complaint fails to state a claim against her. Has he therefore waived any challenge to the merits of that dismissal?

3. Mr. Rumbin did not move for leave to amend his Complaint. Did the district court abuse its discretion in declining to grant Mr. Rumbin leave to amend?

## STATEMENT OF THE CASE

### I. The Complaint Names Ms. Cann but Alleges No Personal Act or Omission by Her.

Mr. Rumbin's Complaint involves a student-loan dispute dating back to the 1970s. In sum, he alleges that the University of Chicago kept grant funds and caused him to engage in unnecessary borrowing. He also alleges that later collection of his loans violated a 1990 stipulated dismissal of a separate action. *See* Add. 16–18, 21.

Regarding Ms. Cann, the Complaint names "Ms. Sheri Cann, CEO, President, F. H. Cann & Associates" as a Defendant, but does not allege any acts or omissions by her personally. Add. 16. The Complaint describes no communication from Ms. Cann, no representation made by Ms. Cann, and no collection activity that she personally undertook or directed. *See* Add. 16–22.

The only collection-related allegations are directed at Ms. Cann's company and are limited to the allegation that "F.H. Cann & Associates claims $10,000 owed." Add. 18. Mr. Rumbin's separately captioned "Counter Suit" accuses the Defendants generally, and not Ms. Cann personally, of predatory lending and unjust enrichment. It seeks an end to collection, repayment, fees, and compensation, but ties none of that relief to any conduct by Ms. Cann. *See* Add. 18, 21.

## II. The District Court Dismissed the Claims Against Ms. Cann Because the Complaint Failed to Identify Her Alleged Conduct or a Legal Basis for Relief Against Her.

Mr. Rumbin filed suit in Essex County Superior Court on July 29, 2025. Ms. Cann moved to dismiss on November 19, 2025, and the motion was fully briefed there. The Federal Defendants removed the case to the District of Massachusetts on January 21, 2026, where Ms. Cann's motion was docketed as ECF No. 16. *See* Add. 1, 5, 7–8. As the district court summarized, Ms. Cann argued that the "Complaint does not connect its factual assertions to any coherent legal theory against her or F.H. Cann, or distinguish which Defendants breached which obligations to him, and that Plaintiff's fraud and embezzlement allegations are entirely conclusory and lack particularity." Add. 7–8.

On July 22, 2026, the district court granted Ms. Cann's motion. The court held that the Complaint did not identify specific claims against any Defendant or set out separate counts with supporting facts. It also found the narrative so "discombobulated" that it was difficult to tell how Ms. Cann was involved at all. *See* Add. 8–10 & n.6. The court granted the other Defendants' motions and dismissed the Complaint in its entirety. *See* Add. 15. Mr. Rumbin appealed.

As to Ms. Cann, the only ruling on review is the dismissal of the claims against her for failure to meet the pleading requirements.

## III. Mr. Rumbin's Opening Brief Identifies No Error in the Dismissal of the Claims Against Ms. Cann.

Mr. Rumbin's opening brief does not mention Ms. Cann or F.H. Cann by name or identify any act or omission by her or the company. In challenging the dismissal for deficient pleading, he discusses alleged conduct by Wells Fargo, the University of Chicago, and the Federal Defendants, but offers no explanation of the factual or legal basis for a claim against Ms. Cann or her company. Appellant's Br. 2–3.

Mr. Rumbin argues generally that he should have been permitted to amend his Complaint but identifies no additional allegations he would have made against any Defendant. *Id.* at 3–4. The remainder of his substantive argument concerns sovereign immunity, relief against the Federal Defendants, and a proposed transfer to the Court of Federal Claims; it does not specifically address the district court's reasons for dismissing the claims against Ms. Cann. *See id.* at 4–7.

## Summary of the Argument

1. The judgment dismissing the claims against Ms. Cann should be affirmed because the Complaint identifies Ms. Cann as CEO and President of F.H. Cann & Associates but alleges no act or omission by her and states no plausible claim against her.

2. Mr. Rumbin has also waived any challenge to the dismissal of his claims against Ms. Cann. His opening brief does not mention Ms. Cann, her company, or any conduct attributable to her, and does not explain how the district court erred in dismissing the claims against her.

3. Mr. Rumbin did not file a motion for leave to amend his Complaint. The district court did not abuse its discretion by dismissing the action without granting Mr. Rumbin leave to amend.

## **Legal Standard**

This Court "review[s] de novo a district court's dismissal of a complaint for failure to state a claim," accepting well-pleaded factual allegations as true and drawing reasonable inferences in the plaintiff's favor. *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013). The Court must, however, "separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)" and determine whether the remaining factual content permits a reasonable inference of liability. *Id.* (internal quotation marks omitted).

Although a pro se complaint is construed liberally, "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

## Argument

### I. The Complaint States No Claim Against Ms. Cann or F.H. Cann.

The dismissal should be affirmed. The Complaint identifies Ms. Cann as CEO and President of F.H. Cann & Associates but alleges no act or omission connecting her to any asserted misconduct. The Complaint describes no communication she made, representation she offered, or collection activity she undertook or directed. *See* Add. 16–22. Nor does the allegation that "F.H. Cann & Associates claims $10,000 owed" explain what particular collection conduct was unlawful or how Ms. Cann participated in it. Add. 18.

The Complaint thus fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The district court correctly recognized this deficiency, observing that the Complaint did not set out individual counts or factual grounds for any claim and was "discombobulated to the point where it is difficult to ascertain his past or present factual situation or how exactly the Defendants, particularly Defendants Cann and Patterson, are involved." Add. 9 n.6.

Likewise, general accusations of predatory lending and unjust enrichment do not supply those missing facts. As this Court explained in affirming dismissal in *A.G. ex rel. Maddox v. Elsevier, Inc.*, "the plausibility standard demands that a party do more than suggest in conclusory terms the existence of questions of fact about

the elements of a claim." 732 F.3d 77, 81 (1st Cir. 2013). Mr. Rumbin's contention that the district court could understand and summarize his allegations misses the point: an understandable accusation is not a plausible claim, and the misconduct his opening brief attributes to other Defendants does not establish a basis for relief against Ms. Cann or F.H. Cann. *See* Appellant's Br. 2–3.

To the extent the Complaint's fraud and embezzlement labels reach Ms. Cann at all, they lack the particularity Rule 9(b) requires: a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see* Add. 8. Accordingly, the dismissal should be affirmed.

## II. Mr. Rumbin Has Also Waived Any Challenge to the Dismissal of His Claims Against Ms. Cann.

This Court should independently affirm the dismissal because Mr. Rumbin develops no argument challenging the district court's determination that the Complaint fails to state a claim against Ms. Cann. This Court treats "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation," as waived. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (rejecting appellant's cursory attempt to adopt arguments raised by separately tried codefendants); *see DeCaro v. Hasbro, Inc.*, 580 F.3d 55, 64 (1st Cir. 2009) ("It is common ground that contentions not advanced in an appellant's opening brief are deemed waived.").

Mr. Rumbin's opening brief does not mention Ms. Cann or F.H. Cann & Associates by name, identify an allegation establishing her involvement, or explain why the district court's pleading analysis was wrong as to her. *See* Appellant's Br. 2–7. His passing reference to an unidentified Massachusetts corporation occurs in his sovereign-immunity discussion and supplies no argument addressing Ms. Cann's dismissal. *See id.* at 6. His separate request for leave to amend likewise does not explain why the existing Complaint adequately states a claim against her. The Court should therefore treat any challenge to the merits of that dismissal as waived.

## III. The District Court Did Not Abuse Its Discretion in Not Granting Mr. Rumbin Leave to Amend His Complaint.

Mr. Rumbin's contention that he should have received an opportunity to amend does not establish reversible error because he never moved for leave to amend or submitted a proposed amended complaint. Appellant's Br. 3–4. A request for a court order must be made by motion. Fed. R. Civ. P. 7(b)(1). A denial of leave to amend is reviewed for abuse of discretion, and the liberal amendment standard "does not mean . . . that a trial court must mindlessly grant every request for leave to amend." *Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 389–90 (1st Cir. 2013) (internal quotation marks omitted) (affirming denial of leave to amend). In *Royal Business Group, Inc. v. Realist, Inc.*, this Court rejected an amendment request first

advanced on appeal, characterizing it as an "afterthought request for leave to amend." 933 F.2d 1056, 1066 (1st Cir. 1991).

Here, Ms. Cann's motion identified the pleading deficiencies, yet Mr. Rumbin did not seek amendment in the district court and still identifies no additional facts he would allege against her. His general request to plead more clearly does not explain how he could cure the absence of allegations connecting Ms. Cann to actionable misconduct. On this record, the district court's failure to invite an amendment *sua sponte* provides no basis to reverse the dismissal of the claims against her.

## CONCLUSION

For the foregoing reasons, this Court should affirm the order of the district court dismissing Mr. Rumbin's Complaint against Ms. Cann.

Respectfully submitted,

SHERI CANN, in her official capacity as CEO and President of F.H. Cann & Associates,

*By her attorney,*

*/s/ Joseph P. Murphy*
Joseph P. Murphy (#1214470)
JP MURPHY LAW PLLC
101 Federal Street, Suite 1900
Boston, MA 02110
(617) 575-9764
joe@jpmurphylaw.com

Dated: October 28, 2026

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the rules of the Court that pertain to the filing of briefs, including Fed. R. App. P. 32. It is typewritten in 14-point, Times New Roman font, a proportionately spaced serif font, and contains 1,972 non-excluded words as counted by the word processing system used to prepare it.

*/s/ Joseph P. Murphy*
Joseph P. Murphy (#1214470)
JP MURPHY LAW PLLC
101 Federal Street, Suite 1900
Boston, MA 02110
(617) 575-9764
joe@jpmurphylaw.com Dated:
October 28, 2026

## CERTIFICATE OF SERVICE

I certify that on October 28, 2026, the foregoing brief and addendum were filed electronically and served electronically on all counsel of record, in accordance with and in the form required by Rule 31.0 of the Local Rules for the United States Court of Appeals for the First Circuit. In addition, this filing will be mailed to:

Peter Rumbin
87 Second Street
Hamden, CT 06514

*/s/ Joseph P. Murphy*
Joseph P. Murphy (#1214470)
JP MURPHY LAW PLLC
101 Federal Street, Suite 1900
Boston, MA 02110
(617) 575-9764
joe@jpmurphylaw.com