**No. 26-1910**

# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

PETER R. RUMBIN,
Plaintiff-Appellant,

v.

SCOTT BESSENT, et al.,
Defendants-Appellees.

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF MASSACHUSETTS*
*Case No. 1:26-cv-10247-ADB*
*Hon. Allison D. Burroughs*

# BRIEF OF DEFENDANT-APPELLEE ELLEN R. PATTERSON

Judah H. Rome, Esq. #1215593
TROUTMAN PEPPER LOCKE LLP
One Financial Plaza, Suite 2800
Westminster Street
Providence, RI 02903
Phone: (401) 276-6433
Email: judah.rome@troutman.com

*Attorney for Defendant-Appellee*
*Ellen R. Patterson*

Dated: October 26, 2026

## CORPORATE DISCLOSURE STATEMENT[1]

WFBNA is a national banking association and is a wholly-owned subsidiary of WFC Holdings, LLC, which is a wholly-owned subsidiary of Wells Fargo & Company. The Vanguard Group, Inc. is listed as owning 10.43% of Wells Fargo & Company.

[1] Defendant-Appellee Ellen R. Patterson is being sued in her capacity as Senior Executive Vice President and General Counsel of Wells Fargo & Co. Accordingly, she provides the Court with Wells Fargo's corporate disclosure.

# TABLE OF CONTENTS

**Page**


CORPORATE DISCLOSURE STATEMENT ........................................................2

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ........................................................2

STATEMENT OF THE CASE ........................................................3

I. FACTUAL BACKGROUND ........................................................3

II. PROCEDURAL BACKGROUND. ........................................................4

SUMMARY OF THE ARGUMENT ........................................................4

ARGUMENT ........................................................6

I. STANDARD OF REVIEW. ........................................................6

II. THE DISTRICT COURT CORRECTLY DISMISSED THE COMPLAINT AGAINST MS. PATTERSON FOR FAILURE TO STATE A CLAIM. ........................................................7

A. The Complaint Fails to State a Claim Against Ms. Patterson in Her Personal Capacity. ........................................................7

B. The Complaint Fails to State a Claim Against Ms. Patterson in Her Corporate Capacity ........................................................8

III. RUMBIN WAIVED ANY ARGUMENT THAT HE SHOULD BE ALLOWED TO AMEND HIS COMPLAINT. ........................................................10

IV. RUMBIN'S CLAIMS ARE INDEPENDENTLY BARRED BY RES JUDICATA, THE STATUTE OF LIMITATIONS, AND THE FACT THAT MS. PATTERSON CANNOT GIVE RUMBIN HIS REQUESTED RELIEF ........................................................12

A. Rumbin's Claims are Barred by *res judicata*. ........................................................13

B. Rumbin's Claims are Barred by the Statute of Limitations. ........................................................16

C. Ms. Patterson Cannot Give Rumbin His Requested Relief. ........................................................17

CONCLUSION ........................................................18

CERTIFICATE OF COMPLIANCE ........................................................20

CERTIFICATE OF SERVICE ........................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4, 6, 7

*Asociacion De Detallistas De Gasolina De Puerto Rico, Inc. v. Puerto Rico*,
138 F.4th 686 (1st Cir. 2025)....................6

*Bank v. Pitt*,
928 F.2d 1108 (11th Cir. 1991)....................11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................5, 7

*Bellerman v. Fitchburg Gas and Elec. Light Co.*,
470 Mass. 43 (2014)....................15

*Bower v. Egyptair Airlines Co.*,
731 F.3d 85 (1st Cir. 2013)....................6

*Chandra v. DeCaprio, et al.*,
No. 1884-cv-00336-BLS2, 2022 WL 6299574 (Mass. Super. Ct. Apr. 19, 2022)....................9

*Conley v. Gibson*,
355 U.S. 41 (1957)....................7

*Connolly Accuchem Corp. v. Eclectic Foods, Inc.*,
2001 Mass. App. Div. 205 (2001)....................9

*Donovan v. City of Haverhill*,
311 F.3d 74 (1st Cir. 2002)....................10

*In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*,
58 F.4th 580 (1st Cir. 2023)....................10

*Froman v. Davis*
371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)....................11

*Gov't of Puerto Rico v. Express Scripts, Inc.*,
119 F.4th 174 (1st Cir. 2024) .......... 1

*Gray v. Evercore Restructuring L.L.C.*,
544 F.3d 320 (1st Cir. 2008) .......... 5, 10, 12

*Lyon v. Morphew*,
424 Mass. 828 (1997) .......... 9

*Maldonado v. Dominguez*,
137 F.3d 1 (1st Cir. 1998) .......... 10, 12

*Mills v. State of Me.*,
118 F.3d 37 (1st Cir. 1997) .......... 10, 12, 13

*New Ming Inc. v. Zhuang*,
No. CV 22-11020-MPK, 2022 WL 17177736 (D. Mass. Nov. 23, 2022) .......... 9

*Ocasio-Hernández v. Fortuño-Burset*,
640 F.3d 1 (1st Cir. 2011) .......... 6

*Rinsky v. Cushman & Wakefield, Inc.*,
918 F.3d 8 (1st Cir. 2019) .......... 10

*Ruiz Rivera v. Pfizer Pharm., LLC*,
521 F.3d 76 (1st Cir. 2008) .......... 8

*Rumbin v. Devos*,
140 S. Ct. 2673 (2020) .......... 15

*Rumbin v. Duncan*,
3:11-CV-00904, 2016 WL 632440 (D. Conn. 2016) .......... 14, 15

*Rumbin v. Duncan*,
No. 18-3488, 2019 WL 11689797 (2d Cir. 2019) .......... 15

*Rumbin v. Duncan*,
No. 19-1113, 2019 WL 8301060 (2019) .......... 15

*Rumbin v. Duncan*,
No. 3:11-cv-904, 2014 WL 2881397 (D. Conn. 2014) .......... 13, 14

*Saxena v. Univ. of Massachusetts Med. Sch.*,
442 F. Supp. 3d 395 (D. Mass. 2020) .......... 8

*Silva v. Bieluch*,
351 F.3d 1045 (11th Cir. 2003) .......... 11, 12

*Stand With US Ctr. for Legal Just. v. Massachusetts Inst. of Tech.*,
158 F.4th 1 (1st Cir. 2025) .......... 10

*Thornton v. Ipsen Biopharmaceuticals, Inc.*,
126 F.4th 76 (1st Cir. 2025) .......... 6

*Williams v. Vanaria*,
2000 Mass. App. Div. 162 (2000) .......... 9

**Statutes**

15 U.S.C. § 1640(e) .......... 16

15 U.S.C. § 1692k(d) .......... 16

28 U.S.C. § 1291 .......... 1

28 U.S.C. § 1442(a) .......... 1, 4

Bank Holding Company Act of 1956 .......... 8

Dodd-Frank Wall Street Reform and Consumer Protection Act, 12
U.S.C. §§ 5565 *et seq.* .......... 16

FDCPA .......... 16

TILA .......... 16

## JURISDICTIONAL STATEMENT

Plaintiff-Appellant Peter R. Rumbin initially commenced this action in the Essex County Superior Court, Commonwealth of Massachusetts. Defendant Scott Bessent, who is Secretary of the Treasury, and the U.S. Department of Education removed the action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1442(a). Section 1442(a) authorizes removal by any officer of the United States or of any agency thereof, sued in an official or individual capacity for or relating to any act under color of such office. Because removal under Section 1442(a) extends to the entire case, the District Court had jurisdiction over all claims against all defendants, including Defendant-Appellee Ellen R. Patterson, who is not a federal officer. *See Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 185 (1st Cir. 2024).

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291, which confers jurisdiction over appeals from all final decisions of the district courts. On July 22, 2026, the district court entered an order granting all Defendants' motions to dismiss, thereby disposing of all claims against all parties. The order constitutes a final decision within the meaning of Section 1291.

Plaintiff-Appellant timely filed his notice of appeal on August 3, 2026, twelve days after entry of the district court's order and within the thirty-day period prescribed by Federal Rule of Appellate Procedure 4(a)(1)(A).

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Whether the District Court correctly dismissed Plaintiff-Appellant's Complaint against Defendant-Appellee Ellen R. Patterson for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), where the Complaint fails to assert a claim against Ms. Patterson and fails to include specific factual allegations regarding Ms. Patterson's alleged wrongful conduct.

2. Whether Plaintiff-Appellant has waived his right to request leave to amend.

3. Whether amendment would be futile because Ms. Patterson's dismissal is independently supported by *res judicata*, the applicable statute of limitations, and the inability of Ms. Patterson to provide the relief sought.

## STATEMENT OF THE CASE

Plaintiff-Appellant Peter Rumbin ("Rumbin") brings this case in an attempt to negate student loans he obtained nearly fifty years ago. This is not Rumbin's first attempt using the judicial system in an effort to avoid his student loan responsibilities. As to Defendant-Appellee Ellen Patterson ("Ms. Patterson"), however, this case is simple. Rumbin's Complaint identifies Ms. Patterson solely by her corporate title and contains no factual allegations of personal conduct that could potentially give rise to liability under any legal theory. As a result, the District Court correctly dismissed the claims against Ms. Patterson.

### I. Factual Background.

The Complaint is devoid of allegations pertaining to Ms. Patterson, individually or in her role at Wells Fargo. The sole factual allegation on the face of the complaint as to Ms. Patterson or Wells Fargo is as follows: "Wells Fargo Bank has paid billions of dollars in fines for its unjust and unfair credit behavior but has made billions of dollars in the conduct of this student loan business." Supp. App. 054. On this single allegation, Rumbin appears to contend that Ms. Patterson may be held personally liable in her capacity as Executive Vice President and General Counsel of Wells Fargo Bank, N.A.'s parent holding company, Wells Fargo & Co., for unspecified predatory lending practices. It is unclear how this single allegation regarding Wells Fargo's purported conduct relates to Ms. Patterson.

**II. Procedural Background.**

This matter originated in the Essex County Superior Court, Commonwealth of Massachusetts. Defendant Scott Bessent, who is Secretary of the Treasury, and the U.S. Department of Education removed the action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1442(a), which authorizes removal by any officer of the United States or of any agency thereof, sued in an official or individual capacity for or relating to any act under color of such office.

Before the case was removed to the District Court, Ms. Patterson filed a Motion to Dismiss in the Massachusetts Superior Court. The Motion to Dismiss was fully briefed in the State Court, and after removal was refiled in the District Court. The District Court granted Ms. Patterson's Motion to Dismiss, dismissing Rumbin's claims with prejudice.

## SUMMARY OF THE ARGUMENT

The District Court correctly dismissed Rumbin's Complaint against Defendant-Appellee Ellen R. Patterson. Rumbin's Complaint fails to state a claim upon which relief can be granted. The Complaint identifies Ms. Patterson solely by her corporate title—as Senior Executive Vice President and General Counsel of Wells Fargo & Co.—and contains no factual allegations whatsoever regarding Ms. Patterson. Under the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009),

and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. Here, there is no factual matter whatsoever connecting Ms. Patterson to Rumbin's alleged claims or purported injuries. She is not alleged to have taken any action, made any decision, or had any involvement in the events described in the Complaint. Accordingly, dismissal was proper.

Rumbin's argument on appeal—that the District Court erred by not granting him leave to amend—is waived. Rumbin never requested leave to amend in the District Court, and this Court has repeatedly held that a district court cannot be faulted for failing to grant leave to amend *sua sponte* when a plaintiff fails to request it. *See Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 327 (1st Cir. 2008). The cases Rumbin cites in support of his position are distinguishable and provide no basis for reversal.

Even if this Court were to consider whether amendment should have been permitted, any such amendment would be futile. Rumbin's claims are independently barred by: (1) *res judicata*, as Rumbin has previously litigated the validity of the same student loan debt and lost in the United States District Court for the District of Connecticut; (2) the applicable statutes of limitations, as any claims under the Truth in Lending Act or the Fair Debt Collection Practices Act accrued decades ago; and (3) the inability of Ms. Patterson to provide the relief Rumbin seeks, as neither Ms.

Patterson nor Wells Fargo holds Rumbin's debt or has any connection to the garnishment of his social security benefits.

For these reasons, this Court should affirm the District Court's dismissal of Rumbin's Complaint as to Ms. Patterson in its entirety and with prejudice.

## ARGUMENT

### I. Standard of Review.

This Court reviews "de novo a dismissal pursuant to Rule 12(b)(6)." *Thornton v. Ipsen Biopharmaceuticals, Inc.*, 126 F.4th 76, 80 (1st Cir. 2025). "When reviewing a district court's grant of a motion to dismiss for failure to state a claim, this Court 'may affirm on any independently sufficient grounds made manifest by the record.'" *Asociacion De Detallistas De Gasolina De Puerto Rico, Inc. v. Puerto Rico*, 138 F.4th 686, 693 (1st Cir. 2025) (quoting *Bower v. Egyptair Airlines Co.*, 731 F.3d 85, 92 (1st Cir. 2013)).

"[T]he propriety of dismissal under Rule 12(b)(6) turns on the complaint's compliance with Rule 8(a)(2) ...." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 8 (1st Cir. 2011). "Rule 8(a)(2) sets a relatively low bar for plaintiffs seeking to bring claims in federal court. But it is not a toothless pleading requirement." *Thornton*, 126 F.4th at 80. To comply with Rule 8—and survive a Rule 12(b)(6) motion—a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,'" *id.* (quoting *Twombly*, 550 U.S. at 556); a complaint must plead facts sufficient to "nudge [the plaintiff's] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. Additionally, the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545, 127 S. Ct. at 1959 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## II. The District Court Correctly Dismissed the Complaint Against Ms. Patterson for Failure to State a Claim.

Rumbin failed to allege facts to support a claim against Ms. Patterson personally or in her corporate capacity. The Complaint's deficiencies are obvious on the face of the Complaint, and dismissal was proper under either theory.

### A. The Complaint Fails to State a Claim Against Ms. Patterson in Her Personal Capacity.

Rumbin identifies Ms. Patterson solely by her corporate title—as "Senior Executive Vice President and General Counsel of Wells Fargo & Co." Supp. App. 049. There is not a single allegation of any personal conduct by Ms. Patterson. She is not alleged to have taken any action, made any decision, or had any involvement whatsoever in the events described in the Complaint. Under *Iqbal*, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." 556 U.S. at 678 (internal quotations omitted).

Here, there is no factual matter at all connecting Ms. Patterson to the alleged wrongdoing or Rumbin's alleged injuries. The Complaint does not allege that Ms. Patterson had any role in originating, servicing, or collecting Rumbin's student loans. It does not allege that she had any knowledge of Rumbin's existence. It does not allege that she took any action, directly or indirectly, that caused Rumbin harm. As pled, Ms. Patterson lacks notice of the grounds for relief for any claim against her in her personal capacity. The appropriate remedy for such failure is dismissal. *See Saxena v. Univ. of Massachusetts Med. Sch.*, 442 F. Supp. 3d 395, 398 (D. Mass. 2020) ("Dismissal is appropriate if plaintiff's well-pleaded facts do not 'possess enough heft to show that plaintiff is entitled to relief.'" (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008)).

**B. <u>The Complaint Fails to State a Claim Against Ms. Patterson in Her Corporate Capacity.</u>**

To the extent Rumbin attempts to name Ms. Patterson in her capacity as Executive Vice President and General Counsel of Wells Fargo & Co., that claim fares no better. Wells Fargo & Co. is a corporation organized under the laws of Delaware and a financial holding company and a bank holding company registered under the Bank Holding Company Act of 1956, as amended. *See* Wells Fargo & Co. 2024 Form 10-K, at https://www.wellsfargo.com/assets/pdf/about/investor-relations/sec-filings/2024/10k.pdf (last visited October 24, 2026).

Under Massachusetts law, Ms. Patterson, named in her capacity as a corporate officer, is entitled to the presumption of limited liability for any acts taken in her capacity as an executive on behalf of Wells Fargo & Co. *See, e.g.*, *Connolly Accuchem Corp. v. Eclectic Foods, Inc.*, 2001 Mass. App. Div. 205, at *3 (2001) ("[Defendant], as a corporate officer, had no legal liability for the corporate contractual debts which form the basis of [Plaintiff's] action herein."); *see also Williams v. Vanaria*, 2000 Mass. App. Div. 162 at *2 (2000) (collecting cases).

While corporate officers and directors may be held individually liable "for tortious activity in which they personally participate, even if they were acting on behalf of the corporation," there is no such allegation here. *New Ming Inc. v. Zhuang*, No. CV 22-11020-MPK, 2022 WL 17177736, at *4 n.7 (D. Mass. Nov. 23, 2022) (quoting *Chandra v. DeCaprio, et al.*, No. 1884-cv-00336-BLS2, 2022 WL 6299574, at *8 (Mass. Super. Ct. Apr. 19, 2022)); *see also Lyon v. Morphew*, 424 Mass. 828, 831 (1997). Because the Complaint is devoid of even *one single factual allegation as to Ms. Patterson's involvement in the facts giving rise to the claim* there is no legal basis to hold Ms. Patterson personally liable. The Court must dismiss the Complaint in its entirety, and with prejudice, as to her.

Because the Complaint states no claim against Ms. Patterson in either her personal or her corporate capacity, the District Court's dismissal was unquestionably correct, and this Court should affirm.

## III. Rumbin Waived Any Argument That He Should Be Allowed to Amend His Complaint.

In his opening brief, Rumbin argues that the District Court erred by not affording him the opportunity to amend his complaint. Appellant's Brief at 3. Unfortunately for Rumbin, he never requested leave to amend from the District Court.

When a plaintiff "fail[s] to request leave to amend, the district court cannot be faulted for failing to grant such leave *sua sponte*." *Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 327 (1st Cir. 2008); *see also Stand With US Ctr. for Legal Just. v. Massachusetts Inst. of Tech.*, 158 F.4th 1, 27 (1st Cir. 2025) (citing *Gray* for the same proposition). The "failure to raise the issue before the district court is fatal to the claim on appeal." *Maldonado v. Dominguez*, 137 F.3d 1, 11 (1st Cir. 1998). "[W]here a party has had an opportunity to seek to amend its pleadings in the district court, it is not appropriate for that party belatedly to seek leave to amend on appeal[.]" *Mills v. State of Me.*, 118 F.3d 37, 53 (1st Cir. 1997); *see also In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 58 F.4th 580, 585 (1st Cir. 2023) ("but [plaintiff] did not request leave to amend the complaint in the District Court and so cannot complain on appeal that he was improperly denied a chance to do so"); *Rinsky v. Cushman & Wakefield, Inc.*, 918 F.3d 8, 17 (1st Cir. 2019) ("We have 'repeatedly warned litigants that arguments not made initially to the district court cannot be raised on appeal'"); *Donovan v. City of Haverhill*, 311 F.3d 74, 76 (1st Cir. 2002)

(“plaintiffs failed to develop their argument [for seeking leave to amend] and, consequently, have waived it for purposes of appeal”).

Despite this clear precedent, Rumbin still argues the District Court erred by not affording him the opportunity to amend his complaint. The cases Rumbin cites supporting his request for leave to amend are distinguishable and thus unavailing. *Froman v. Davis*, the first case that Rumbin relies on, is easily distinguishable because the plaintiff-appellant in *Froman* moved to amend the complaint in the district court—which Rumbin did not do here. *Froman v. Davis* 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) (holding that it was an abuse of discretion for the district court to refuse “to grant the leave without any justifying reason” after the plaintiff had moved to amend).

The second case Rumbin relies on, *Silva v. Bieluch*, 351 F.3d 1045 (11th Cir. 2003), is also distinguishable. In *Silva*, the Eleventh Circuit held that “a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them <u>if ‘it appears a more carefully drafted complaint might state a claim upon which relief can be granted’</u> even if the plaintiff never seeks leave to amend.” *Id.* at 1048-49 (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added). Here, the defect with Rumbin’s complaint is not that it is inartfully drafted (although it is); rather, Rumbin’s complaint fails, at least as to Ms. Patterson, because he completely fails to allege facts to support a claim against Ms. Patterson,

*see* Section II above. Even if Rumbin did allege facts to support a claim against Ms. Patterson, the claim would still be dismissed based on *res judicata*, the applicable statute of limitations, and the fact that Ms. Patterson cannot give Rumbin his requested relief, *see* Section IV below. Finally, *Silva* is from the Eleventh Circuit, so it provides persuasive authority at best and is contradicted by existing First Circuit law. *See, e.g., Gray*, 544 F.3d at 327; *Maldonado*, 137 F.3d at 11; *Mills*, 118 F.3d at 53.

Because Rumbin failed to request leave to amend in the district court, he has waived his opportunity to argue that he should be granted leave to amend. The District Court cannot be faulted for failing to grant Rumbin leave to amend when Rumbin never sought that relief. Accordingly, the District Court did not abuse its discretion and this Court should sustain the District Court's decision to not *sua sponte* grant Rumbin leave to amend.

## IV. Rumbin's Claims Are Independently Barred by Res Judicata, the Statute of Limitations, and the Fact That Ms. Patterson Cannot Give Rumbin His Requested Relief

Even if the District Court should have *sua sponte* considered granting Rumbin leave to amend his complaint, the District Court's error was harmless because any amended complaint by Rumbin would be futile. Rumbin's claims against Ms. Patterson fail for at least three independent reasons: (1) the claims are barred by *res*

*judicata*; (2) the claims are barred by the applicable statute of limitations; and (3) the claims are barred because Ms. Patterson cannot give Rumbin his requested relief.

### A. Rumbin's Claims are Barred by *res judicata*.

Rumbin has litigated the debt at issue in this case since at least 1990. This Court should affirm the District Court's dismissal because the Complaint is barred by *res judicata* and Rumbin is estopped from arguing that his student loans are invalid or discharged due to a prior settlement with the federal government. As pled, Rumbin obtained student loans in the late-1970s. *See generally Compl.* (Sup. App. 32-167). Those loans consisted of a National Direct Student Loan ("NDSL")[2], a Federally Insured Student Loan ("FISL"), and two Guaranteed Student Loans ("GSLs").[3] *Id.*; *see also* Pet. for Cert., at 2. In 1987, the NDSL was declared to be in default and assigned to the U.S. Department of Education (the "Department of Education") for collection. *See* Pet. for Cert., at 10. Two years later, the United States commenced a lawsuit against Rumbin in the District of Connecticut for repayment of the NDSL, *id.*, which Rumbin claims resulted in a stipulated dismissal with prejudice in 1990 (the "1990 Dismissal"). *Id.*

[2] "NDSLs are loans funded directly by the Department of Education." *Rumbin v. Duncan*, No. 3:11-cv-904, 2014 WL 2881397, at *2 (D. Conn. 2014).

[3] GSLs in the amounts of $2,500 each were loaned by the Connecticut Savings Bank to Rumbin in 1977 and 1978. *Id.*

In 2011, the Department of Education allegedly began garnishing Rumbin's social security benefits to repay the GSLs that were assigned to it (separately from the NDSL) in 1998. At the time, Rumbin claimed that the NDSL, the FISL, and the GSLs were subject to the 1990 Dismissal and therefore should have been terminated. *Rumbin v. Duncan*, 3:11-CV-00904, 2016 WL 632440, at *2 (D. Conn. 2016). In response to the garnishment, Rumbin instituted litigation against the University of Chicago, an administrator that worked for the University of Chicago (together, the "Chicago-related Defendants"), then-Secretary of Education Arne Duncan, and then-Secretary of the Treasury Timothy Geithner (together, the "Government Parties") under a theory of *res judicata* pertaining to the 1990 Dismissal. *See Rumbin v. Duncan*, No. 3:11-CV-00904, 2014 WL 2881397 at *4 (D. Conn. 2014).

The United States District Court for the District of Connecticut granted summary judgment to the Chicago-related Defendants on June 25, 2014, finding that "the University did not originate those loans, and played no part in declaring them in default. In any event, the University cannot be called upon to answer for the actions of the Government in exercising administrative enforcement." *See Rumbin v. Duncan*, No. 3:11-CV-00904, 2014 WL 2881397, at *6 (D. Conn. 2014). Rumbin's remaining claims against the Government Parties were dismissed in 2016. The Court held that claim and issue preclusion as to the 1990 Dismissal did not bar

the Government Parties' from attempting to collect on the debt at issue in that case. *Rumbin v. Duncan*, No. 3:11-CV-00904, 2016 WL 632440 (D. Conn. 2016).

Thereafter, Rumbin appealed to the Second Circuit, which dismissed the appeal as "lack[ing] an arguable basis either in law or fact." *Rumbin v. Duncan*, No. 18-3488, 2019 WL 11689797 at *1 (2d Cir. 2019). Rumbin attempted to appeal to the United States Supreme Court, which denied his petition for certiorari. *Rumbin v. Devos*, 140 S. Ct. 2673 (2020).

Neither Ms. Patterson nor Wells Fargo was a party to the prior litigation.[4] However, when assessing issue preclusion, Massachusetts law "does not require mutuality of parties, so long as there is an identity of issues, a finding adverse to the party against whom it is being asserted, and a judgment by a court or tribunal of competent jurisdiction." *Bellerman v. Fitchburg Gas and Elec. Light Co.*, 470 Mass. 43, 60 (2014). For issue preclusion to apply, "the determination of the issues for which preclusion is sought must have been essential to the underlying judgment." *Id.*

Here, Rumbin seeks to re-litigate a decades-old issue. Namely, that the GSL loans were part of his negotiated resolution with the federal government in 1990.

[4] The Petition for a Writ of Certiorari attached to the Complaint names Wells Fargo as a respondent. However, the as-filed Petition for a Writ of Certiorari does not. *See generally* Pet. for Cert., *Rumbin v. Duncan*, No. 19-1113, 2019 WL 8301060 (2019).

The Court should determine that Rumbin cannot now seek to re-litigate the findings of the Connecticut District Court, which found that that the government was not barred from attempting to collect on the debt at issue in that case, the same debt that Ms. Patterson understands from the Complaint to be at issue in this case. Accordingly, this Court should dismiss Rumbin's claims with prejudice.

**B. <u>Rumbin's Claims are Barred by the Statute of Limitations.</u>**

The Complaint appears to suggest that this Court has power to grant relief against Ms. Patterson under a provision of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. §§ 5565 *et seq.* To the extent Rumbin seeks to bring claims under this statute, the potentially relevant federal consumer financial laws implicated by that statute include the Truth in Lending Act ("TILA") and the Fair Debt Collection Practices Act ("FDCPA"). Any claim brought under TILA or the FDCPA is time barred. Accordingly, Rumbin's proposed claims against Ms. Patterson are futile.

Under TILA, the statute of limitations applicable to a claim for money damages, which Rumbin appears to seek in this case, is one year from the date of the violation. 15 U.S.C. § 1640(e). Any violation under TILA relating to Rumbin's student loan debt taken out in 1978 or 1979 would necessarily have accrued by approximately 1980, Rumbin's claims have been time-barred for at least forty-four years. The statute of limitations for violation of the FDCPA is also one year. 15

U.S.C. § 1692k(d). In the light most favorable to Rumbin, a cause of action pertaining to any entity or person's attempt to collect on Rumbin's student loan debt accrued at latest, by 2011. Thus, any claim arising under that statute is likewise time barred and has been for at least fourteen years. As a result, Rumbin cannot state a claim as to Ms. Patterson, and this Court should affirm the District Court's decision.

### C. Ms. Patterson Cannot Give Rumbin His Requested Relief.

Rumbin's claims are additionally futile because Ms. Patterson cannot give any of the relief that Rumbin seeks—to the extent that he has not already received it.

Although it is difficult to discern exactly what Rumbin is alleging and what relief he seeks, it appears that he asks the Court to discharge his student loans and end the garnishment of his social security payments.

Notably, the Complaint does not allege that Ms. Patterson or Wells Fargo currently holds or ever did hold any of Rumbin's debt.[5] Accordingly, Ms. Patterson and Wells Fargo are not in a position to discharge Rumbin's debt. Likewise, the Complaint does not allege that Ms. Patterson and Wells Fargo caused or have anything to do with the garnishment of Rumbin's social security payments. As such,

[5] Although this fact falls outside of the pleadings, it is worth noting that Wells Fargo undertook a good faith search of its records to determine whether Mr. Rumbin ever had a loan or other account with Wells Fargo, and, after conducting this search, is unable to locate any records of a banking relationship with Mr. Rumbin based on the information that appears on the face of the Complaint.

no allegations support an inference that either Ms. Patterson or Wells Fargo are able to cease the garnishment of Rumbin's social security payments.

Because Ms. Patterson cannot provide Rumbin with the relief he seeks, this Court should affirm the District Court's decision.

## CONCLUSION

For the foregoing reasons, Defendant-Appellee Ellen R. Patterson respectfully requests that this Court affirm the District Court's order dismissing Plaintiff-Appellant's Complaint against her with prejudice. The Complaint is fatally deficient as a matter of law: it fails to allege any personal conduct by Ms. Patterson, Rumbin waived his right to seek leave to amend, and any amendment would be futile in light of *res judicata*, the applicable statutes of limitations, and Ms. Patterson's inability

to provide the relief Rumbin seeks. This Court should bring an end to this meritless litigation against Ms. Patterson and affirm the judgment below.

Respectfully Submitted,

*/s/ Judah H. Rome*

Judah H. Rome, Esq. #1215593
TROUTMAN PEPPER LOCKE LLP
One Financial Plaza, Suite 2800
Westminster Street
Providence, RI 02903
Phone: (401) 276-6433
Email: judah.rome@troutman.com
*Attorney for Defendant-Appellee*
*Ellen R. Patterson*

Dated: October 26, 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g) and First Circuit Rule 32.0, the undersigned counsel certifies as follows:

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains approximately 4175 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2026, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and will be sent to those indicated as non-registered participants via U.S. Mail as follows:

**Peter R. Rumbin**
87 Second Street
Hamden, CT 06514

*<u>/s/ Judah H. Rome</u>*
Judah H. Rome, Esq. #1215593
TROUTMAN PEPPER LOCKE LLP
One Financial Plaza, Suite 2800
Westminster Street
Providence, RI 02903
Phone: (401) 276-6433
Email: judah.rome@troutman.com

*Attorney for Defendant-Appellee Ellen R. Patterson*