**No. 26-1910**

**UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT**

**PETER R. RUMBIN,**
**PLAINTIFF-APPELLANT**

**v.**

**SCOTT BESSENT, ET AL.,**
**DEFENDANTS-APPELLEES**

**ON APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

# BRIEF OF DEFENDANTS-APPELLEES SCOTT BESSENT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE TREASURY, AND U.S. DEPARTMENT OF EDUCATION

**LEAH B. FOLEY**
**UNITED STATES ATTORNEY**

**EVE A. PIEMONTE**
**ASSISTANT U.S. ATTORNEY**
**JOHN JOSEPH MOAKLEY U.S. COURTHOUSE**
**1 COURTHOUSE WAY, SUITE 9200**
**BOSTON, MASSACHUSETTS 02210**
**(617) 748-3100**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

STATEMENT OF JURISDICTION .......... 1

STATEMENT OF ISSUES .......... 2

STATEMENT OF THE CASE .......... 2

SUMMARY OF ARGUMENT .......... 4

ARGUMENT .......... 5

I. The District Court Properly Dismissed Rumbin's Complaint For Failure To State A Claim Upon Which Relief May Be Granted .......... 5

II. The Federal Defendants Enjoy Sovereign Immunity To Bar Rumbin's Claims Against Them .......... 8

III. Res Judicata Barred Rumbin From Relitigating His Claims .......... 11

IV. For The First Time On Appeal, Rumbin Requests Leave To File An Amended Complaint Or To Transfer His Case To The Court Of Federal Claims, Which May Not Be Considered For The First Time On Appeal .......... 13

CONCLUSION .......... 15

CERTIFICATE OF COMPLIANCE .......... 16

CERTIFICATE OF SERVICE .......... 17

# TABLE OF AUTHORITIES

## CASES

*Abdelalim Mostafa v. U.S. Sec. & Exch. Comm'n*,
No. 1:24-cv-00164 (UNA), 2024 WL 1701551 (D.D.C. Apr. 15, 2024) ............ 9

*Ashcroft v. Iqbal*,
556 U.S. 662 678, (2009) ........................................................................ 6, 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................. 6

*Cochran v. Quest Software, Inc.*,
328 F.3d 1 (1st Cir. 2003) ........................................................................ 14

*Dworman v. PHH Mortg. Servs.*,
No. 25-1407, 2026 WL 3151247 (1st Cir. Oct. 21, 2026),
*cert. denied*, ––– U.S. ––––, 145 S. Ct. 1206, 221 L.Ed.2d 277 (2025) ............ 14

*FAA v. Cooper*,
566 U.S. 284 (2012) .................................................................................. 8

*FDIC v. Meyer*,
510 U.S. 471 (1994) ............................................................................... 8, 9

*Kendell Seafood Imports, Inc. v. Mark Foods, LLC*,
171 F.4th 122 (1st Cir. 2026) .................................................................... 5

*Mahon v. United States*,
742 F.3d 11 (1st Cir. 2014) ....................................................................... 8

*McCloskey v. Mueller*,
446 F.3d 262 (1st Cir. 2006) ..................................................................... 8

*Rotkiske v. Klemm*,
589 U.S. 8 (2019) ...................................................................................... 9

*Rumbin v. DeVos*,
590 U.S. 905, 140 S. Ct. 2673, 206 L. Ed. 2d 825 (2020) ................................ 12

*Rumbin v. Duncan*,
No. 3:11-cv-00904 (CSH), 2016 WL 632440 (D. Conn. Feb. 17, 2016) ...........12

*Rumbin v. Duncan*,
No. 11-cv-00904, 2014 WL 2881397 (D. Conn. June 25, 2014) .......................3, 4

*Rumbin v. Duncan, et al.*,
No. 18-3488, 2019 WL 11689797 (2d Cir. July 8, 2019) ..................................12

*Silva v. City of New Bedford*,
660 F.3d 76 (1st Cir. 2011) ..........................................................................11, 12

*Taylor v. Sturgell*,
553 U.S. 880, 128 S. Ct. 2161, 171 L.Ed.2d 155 (2008) ..................................11

*TMTV, Corp. v. Mass Prods., Inc.*,
645 F.3d 464 (1st Cir. 2011) ........................................................................12, 13

*Trivedi v. Gen. Elec. Co.*,
No. 19-cv-11862-PBS, 2020 WL 9744754 n.11 (D. Mass. Aug. 13, 2020)
*report and recommendation adopted*, No. 19-11862-PBS, 2021 WL 2229088
(D. Mass. May 27, 2021) ................................................................................ 9

*United States v. George*,
886 F.3d 31 (1st Cir. 2018) ..............................................................................11

*United States v. Trahan*,
111 F.4th 185 (1st Cir. 2024) ............................................................................14

*Wagstaff v. U.S. Dep't of Educ.*,
509 F.3d 661 (5th Cir. 2007) ........................................................................... 9

## STATUTES

15 U.S.C. § 1692a(6)(C) ..................................................................................10

28 U.S.C. § 1291 ....................................................................................1, 2, 3

28 U.S.C. § 1331 ..................................................................................... 1

28 U.S.C. § 1346(a)(2) ..................................................................................10

28 U.S.C. § 1367 .................................................. 1

28 U.S.C. § 1441 .................................................. 1

28 U.S.C. § 1442(a)(1) .................................................. 1

28 U.S.C. § 1491(a)(1) .................................................. 10

**RULES**

First Cir. Loc. R. 30.0(d)(1) .................................................. 1

Fed. R. Civ. P. 12(b)(1) .................................................. 8

Fed. R. Civ. P. 12(b)(6) .................................................. 5, 6, 7

Fed. R. Civ. P. 8 .................................................. 4, 7

## STATEMENT OF JURISDICTION

The district court had subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1442(a)(1). Plaintiff-Appellant Peter R. Rumbin (Rumbin) brought a civil action in state court against Defendants-Appellees Scott Bessent, in his official capacity as Secretary of the Treasury, and the U.S. Department of Education (together, the "Federal Defendants"), and against several private defendants, alleging conduct related to student loans he obtained approximately fifty years ago. D.1-1 at 2–3; D.27 at 1.[1,2] The Federal Defendants removed the action to the United States District Court for the District of Massachusetts, and filed a motion to dismiss. D.1, D.7–8. The district court allowed all defendants' motions to dismiss, *see* D.7, D.8, D.9, D.16, and entered judgment in favor of all defendants on July 22, 2026. D.28.

Rumbin timely filed a notice of appeal on August 13, 2026. D.30. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

[1] Citations are as follows. The citation "[D.]" refers to a docket entry. The citations "[App.]", "[Add.]", and "[Br.]" refer to Plaintiff-Appellant's appendix, addendum, and opening brief, respectively.

[2] Rumbin did not file an appendix, *see* First Cir. R. 30.0(d)(1), and therefore the Federal Defendants' brief cites to the district court docket.

## STATEMENT OF ISSUES

1. The district court properly dismissed Rumbin's Complaint for failure to state a cause of action against the Federal Defendants.

2. The United States has not waived its sovereign immunity for the statutory claims Rumbin seeks to assert against the Federal Defendants, for which there is no private right of action, and dismissal of these claims for lack of jurisdiction is appropriate.

3. Rumbin's claims against the Federal Defendants are precluded by the doctrine of *res judicata*.

4. Rumbin's requests for leave to amend his complaint or to allow a motion to transfer his claims to the Federal Court of Claims may not be considered for the first time on appeal.

## STATEMENT OF THE CASE[3]

Rumbin attended the University of Chicago from 1977 to 1978. D.27 at 2. He received a Basic Educational Opportunity Grant (BEOG), which is now known as a Pell grant, a National Direct Student Loan (NDSL), and two Guaranteed Student Loans (GSL). *Id.* Rumbin alleged that the University of Chicago "pocketed the funds," rather than apply the Pell grant funds toward his education bill. *Id.* at 2–3.

[3] This Statement of Facts summarizes the district court's memorandum and order dismissing Rumbin's Complaint as relevant to the Federal Defendants. D.27 at 2–15.

According to Rumbin's Complaint, in 1989, the U.S. Department of Treasury (Treasury Department) and the U.S. Department of Education (Department of Education) brought suit against him in federal court for nonpayment of his NDSL and another student loan. *Id*. at 3. The matter was resolved by a stipulated dismissal with prejudice, and Rumbin claims that his loans from the University of Chicago were included in the settlement. *Id*.

Despite this settlement, Rumbin alleges the Treasury Department began offsetting his income in 2011, causing him significant hardship. *Id*. In 2011, Rumbin sued the Treasury Department, the Department of Education, and the University of Chicago in the United States District Court for the District of Connecticut (Connecticut district court). *Id*. *See also Rumbin v. Duncan*, No. 11-cv-00904, 2014 WL 2881397 (D. Conn. June 25, 2014). Summary judgment was granted in favor of the University of Chicago, and on the Federal Defendants' renewed motions to dismiss. *Id*. at 3–4. Rumbin appealed to the United States Court of Appeals for the Second Circuit, and the appeal was dismissed; he sought certiorari from the Supreme Court, which was denied. *Id*. at 4.

On March 24, 2025, Rumbin received a letter from the Department of Education notifying him that his Borrower Defense to Repayment application had been approved in connection with the class action settlement in *Sweet v. Cardona*, No. 19-cv-03674 (N.D. Cal. filed June 25, 2019). *Id*. In his Complaint, Rumbin

alleges that the March 2025 letter absolves him of financial liability "now and in the future," and he seeks damages for what he alleges was "predatory lending [which] disrupted his education, career development, creditworthiness, and lifetime earnings," for which he seeks damages. *Id.*

## SUMMARY OF ARGUMENT

Rumbin's Complaint failed to meet the pleading requirements under Federal Rule of Civil Procedure 8. He failed to identify his claims and the relief he sought as to the Federal Defendants, and utterly failed to provide a sufficient factual basis for his claims against them.

The district court lacked jurisdiction over any statutory claims that might have been gleaned from Rumbin's Complaint. The United States has not waived its sovereign immunity with respect to those claims, and no statutory private right of action exists against the Federal Defendants. To the extent that Rumbin attempted to assert a breach of contract claim against the Federal Defendants, the district court lacked jurisdiction over those claims, too, which lies exclusively with the U.S. Court of Federal Claims.

Rumbin's claims that the Treasury Department wrongfully offset his income payments based on his debt to the Department of Education, were raised and rejected in a prior matter in the Connecticut district court, and thus are barred by the doctrine of *res judicata*.

Finally, for the first time on appeal, Rumbin asserts that he should be permitted to amend his complaint, or alternatively that his claims against the Federal Defendants should be transferred to the Court of Federal Claims. Rumbin never requested this relief in the district court, and it cannot be considered for the first time on appeal.

## ARGUMENT

### I. The District Court Properly Dismissed Rumbin's Complaint For Failure To State A Claim Upon Which Relief May Be Granted

The Court reviews *de novo* the district court's dismissal of a complaint for failure to state a claim. *Kendell Seafood Imports, Inc. v. Mark Foods, LLC*, 171 F.4th 122, 124 n.2 (1st Cir. 2026) (citation omitted). It will "accept the complaint's well-pleaded facts as true and draw all reasonable inferences in the pleader's favor." *Id*. "When assessing the plausibility of the complaint, this court uses a two-pronged approach, first "distinguishing the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited), and then determining whether the credited factual allegations are sufficient to support the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The district court followed this approach in assessing Rumbin's Complaint, and properly found that the Complaint failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rumbin failed to "succinctly set forth as to

each defendant what he claims they did (or failed to do), where it occurred, when it occurred, and the relief he [sought] from each defendant." *See* D.27 at 9. In addition to failing to "clearly identify the claims and relief" he sought from the Federal Defendants, Rumbin failed to "provide sufficient factual bases for each of the elements of the claims that he assert[ed]." *See id.*

Simply put, Rumbin failed to sufficiently plead facts that plausibly stated any claim for relief against the Federal Defendants, and the district court's dismissal of the Complaint was appropriate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Rumbin asserts that "[i]f the Judge can understand these claims, and articulate them, then there isn't a failure to state a cause of action that is fatal enough to dismiss this case." Pl. Br. at 3. But this is not the pleading standard. Although Rumbin cited the "FCPA"[4] and the Consumer Financial Protection Act in his Complaint, he failed to allege that the Federal Defendants violated these acts, or how they did so. D.27 at 7; *id.* at n.5. Indeed, Rumbin "fail[ed] to identify any specific claims against any of the named Defendants." *Id.* at 9.

[4] As the district court noted, Rumbin's citation to the "FCPA" was a reference either to the Foreign Corrupt Practice Act (FCPA) or the Fair Debt Collection Practices Act (FDCPA). D.5 at 5, n.4.

Thus, Rumbin's Complaint failed as a matter of law. The Complaint, "written in narrative form," made "vague assertions—particularly concerning conduct that presumably took place 50 years ago," and failed to "specify under what actionable legal theory he [sought] relief," and failed to "state how that legal theory applie[d] to [d]efendants' conduct generally, or distinguish the alleged actions of each Defendant that he contend[ed] amounted to predatory lending." *Id.* at 9. As the district court aptly found: "while [Rumbin's] allegations are written in narrative style, his account of relevant events is discombobulated to the point where it is difficult to ascertain his past or present factual situation" or how the defendants, collectively, were involved.[5] *Id.* at n.6. The same holds true on appeal.

As such, the district court properly concluded that Rumbin's Complaint failed to meet the pleading standards of Federal Rule of Civil Procedure 8, and dismissal was required for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Although the district court was "sympathetic to [Rumbin's] circumstances," it properly determined that it could not "rewrite Plaintiff's pleadings or ferret out potential legal theories under which he might be able to proceed." [CITE]

Dismissal of Rumbin's case was proper and should be affirmed.

---

[5] The district court noted this was so particularly for Rumbin's claims against co-defendants Cann and Patterson.

## II. The Federal Defendants Enjoy Sovereign Immunity To Bar Rumbin's Claims Against Them

The district court lacked jurisdiction over Rumbin's claims against the Federal Defendants because the United States has not waived its sovereign immunity for the claims he asserts. Fed. R. Civ. P. 12(b)(1). Absent a waiver, sovereign immunity bars suits "against the United States, its agencies, or federal officers sued in their official capacities." *McCloskey v. Mueller*, 446 F.3d 262, 272 (1st Cir. 2006).

Rumbin had the burden of proving a waiver of sovereign immunity, and he failed to do so. *Mahon v. United States*, 742 F.3d 11, 14 (1st Cir. 2014). To sue a federal agency (such as the Department of Education) or a federal employee in his official capacity (such as Secretary Bessent), Rumbin was required to identify an express waiver in the text of a federal law and to show that his claim fell within its scope. *See FAA v. Cooper*, 566 U.S. 284, 290 (2012) ("a waiver of sovereign immunity must be 'unequivocally expressed' in statutory text"). He failed to do so, and the district court properly dismissed Rumbin's claims for lack of jurisdiction. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

In his Complaint, Rumbin supported his claims against defendants by citing the "FCPA," *see supra* n. 4, and the Consumer Financial Protection Act. D.1 at 4 ("The FCPA empowers this court to grant any appropriate or equitable relief with respect to violations of federal consumer financial law, the refund of monies, disengagement, or compensation for unjust enrichment, and civil money

penalties."); *id.* (referencing "Dodd-Frank Consumer Protection Act" as basis for a "[c]ounter suit"). As applicable to the Federal Defendants, he did not, however, identify a clear and unequivocal waiver of the federal government's immunity from suit. Nor could he. Neither the Foreign Corrupt Practices Act nor the Consumer Financial Protection Act waives the sovereign immunity of the United States, nor do the statutes include a private right of action to enforce their statutory terms. *See Abdelalim Mostafa v. U.S. Sec. & Exch. Comm'n*, No. 1:24-cv-00164 (UNA), 2024 WL 1701551, at *2 (D.D.C. Apr. 15, 2024) ("the FCPA does not provide a private right of action"); *Trivedi v. Gen. Elec. Co.*, No. 19-cv-11862-PBS, 2020 WL 9744754, at *10 n.11 (D. Mass. Aug. 13, 2020) ("There is no private right of action to bring a direct claim under the Consumer Financial Protection Act."), *report and recommendation adopted*, No. 19-11862-PBS, 2021 WL 2229088 (D. Mass. May 27, 2021).

Construing Rumbin's *pro se* complaint liberally, the district court considered that Rumbin may have attempted to assert a claim under the Fair Debt Collection Practices Act (FDCPA), which "authorizes private civil actions against debt collectors who engage in certain prohibited practices." *Rotkiske v. Klemm*, 589 U.S. 8, 9 (2019). However, that claim also fails against the Federal Defendants, because Congress did not waive the federal government's sovereign immunity in the FDCPA. *See Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007)

("because the FDCPA does not contain an unequivocal and express waiver of sovereign immunity, the district court correctly held that it lacked subject matter jurisdiction in this case"). Indeed, the law exempts from its definition of "debt collector" "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C).

Finally, insofar as Rumbin sought in the district court to assert a breach of contract claim against the Federal Defendants based on their alleged violation of a "stipulated agreement," D.1-1 at 4, the district court lacked jurisdiction over that claim as well. Although the Tucker Act waives the federal government's sovereign immunity for lawsuits that are founded upon contracts with the United States and that exceed $10,000 in value, such claims must be brought in the United States Court of Federal Claims—not a United States District Court. 28 U.S.C. § 1491(a)(1); 28 U.S.C. § 1346(a)(2). And in the district court, Rumbin claimed that the offsets by the Treasury Department amounted to $12,000 to $14,000, placing the value of his claims exclusively within the jurisdiction of the Court of Federal Claims. D.1-1 at 10.

The United States did not waive its sovereign immunity for claims under the Foreign Corrupt Practices Act or the Consumer Financial Protection Act, which do not provide for a private right of action. Congress also did not waive the federal

government's sovereign immunity in the FDCPA, which exempts an officer or employee of the United States to the extent that collecting or attempting to collect any debt is in the performance of the individual's official duties. And Rumbin's claims that the Treasury Department offsets to his Social Security income constituted a breach of contract lie exclusively within the jurisdiction of the Court of Federal Claims.

The district court's holdings that Rumbin's claims were barred both by the doctrine of sovereign immunity and by lack of a private right of action were proper, *see* D.27 at 10, and dismissal of the case appropriate.

## III. *Res Judicata* Barred Rumbin From Relitigating His Claims

In dismissing the Federal Defendants, the district court did not decide whether *res judicata* applied to preclude Rumbin's claims. However, this Court may "affirm a district court's judgment on any ground made manifest by the record, whether or not that particular ground was raised below." *United States v. George*, 886 F.3d 31, 39 (1st Cir. 2018) (citations omitted). The Federal Defendants moved for dismissal of Rumbin's claims against them based on the doctrine of *res judicata*, and the record supports dismissal of Rumbin's claims against the Federal Defendants on this basis.

"The doctrine of *res judicata* includes both claim preclusion and issue preclusion." *Silva v. City of New Bedford*, 660 F.3d 76, 78 at n.1 (1st Cir. 2011) (citing *Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161, 2170 & n. 5, 171 L.Ed.2d

155 (2008)). "Classically, claim preclusion applies only where there is (1) a prior final judgment on the merits (2) on the same or sufficiently identical claims (3) between the same parties or their privies." *TMTV, Corp. v. Mass Prods., Inc.*, 645 F.3d 464, 473 (1st Cir. 2011) (citation omitted). Relying "on the preclusive effect of a federal judgment," federal claim preclusion applies to bar Rumbin's claims against the Federal Defendants. *Silva*, 660 F.3d at 78.

Years before filing his action in the district court, Rumbin sued the then-Secretary of Education and then-Secretary of the Treasury in the Connecticut district court claiming—as he has in the instant action—that the Treasury Department wrongfully made deductions from his monthly Social Security payments based on student loan debt he claimed he did not owe to the Department of Education. *See Rumbin v. Duncan*, No. 3:11-cv-00904 (CSH), 2016 WL 632440 (D. Conn. Feb. 17, 2016). The Connecticut district court considered Rumbin's claims against the Department of Education and the Treasury Department, and dismissed them with prejudice. *Id*. at *5. Rumbin appealed the decision, and the United States Court of Appeals for the Second Circuit dismissed the appeal "because it lack[ed] an arguable basis either in law or in fact." *Rumbin v. Duncan, et al.*, No. 18-3488, 2019 WL 11689797 (2d Cir. July 8, 2019). Rumbin petitioned the United States Supreme Court for writ of certiorari, which was denied. *Rumbin v. DeVos*, 590 U.S. 905, 140 S. Ct. 2673, 206 L. Ed. 2d 825 (2020).

*Res judicata* precluded Rumbin from relitigating his claims in the district court. Dismissal of Rumbin's prior suit, with prejudice, was plainly "a final judgment on the merits." *TMTV,* 645 F.3d at 473. Both actions involved the "same or sufficiently identical claims," and both the Treasury Department and the Department of Education were defendants. *Id.*

The claims against the Federal Defendants are thus barred by *res judicata*, which provides an additional basis for the district court's dismissal of Rumbin's Complaint.

## IV. For The First Time On Appeal, Rumbin Requests Leave To File An Amended Complaint Or To Transfer His Case To The Court Of Federal Claims, Which May Not Be Considered For The First Time On Appeal

For the first time on appeal, Rumbin asserts error in the district court's judgment on the grounds that he "should [have been] granted leave to amend the complaint" and allowed to "transfer this case and file it with the Federal Court of Claims in Washington, DC. (sic) or, in the alternative, [granted] leave to request a waiver from the federal government." Pl. Br. at 6–7. Rumbin never asked the district court for leave to amend his complaint, nor did he ask the district court to transfer the case to the Court of Federal Claims. He cannot ask this Court to do so now.

"[I]t is a virtually ironclad rule that a party may not advance for the first time on appeal either a new argument or an old argument that depends on a new factual

predicate." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11–12 (1st Cir. 2003) (citations omitted). Nor does the district court record contain any "basis for a departure from this settled practice." *Id.*

At bottom, Rumbin seeks to reassert claims against the Federal Defendants which have been adjudicated, appealed, and for which final judgment has entered. Rumbin "first raises this argument on appeal, and it is thus forfeited." *Dworman v. PHH Mortg. Servs.*, No. 25-1407, 2026 WL 3151247, at *7 (1st Cir. Oct. 21, 2026) (citing *United States v. Trahan*, 111 F.4th 185, 193 (1st Cir. 2024) (arguments raised first on appeal are forfeited), *cert. denied*, ––– U.S. ––––, 145 S. Ct. 1206, 221 L.Ed.2d 277 (2025). But even if the Court considers these new arguments, they fail for the reasons set forth above.

## CONCLUSION

For the foregoing reasons, the Federal Defendants respectfully request that the Court affirm the district court's dismissal of Rumbin's Complaint and entry of judgment in their favor.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: */s/ Eve A. Piemonte*
Eve A. Piemonte
Assistant U.S. Attorney
(First Cir. Bar No. 37638)
U.S. Attorney's Office
1 Courthouse Way, Ste. 9200
Boston, MA 02210
(617) 748-3100
Eve.Piemonte@usdoj.gov

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

## Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,255 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Times New Roman 14 point, in Microsoft 365, version 2609.

*/s/ Eve A. Piemonte*
Eve A. Piemonte
Assistant U.S. Attorney

Date: November 16, 2026

# CERTIFICATE OF SERVICE

I, Eve A. Piemonte, hereby certify that on November 16, 2026, the foregoing brief was filed and served electronically on all counsel of record as identified on the Notice of Electronic Filing and will be sent to those indicted as non-registered participants via FedEx as follows:

Peter R. Rumbin
87 Second Street
Hamden, CT 06514

*/s/ Eve A. Piemonte*
Eve A. Piemonte
Assistant U.S. Attorney